1  DAVID J. COHEN, ESQ.
   California Bar No. 145748
2  **BAY AREA CRIMINAL LAWYERS, PC**
3  300 Montgomery Street, Suite 660
   San Francisco, CA 94104
4  Telephone:  (415) 398-3900

5  Attorneys for Defendant **Emilio Lara**

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9
   UNITED STATES OF AMERICA,          )   Case No.  CR-15-00039-GEB
10                                     )
11            Plaintiff,               )   **MR. LARA'S REPLY TO OPPOSITION**
                                       )   **TO MOTION TO COMPEL DISCOVERY**
12  v.                                 )
                                       )   Date:   June 8, 2017
13  EMILIO LARA,                       )   Time:  2:00 p.m.
                                       )
14            Defendant.               )   Hon. Edmund F. Brennan
15  _____)

16  **I.      INTRODUCTION**

17          In its opposition, the government has contested both the relevance of the materials sought by

18  Mr. Lara as well as the very fact that they exist. Herein, Mr. Lara briefly addends his explanation of

19  the materials' relevance and provides legal authority in support thereof. However, because there

20  appears to be some confusion over the actual nature of the materials sought and their existence in

21  the government's possession, Mr. Lara proposes both he and the government be permitted an

22  opportunity to further meet and confer and resolve the lingering questions as to the existence of the

23  documents he seeks.[1] This further conference will prevent unnecessary litigation before the Court,

24

25

26  _____

27  [1]In order to facilitate prompt resolution of the remaining discovery issues in this case, by June 6,
    2017, Mr. Lara intends to provide to the AUSA a detailed discovery request reflective of the parties'
28  discussions thus far that will specifically seek those materials whose existence is indicated by documents
    within counsel's files.

Mr. Lara's Reply to Opposition to Motion to Compel Discovery
*U.S. v. Lara,*
Case No. CR-15-00039-GEB                    1

and in the event that the parties determine no materials exist, will absolve this Court of the need to determine the relevance and discoverability of the materials. Additionally, in the event that the parties are unable to resolve the factual and legal issues and a hearing before the Court is required, the present discovery motion should be heard by an Article III judge, not an Article I magistrate judge. This procedural complication also favors conference by the parties for the sake of judicial expediency and to avoid a waste of court resources on matters that may need not be addressed.

Consequently, Mr. Lara requests he and the government be permitted an opportunity to meet and confer on the discovery issues raised in his motion. In the event that this conference reveals an unresolvable disagreement as to the existence of outstanding discovery materials or the materials' discoverability, proceedings may continue and the legal issues may be resolved by the appropriate Court. If, on the other hand, either the parties confirm that no relevant materials exist in the government's possession or the government agrees with Mr. Lara as to the production of specifically identified materials, no hearing will be required and Mr. Lara's motion can be fully withdrawn.

**II.    FURTHER CONFERENCE WILL ENABLE THE PARTIES TO MAKE A SPECIFIC DETERMINATION OF THE EXISTENCE OF MATERIALS THAT EXIST IN THE GOVERNMENT'S POSSESSION.**

The government asserts in its opposition that it has turned over all interviews conducted by investigating agents. In prior discussions, AUSA Kelley indicated that neither he nor the IRS investigator he queried knew of a civil investigation predating or running concurrent to the criminal investigation in this case.[2] However, records clearly indicate the beginning of investigative proceedings at least as early as 2009, with an IRS audit of Mr. Lara's personal 2010 returns, a March of 2011 monitoring visit by an IRS compliance representative, a May of 2011 IRS reprimand, and a submission of an IRS form 3949A referencing fraudulent returns for Mr. Lara's undocumented

---

[2]The opposition itself avoids making any representations as to any civil investigation.

clients. Mr. Lara believes further conference between the parties will allow both parties to adequately determine precisely what materials exist in the government's possession and, specifically, whether any additional interviews were conducted.

### III.      THE REQUESTED MATERIALS ARE RELEVANT AND EXCULPATORY.

The government also argues that, even if the requested materials are in its possession, those materials would not be discoverable because they are neither exculpatory nor material to Mr. Lara's defense. Mr. Lara contends this legal dispute need only be resolved if, after further conference between the parties, materials are identified as existing and the government still refuses to disclose them. In such a situation, the parties can provide more detailed legal briefing tied directly to the materials at issue, and the appropriate Court can rule upon the question. Mr. Lara believes that further conference will eliminate the need for this procedure. However, Mr. Lara does presently note the fundamental infirmity in the government's claim that interviews of clients whose returns were accurately filed and who disclosed Mr. Lara's honest assistance in the filing of their returns.

The government argues that any additional interviews with Mr. Lara's clients would not be admissible under Fed. R. Evid. 404 or 405. But this claim fails to recognize that government interviews with clients of Mr. Lara who spoke to his credibility is likely to lead to the type of reputation evidence rendered admissible by Rule 404(a)(2)(A), as well as the fact that evidence of specific acts is admissible on questions of intent, knowledge, and lack of accident under Rule 404(b)(2). More importantly, the ultimate admissibility of the materials Mr. Lara seeks has no bearing on the discoverability of those underlying materials, which is rendered by their value to the defense in further investigation and development of defense theory (and not their actual admissibility at trial). *United States v. Olsen*, 704 F.3d 1172, 1184 (9th Cir. 2013); *United States v. Price*, 566 F.3d 900, 911-912 (9th Cir. 2009); *Paradis v. Arave*, 240 F.3d 1169, 1178-1179 (9th Cir. 2001).

While the government is unable to cite controlling Ninth Circuit authority for its position that evidence of Mr. Lara's lawful tax return assistance is not discoverable when he has been charged with making false representations in his clients' returns, Mr. Lara's motion itself pointed to two such cases supporting the legal principle that materials unrelated to the instant offense should be disclosed to the defense where they support an alternative, lawful explanation for the defendant's conduct. *See*, *e.g.*, *United States v. Jernigan*, 492 F.3d 1050, 1057 (9th Cir. 2007); *United States v. Stever*, 603 F.3d 747, 753 (9th Cir. 2010).

Surprisingly, the government's opposition claims that it does not allege Mr. Lara engaged in a "criminal scheme to defraud." Opposition at 6. It does so in order to argue that lawful and honest assistance with clients' tax return preparation is not exculpatory for a defendant charged with unlawfully and dishonestly preparing clients' tax returns. Yet the opposition also claims the IRS investigation "suggests the vast majority of Lara's returns contain false representations." *Id*. at 4. The government cannot allege Mr. Lara's widespread duplicity and expansive criminal fraud while in the same breath asserting that materials contradicting that narrative are irrelevant to the preparation of his defense. Even in one of the unpublished cases cited by the government, the Court noted that while the district court may have erred in excluding evidence of accurate returns because of the prosecution's claim the defendant had engaged in "a scheme to file mostly false returns," the error there happened to be made harmless by the jury's ability to render separate verdicts on individual counts (showing they had been able to distinguish between different instances of intent). *United States v. Diallo*, 483 F. App'x 207, 208 (6th Cir. 2012) (unpublished). So too has the Sixth Circuit declared, in analogous circumstances, not that it was correct to deny a defendant the ability to present evidence of his accurate tax return filings, but that any error in preventing him the opportunity to do so was harmless due to the weight of the evidence against him. *United States v. Daulton*, 266 F.

App'x 381, 386-87 (6th Cir. 2008). And the Sixth Circuit has recognized that patterns of unrelated financial conduct suggesting the defendant had not acted willfully in committing tax fraud can be critical evidence for the defense. *United States v. Abboud*, 438 F.3d 554 (6th Cir. 2006); *see also U.S. v. Smith*, 890 F.2d 711 (5th Cir. 1989). The Sixth Circuit's law should not be interpreted to prevent Mr. Lara from even obtaining discovery that may work to help him develop a defense to the fraudulent tax return preparation business the government alleges he operated.

Mr. Lara assisted thousands of clients with thousands of returns, and the government alleges that the random sampling suggests many of those thousands of returns included fraudulent deductions and representations. The government does not have any direct evidence of Mr. Lara's intent to defraud the IRS. Undoubtedly, the government will aim to show Mr. Lara's willfulness in the charged counts through the magnitude of his conduct, pointing to the extent of his scheme and the fact that a random sampling of his returns uncovered so many misrepresentations (the government has already made just those claims). Mr. Lara must be permitted an opportunity to refute the government's allegations, and if he can show to a jury that the returns selected by the government for prosecution are aberrations from his normal conduct, he will be able to defend against the charges of wilfulness. Just as consistency in a defendant's misrepresentations in his returns is evidence of his wilfulness (*United States v. Frank*, 245 F.2d 284, 287-88 (3d Cir. 1957)), so too should consistency in a defendant's accuracies be evidence of a lack of wilfulness in those returns that include errors. In fact, if the government has obtained evidence showing Mr. Lara routinely employed the exact same mechanisms for calculating deductions, such evidence, which would be admissible on the question of wilfulness, may at the same time be used to show the fundamental misunderstanding of the law under which Mr. Lara operated in preparing returns. By disclosing it's interviews with lawfully represented clients, the government will be providing to Mr. Lara key

materials that will assist him in preparing such a defense.

Should it become necessary following conference between the parties, Mr. Lara is able to supply further briefing on this legal question of the discoverability of the materials he has requested.

**IV.     SHOULD THESE DISCOVERY ISSUES REQUIRE LITIGATION, THE HEARING SHOULD BE HEARD BY AN ARTICLE III JUDGE, AND NOT AN ARTICLE I MAGISTRATE.**

On February 10, 2017, Judge Burrell directed that all Rule 12 motions to be heard before him be filed by April 21, 2017. Mr. Lara initially filed his motion to compel discovery before Judge Burrell, who then directed it be referred to the magistrate. At Judge Burrell's direction, Mr. Lara filed an amended notice of hearing before this Court on May 12, 2017.

Mr. Lara does not seek to inundate this Court with unnecessary litigation, and endeavors through his proposed course of action to resolve any discovery issues informally to the extent possible. However, in the event that further conference between the parties does not result in agreement as to the existence or discoverability of additional materials, a hearing on Mr. Lara's motion to compel discovery should be heard not by the present magistrate judge, but by the Article III judge presiding over the proceedings, Judge Burrell. While Local Rule 302(b)(1) directs, and 28 U.S.C.S. § 636(b)(1)(A) permits, many pretrial matters be heard by the magistrate judge, neither can serve to circumvent the constitutional jurisdiction vested in Article III judges.

The issues raised by Mr. Lara's motion to compel go to his core defense at trial and turn on the likely dispositive determination of what defense theory he will be able to present to the jury. While 28 U.S.C.S. § 636(b)(1)(A) permits many pretrial matters to be referred to a magistrate for determination, its list of matters that cannot be delegated to a magistrate is not exhaustive, as a criminal defendant maintains a due process right to have an Article III judge preside over the critical stages of his felony proceedings. *Peretz v. United States*, 501 U.S. 923, 929 (1991); *Hunt v. Pliler*,

384 F.3d 1118, 1123 (9th Cir. 2004). Where a pretrial matter, although not barred from determination by a magistrate by § 636(b)(1)(A), nevertheless is dispositive of a claim or defense, it must be heard by an Article III judge. *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004). This applies to a matter that is entirely collateral to the adjudication of the case, so long as it is dispositive of a discrete claim arising out of that case. *Ibid*. Whether a matter is dispositive is not a question of form, but of function. *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015). The legal question raised in the proceedings here, the relevance and discoverability of materials showing Mr. Lara's pattern of lawful behavior and lack of intent to willingly defraud in the preparation of tax returns, is one whose answer will dictate whether Mr. Lara will be able to present a specific defense at trial. Simply as a matter of practicality, the question should be determined by the judge who will preside over that trial. But as a matter of constitutional command, the matter must be adjudicated by a judge given the authority to do so under Article III.

As with the relevance of the materials sought, Mr. Lara can and will provide more legal briefing should the matter require adjudication before the Court. But this legal question, just as that regarding relevance, need not be reached at this juncture. Rather, further conference between the parties may eliminate the need altogether for a Court to hear further argument on the issues presented.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: June 2, 2017          By: /s/ David J. Cohen
                                 DAVID J. COHEN, ESQ.

Attorneys for Defendant **Emilio Lara**