UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>  v.<br><br>EMILIO LARA,<br><br>    Defendant. | No. 2:15-cr-00039-GEB<br><br><br>**ORDER** |

Defendant Emilio Lara seeks dismissal of the indictment, contending "the government's decision to indict him [constitutes selective prosecution which] violat[es] his fundamental right [under the Fourteenth Amendment of the United States Constitution] to equal treatment under the law." Def.'s Mot. 1:22-24, ECF No. 43 (citations omitted). The United States opposes the motion arguing it lacks merit since Defendant "does not . . . articulate a basis for his selective prosecution argument." Gov't Opp'n 1:20-21, ECF No. 47.

The motion was filed after the prescribed deadline for filing a pretrial motion under Rule 12 of the Federal Rules of Criminal Procedure. Defendant explains this late filing as follows:

> [A] long-lasting, city-wide power outage in San Francisco, the site of counsel's office, prevented counsel from accessing its electronic server where the draft of this motion was stored and from completing its

1

> filing on the scheduled date. Counsel . . . file[d Defendant's] motion on the next court day.

Def.'s Mot. 3 n.1. The merits of the motion will be considered.

Defendant indicates in his motion that he recognizes it lacks a sufficient factual basis to support dismissal, and that he hopes he eventually receives discovery that provides a basis for such a motion. Defendant's motion is premised solely on the following assertions: He is accused of making fraudulent tax returns for his "primarily non-English-speaking clients in his local Latino community" and the prosecution concerns "only 38 of [the 9,173] returns" he prepared during a four-year period, which constitutes .4% of the returns he prepared. Def.'s Mot. 2:18-24.

The United States counters:

> [T]he grounds that Lara appears to suggest would support his motion are without merit. The mere fact that the government only charged thirty-eight counts out of the many returns filed by Lara does not in any way indicate that other similarly situated individuals were not prosecuted or that the prosecution was based upon an impermissible motive.

Gov't Opp'n 3:24-27.

> To succeed on [his selective prosecution] claim, Defendant must demonstrate that (1) other similarly situated individuals have not been prosecuted and (2) his prosecution was based on an impermissible motive. The standard for proving such a claim is particularly demanding, requiring a criminal defendant to introduce clear evidence displacing the presumption that a prosecutor has acted lawfully.

United States v. Sutcliffe, 505 F.3d 944, 954 (9th Cir. 2007) (citations and quotations omitted).

Defendant has not sustained his burden under this

standard.  Therefore, the motion is denied and the hearing on the motion is vacated.  However, the status hearing scheduled to commence at 9:00 a.m. on June 16, 2017 remains calendared.

Dated: June 13, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge