McGREGOR W. SCOTT
United States Attorney
MATTHEW G. MORRIS
MIRIAM R. HINMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>EMILIO LARA,<br><br>                Defendant. | CASE NO. 2:15-CR-00039-GEB<br><br>UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF NON-FRAUDULENT RETURNS<br><br>DATE: March 16, 2018<br>TIME: 9 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

The government moves to exclude evidence that some uncharged tax returns prepared by Emilio Lara were not fraudulent. Evidence that Lara prepared certain accurate returns is not relevant to whether the thirty-eight returns charged in the indictment were fraudulent. Even if such evidence were minimally relevant, it should be excluded under Rule 403. Furthermore, even if such evidence were relevant, Rules 404(b) and 405 would make it inadmissible character evidence.

## I.      BACKGROUND

The indictment charges Lara with thirty-eight counts of violating 26 U.S.C. § 7206(2) by aiding and assisting in the preparation and presentation of false and fraudulent income tax returns. Each count corresponds to a single tax return that the government alleges Lara prepared with inflated deductions that the taxpayers were not entitled to claim. To prove these charges, the government's evidence will include the charged tax returns, testimony from the taxpayers about their true expenses, and evidence about the fraudulent tax return that Lara prepared for an undercover agent.

At the trial confirmation hearing, Lara stated his intention to present testimony from a number of taxpayers who used Lara's tax preparation services. Lara has argued that evidence of accurate returns would support his defense theory that the false deductions in the charged returns were not willful. *See* Def.'s Mot. Compel Discovery, ECF No. 42; Def.'s Reply, ECF No. 48. However, the Federal Rules of Evidence and the case law bar Lara from introducing either uncharged tax returns prepared by him or testimony from taxpayers about those returns.

## II.   ARGUMENT

### A.   Evidence that Lara completed certain tax returns accurately is not relevant.

"A defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions," and therefore such evidence is "properly excluded as immaterial." *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955). "The contention that evidence of innocence on one occasion has probative value in establishing lack of guilt in an entirely different connection has been rejected . . . ." *United States v. Null*, 415 F.2d 1178, 1181 (4th Cir. 1969); *see United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008); *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000); *United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981). Thus, "[t]he fact that [a defendant] did not overcharge in every instance in which she had an opportunity to do so is not relevant to whether she, in fact, overcharged as alleged in the indictment." *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990). Similarly, "[w]hether [a defendant] had prepared other, non-fraudulent applications was simply irrelevant to whether the applications charged as false statements were fraudulent." *United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999). Although a defendant charged with a criminal scheme can introduce evidence of aspects of the scheme that are relevant to the intent of the scheme, *see United States v. Thomas*, 32 F.3d 418, 420-21 (9th Cir. 1994), a defendant charged with individual criminal acts cannot introduce evidence of separate non-criminal acts to prove his innocence, *Herzog*, 226 F.2d at 565.

Applying this principle to prosecutions for filing individual false tax returns, the Ninth Circuit concluded in an unpublished opinion that "the testimony of other persons whose tax returns [the defendant] has prepared without violating the law would not be admissible to show that [the defendant] had acted properly with regard to the seven tax returns that were at issue in [the defendant's] criminal

trial." *United States v. Toney*, 983 F.2d 1080, 1993 WL 4801, at *2 (9th Cir. 1993).  The Fifth Circuit has explained that "exclusion of defendants' proffer of evidence exhibiting routine, noncriminal conduct as to some tax returns [is] correct.  They were not charged with a scheme but with separate instances of criminal conduct and evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant." *United States v. Dobbs*, 506 F.2d 445, 447 (5th Cir. 1975).  Similarly, the Sixth Circuit concluded in an unpublished opinion that when a defendant has been "charged with separate instances of preparing fraudulent tax returns," "evidence of instances when [the defendant] prepared truthful returns is irrelevant." *United States v. Daulton*, 266 Fed. App'x 381, 386 (6th Cir. 2008); *see United States v. Stoehr*, 196 F.2d 276, 282 (3d Cir. 1952); *United States v. Diallo*, 483 Fed. App'x 207, 208 (6th Cir. 2012).  The government has charged Lara with filing thirty-eight false tax returns, not with a fraudulent scheme, and therefore uncharged, non-fraudulent tax returns are not relevant to the charges.

The Second Circuit has carved out a narrow and inapplicable exception that makes accurate tax returns relevant if the government claims that the defendant tax preparer's motive for filing fraudulent tax returns was to attract clients but an analysis shows that only a small fraction of the preparer's returns were fraudulent.  *See United States v. Sternstein*, 596 F.2d 528, 530-31 (2d Cir. 1979).  In contrast, the fact that a few particular returns are accurate has negligible probative value.  *Id.*  In addition to being an out-of-circuit opinion, *Sternstein* does not apply to Lara's case because no analysis demonstrating mostly accurate returns exists, and it would not be feasible to interview every one of Lara's customers in order to determine what proportion of returns was fraudulent.  *See United States v. Boykoff*, 67 Fed. App'x 15, 21 (2d Cir. 2003).  Lara intends simply to introduce a handful of accurate returns, which *Sternstein* does not support.  Therefore, this Court should exclude Lara's evidence of accurate returns as irrelevant.

**B.  Even if evidence of non-fraudulent tax returns were minimally relevant, it should be excluded under Rule 403.**

Under Rule 403, courts exclude evidence when its relevance is substantially outweighed by the risk of misleading the jury or wasting time.  Fed. R. Evid. 403.  Allowing Lara to present several days of testimony about his preparation of some accurate returns would give the jury the misleading impression that such evidence constitutes a defense.  Furthermore, the trial would be unduly prolonged by Lara's

presentation of testimony about accurate returns and the necessity of the government then presenting rebuttal evidence concerning uncharged returns. *See Ellisor*, 522 F.3d at 1270 n.20.

### C. Even if evidence about non-fraudulent returns were relevant, Rules 404(b) and 405 would make such evidence inadmissible.

Lara would have to offer evidence about accurate returns either to support a pertinent character trait or for a permitted non-character purpose. Either route would lead to exclusion under Rules 404 and 405.

If Lara offers accurate returns as evidence of a pertinent character trait under Rule 404(a)(2)(A), Rule 405 will bar their admission because specific instances of conduct are not permitted. On the one hand, a criminal defendant can offer evidence of his character for law-abidingness. *United States v. Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992). When fraud or falsity is an element of the charge, the defendant can also offer evidence of his character for truthfulness. *In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003). On the other hand, a defendant cannot offer evidence about his propensity to engage in the type of crime charged, such as propensity to engage in drug dealing. *Diaz*, 961 F.2d at 1419-20. Thus, Lara cannot put on evidence about whether he is the type of person who files false tax returns. Furthermore, he cannot prove his law-abidingness and truthfulness with evidence about filing particular accurate tax returns, because evidence of specific acts is inadmissible when character is not an essential element of the charge or defense. Fed. R. Evid. 405; *United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989). The fact that intent is an element of a crime does not make character an essential element of the crime or defense. *Marrero*, 904 F.2d at 259-60; *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991). Thus, Lara can call character witnesses to testify about his law-abidingness or truthfulness, but they cannot testify about particular accurate tax returns or his general propensity for filing false returns, nor can he introduce the actual returns.

If Lara offers accurate returns to show his lack of criminal intent with respect to the charged returns, Rule 404(b) bars their admission. Proof of intent is a permitted non-character purpose for introducing prior bad acts, Fed. R. Evid. 404(b), but good acts are not admissible under Rule 404(b) to demonstrate a lack of criminal intent, *Ellisor*, 522 F.3d at 1270-71; *Camejo*, 929 F.2d at 613. Asking a jury to consider evidence that Lara did not defraud the government on certain occasions, in order to infer

UNITED STATES' MOTION TO EXCLUDE
EVIDENCE OF NON-FRAUDULENT RETURNS

4

that he did not intend to defraud the government on the charged occasions, is inviting precisely the type of propensity inference that Rule 404(b) forbids.  Indeed, courts have generally held that other innocent acts are entirely irrelevant to the defendant's intent to commit the charged crime, so they have not even reached a Rule 404(b) question.  *See supra* Part II.A.  In sum, the Court should exclude Lara's evidence about non-fraudulent returns on the basis of Rules 402, 403, 404(b), and 405.  *See Toney*, 983 F.2d at *2.

### D.   **If Lara testifies, that will not make evidence about accurate returns admissible.**

"A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character."  Fed. R. Evid. 608(a).  However, "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  *Id.*  If Lara testifies, accurate tax returns or a taxpayer's testimony about them would be extrinsic evidence of specific instances of Lara's conduct.  Therefore, Lara cannot introduce such returns or taxpayer testimony to support his character for truthfulness.

### III.   CONCLUSION

For the foregoing reasons, the government moves to exclude any evidence offered by Lara about his preparation of non-fraudulent tax returns.  The Court should not permit Lara to introduce any uncharged tax returns into evidence, nor should it permit Lara to put on taxpayer witnesses to testify about Lara's preparation of accurate returns.  Such evidence of independent non-criminal acts is irrelevant, it is likely to mislead the jury and waste time, and its admission is further barred by Rules 404(b) and 405.

Dated:  February 23, 2018

McGREGOR W. SCOTT
United States Attorney

By:  /s/ MIRIAM R. HINMAN
MIRIAM R. HINMAN
MATTHEW G. MORRIS
Assistant United States Attorneys