MCGREGOR W. SCOTT
United States Attorney
MATTHEW G. MORRIS
MIRIAM R. HINMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-39-GEB |
|---|---|
| Plaintiff, | UNITED STATES' MOTION IN LIMINE #2 TO ADMIT EVIDENCE OF OTHER ACTS |
| v. | DATE: March 16, 2018 |
| EMILIO LARA, | TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Garland E. Burrell, Jr. |

The government moves *in limine* to admit other acts of the defendant either as relevant evidence of the crimes as charged, as conduct that is inextricably intertwined with those crimes, or under Federal Rule of Evidence 404(b), as set out below.

## I.   BACKGROUND

The defendant is charged with 38 counts of willfully aiding and assisting in the preparation and presentation of false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2). The indictment alleges that the tax returns prepared by Lara were false in that they claimed to be "entitled under the provisions of the Internal Revenue laws to claim deductions for items and in amounts hereinafter specified, whereas, as the defendant then and there knew, the taxpayers were not entitled to claim deductions in the claimed amounts." The indictment then alleges that for each of 38 counts, the tax return in question contained inflated itemized deductions for up to three categories of expenses: medical and dental expenses, charitable contributions, and unreimbursed employee expenses. The indictment

alleges, for each of those categories on each charged tax return, an estimate of how much the defendant inflated the deduction amounts. In prosecutions under Section 7206(2), the government does not need to prove the exact amount that should have been reported. *United States v. Boulware*, 384 F.3d 794, 811 (9th Cir. 2004). The numbers in the indictment are simply to provide enough notice that the defendant is able to prepare his defense. *United States v. Thompson*, 23 F.3d 1225, 1229-31 (7th Cir. 1994).

To prove those charges in the indictment, the government must prove the following:

First, that the defendant aided, assisted, advised, procured, or counseled the preparation or presentation of an income tax return that was false or fraudulent;

Second, that the income tax return was false or fraudulent as to any material matter necessary to a determination of whether income tax was owed; and

Third, that the act of the defendant was willful.

Ninth Circuit Model Criminal Jury Instruction 9.40 (2010).

## II.   ARGUMENT

### A.   Other false statements on the charged tax returns are admissible.

In addition to the false and inflated deductions explicitly charged for each of the 38 counts in the indictment, the defendant also inflated other categories of deductions on many of those same tax returns. On approximately 18 of the 38 tax returns, the defendant falsely inflated a particular subset of "charitable contributions" – contributions made other than by cash or check. In every one of those instances, the defendant's false inflated numbers were exactly $500. Under the Internal Revenue laws, during the tax years in question, a taxpayer could claim up to $500 in charitable contributions by other than cash or check without submitting any substantiating documentation. The government anticipates that the taxpayers in question will testify either that they had no such non-cash charitable contributions, or that their contributions were less than $500 and that the defendant falsely and fraudulently inflated that number to $500. This is conduct within the scope of what is charged in the indictment, and admissible evidence that the returns in question were false and fraudulent. This type of evidence thus falls into the Ninth Circuit's "single criminal episode" rule. *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) ("The policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant 'is indicted for less

than all of his actions') (quoting *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987)).  *See also United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995) ("[W]hen it is clear that particular acts of the defendant are part of, and thus inextricably intertwined with, a single criminal transaction" admission of evidence of those acts does not violate Rule 404.).

Alternatively, the conduct is "inextricably intertwined" with the conduct charged in the indictment under a "coherent and comprehensible story" rationale.  *See Vizcarra-Martinez*, 66 F.3d at 1012–13 ("[W]e have allowed 'other act' evidence to be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime . . . .")  In each charged count, the defendant prepared a single false and fraudulent tax return. The returns contained varying numbers of false statements.  The government anticipates calling the taxpayers for each of the charged false tax returns asking them whether the numbers on the return are true or false, and – if false – who came up with the false numbers.  The false entries include the items specifically charged in the indictment, such as inflated charitable contributions, but also the particular sub-category of false deductions such as inflated charitable contributions by "other than cash or check."

Finally, even if the inflated $500 "other than cash or check" deductions were not inextricably intertwined, the defendant's actions in falsely maximizing those deductions right up to the $500 limit would be admissible under Rule 404(b) to prove the defendant's intent, preparation, plan, knowledge, absence of mistake, lack of accident, and willfulness.  While the government believes that the $500 "other than cash or check" falsehoods are part and parcel of the crime or inextricably intertwined (as set out above), the government has provided the requisite notice that it intends to seek admission of those falsehoods under Rule 404(b).  First, the government sent a letter to defense counsel on February 21, 2018, providing that notice.  Second, this motion provides additional notice.

Evidence of other acts under Rule 404(b) may be admitted if: (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) in cases where knowledge and intent are at issue, the act is similar to the offense charged.  *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).  In this case, all four elements are met for the admission of the $500 fraudulent deductions under Rule 404(b).

First, the defendant's intent, willfulness, absence of mistake, knowledge, preparation, and plan are material to the elements of the crime.  Second, these acts are not "too remote in time" because they are contained on the exact same tax returns that are the subject of the charged counts of the indictment.  Rather than being "too remote," they were in fact contemporaneous with the charged conduct.  Third, the taxpayers will testify that the inflated numbers of the "other than cash or check" deductions were entered by the defendant, not them.  There is sufficient evidence to permit them to testify about those numbers.  Fourth, the conduct is nearly identical to the charged conduct, not just "similar."

For the foregoing reasons, the government moves *in limine* to permit evidence of additional inflated deductions contained on the same tax returns as the charged inflated deductions.

### B. The defendant's actions in preparing a fraudulent tax return for an undercover IRS agent are admissible.

Part of the government's evidence at trial will be the testimony of, and video from, an undercover IRS agent who posed as a taxpayer and asked the defendant to fill out a tax return for him.  During that undercover session, the defendant engaged in the same criminal conduct that he is charged with in the 38 counts of the indictment: he inflated the charitable contributions and unreimbursed employee expenses contrary to the information provided by the undercover agent.  This 39th return was not charged as a separate count in the indictment.

The defendant's conduct in preparing a fraudulent IRS tax return for the undercover agent is properly admissible under Rule 404(b) to prove identity, intent, preparation, plan, knowledge, absence of mistake, lack of accident, and willfulness.

Evidence that it was the defendant himself (rather than an office clerk or some other person) who created the inflated deductions on behalf of the undercover agent proves a material point.  The defendant, via pretrial litigation, has indicated that he might proffer a defense that his fraudulent tax refunds were "mistakes" or "accidents" rather than willful efforts to create fraudulent returns.  Hearing a recording of the interaction between the defendant and the undercover agent will help the jury determine whether the defendant's entries on tax returns were accidents.  Thus, the identity of the person making the false entries and the fact that those falsehoods match the falsehoods on the charged counts are probative of the material point of identity and the defendant's *mens rea*.  *Mayans*, 17 F.3d at 1181.

The return prepared for the undercover was not "too remote in time." *Mayans*, 17 F.3d at 1181. The undercover operation was conducted by the IRS in March 2011. The returns charged in the indictment were for tax years 2008 through 2010 (which would have been due to the IRS between April 2009 and April 2011.) Thus, the undercover operation occurred after some of the charged counts in the indictment (approximately Counts 1 through 34), but before other counts in the indictment (approximately Counts 35 through 38).

The evidence will be more than sufficient to prove that the defendant committed the other act: he is on a video recording made by the undercover agent. *Mayans*, 17 F.3d at 1181.

Finally, the defendant's actions in the undercover operation are not just similar, but are nearly identical to the conduct charged in the indictment. *Mayans*, 17 F.3d at 1181. He took information provided to him by a purported taxpayer and prepared a tax return with four categories of information that were false, including unreimbursed employee expenses and charitable contributions.

The evidence of the undercover operation should be admitted under Rule 404(b).

### C. The defendant's own tax returns are admissible.

For tax years 2008 through 2010, the defendant filed tax returns in his own name. Those tax returns, and information about those returns maintained within records by the IRS, are admissible under Rule 404(b) to prove intent, absence of mistake, lack of accident, and the defendant's mens rea. The government anticipates calling a witness to authenticate that tax returns are accompanied by a jurat, which puts taxpayers on notice that they have a legal obligation to provide truthful information on the return. Thus, Lara's own tax returns, even if not fraudulent, are admissible to show that he knew of the legal obligation to tell the truth on tax returns, which is evidence of willfulness.

### III. CONCLUSION

For the foregoing reasons, the government moves for an in limine ruling that the defendant's other acts (other false statements on the charged tax returns, false statements made on a tax return prepared for an undercover IRS agent, and the defendant's own tax returns) are admissible.

| | |
|---|---|
| Dated:  February 23, 2018 | McGREGOR W. SCOTT<br>United States Attorney |
| | By:  /s/ MATTHEW G. MORRIS<br>MATTHEW G. MORRIS<br>Assistant United States Attorney |