# BAY AREA CRIMINAL LAWYERS, PC

ATTORNEYS AT LAW

300 Montgomery Street, Suite 660
San Francisco, CA 94104-1908
Tel (415) 398-3900 • Fax (415) 398-7500
inquiry@bayareacrimlaw.com
www.bayareacrimlaw.com

DAVID J. COHEN

CERTIFIED SPECIALIST - CRIMINAL LAW
THE STATE BAR OF CALIFORNIA
BOARD OF CRIMINAL SPECIALIZATION

ADMITTED IN CALIFORNIA
AND NEW YORK

JASON T. CAMPBELL
OF COUNSEL
ADMITTED IN CALIFORNIA

CHERIE R. WALLACE
ADMITTED IN CALIFORNIA

MICHAEL J. PELLEGRINI
ADMITTED IN CALIFORNIA

ALEXANDER P. GUILMARTIN
ADMITTED IN CALIFORNIA

June 23, 2017

BY E-MAIL TO Jeremy.Kelley@usdoj.gov AND BY UNITED STATES MAIL

Jeremy Kelley, Esq.
Assistant United States Attorney
United States Attorney's Office
Eastern District of California
501 I Street, Suite 10-100
Sacramento, CA 95814

Re:  *United States v. Lara*;
Case No. 2:15-cr-00039-GEB

Dear Mr. Kelley:

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and Rule 16 of the Federal Rules of Criminal Procedure, and as a supplement to his earlier requests, Mr. Lara additionally requests the production of the following materials, some of which may have in part already been disclosed:

1.  The non-custodial waiver of rights form provided to, and signed by, Mr. Lara during the March 30, 2011 execution of a search warrant on his address at 5182 Sonoma Blvd.

2.  The complaint you described to me on June 12 alleging Mr. Lara's improper filings identified by the government, as well as all documents related thereto, including but not limited to investigative reports and notes associated with that complaint, all materials provided by complainants, all records of interviews conducted in connection with the complaint, all materials obtained by investigative agencies pursuant to the complaint, all statements made by private individuals and witnesses regarding the complaint, and any materials indicating government action taken pursuant to the complaint.

Jeremy Kelley, Esq.
Re:     *United States v. Lara*;
        Case No. 2:15-cr-00039-GEB
June 23, 2017
Page 2

3.      The name of the undercover IRS-CI special agent who visited Mr. Lara's business
        on March 1, 2011.

4.      The 1040 return allegedly prepared by Mr. Lara for the undercover agent on March
        1, 2011 and all documents related thereto, including but not limited to the false W-2
        and 1098 the agent provided to Mr. Lara, all receipts for purchases and expenses
        provided by the agent, and all materials exchanged between the agent and Mr. Lara.

5.      Any and all not yet disclosed materials related to the undercover operation conducted
        on March 1, 2011, including but not limited to the recording of the operation, photos
        taken, and any investigative reports or notes prepared in connection thereto.

6.      Any and all not yet disclosed materials related to the March 30, 2011 search warrant
        executed at Mr. Lara's business, including but not limited to recordings of the search
        and interview of Mr. Lara, any map/diagram/photos of the location that were
        prepared, and investigative reports authored by agents who conducted the search.

7.      All sixty returns randomly selected for analysis by the SDC, including attached
        Schedule A forms, and any and all materials related to those returns, including but
        not limited to receipts and other documents submitted to the IRS and audit materials
        prepared by the IRS in connection thereto

8.      Any and all materials related to the Scheme Development Center that identified Mr.
        Lara for analysis and investigation, including but not limited to records identifying
        which SDC targeted Mr. Lara, the specific criteria for selection of Mr. Lara, the
        specific criteria and selection process by which sixty of Mr. Lara's returns were
        selected for analysis, rules and regulations governing the SDC's policies, and records
        indicating and/or describing those SDC agents who, and systems that, participated
        in the identification and analysis of Mr. Lara.

9.      Any and all materials related to audits, reviews, or investigations of Mr. Lara's
        personal federal tax returns, including but not limited to all IDRS records related to
        Mr. Lara's returns between the years of 2006 and 2010; the Master File record of
        information related to Mr. Lara's returns in those years; all copies of personal returns
        Mr. Lara submitted in those years; all applications for extensions submitted by Mr.
        Lara in those years; all Schedules A, C, and E submitted by Mr. Lara in conjunction
        with the personal returns he filed in those years; and any other materials contributing
        to the government's findings in paragraph 23 of the search warrant affidavit.

Jeremy Kelley, Esq.
Re:     *United States v. Lara*;
         Case No. 2:15-cr-00039-GEB
June 23, 2017
Page 3

10.     All returns filed by Mr. Lara, as a tax preparer, between the years of 2008 and 2011, including but not limited to returns e-filed under the EFIN 773614 during that time and any and all records indicating the number of returns Mr. Lara submitted to the IRS during that time.

11.     Any and all interviews conducted with Carlos Martinez by any government, prosecution or IRS agent, either civil or criminal, in connection with a C-300 Mercedes, Mr. Lara as his tax preparer, cooperation with the government against Mr. Lara, threats of prosecution, tax collection actions and/or civil penalties and audit against Mr. Martinez, or in connection with any other matter. These interviews could likely have taken place in 2012 and/or 2013, and would likely involve reports, notes and/or audio recordings. We request them all, in addition to any and all correspondence with Mr. Martinez, including e-mail correspondence, and including any and all correspondence with Mr. Martinez' lawyer or representative.

Mr. Lara continues to investigate the case and review materials provided to him by the government and prior counsel. The above request reflects those materials Mr. Lara has presently identified as being necessary to the preparation of his defense, but should not be considered exhaustive. When and if Mr. Lara identifies additional materials necessary for his defense, he will request disclosure thereof. Mr. Lara also continues to request all materials previously requested in his June 8, 2017 letter that have not yet been disclosed.

In our conversation on June 12, you requested I provide the complaint letter authored by "Concerned Mexican Americans of Vallejo" so that you may attempt to identify the Form 3949A that had been submitted to the IRS in connection with our discovery e-mail and letter dated June 8, 2017. It is attached as Exhibit A.

Very truly yours,

David J. Cohen

Enclosure

# EXHIBIT A

To:  Lara, Real Estate & Financial Corp, 539 Tennessee St., Vallejo, CA

This is to advise you that you are committing fraud in the preparation of tax return for the undocumented immigrants who use ITIN #s.  And perhaps other Spanish speaking persons who are US citizens.

 I reviewed several tax returns prepared by you and found unjustified deductions, chartable contributions, and exemptions in order to show the undocumented that you get them back what ever tax withholding that had been taken out of their payroll checks.

We have prepared and submitted to the IRS Form 3949 A, concerning your  illegal operation.  You are deliberately injuring the opportunity of the Latino speaking undocumented (if they seek to) in seeking citizenship solely for your greed for their dollars!

You and others like you are being watched.

Concerned Mexican Americans of Vallejo