

**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney*
*Eastern District of California*

*Phillip A. Talbert*
*United States Attorney*

| | |
|---|---|
| 501 I Street, Suite 10-100<br>Sacramento, CA 95814 | Phone 916/554-2700<br>Fax   916/554-2900<br>TTD   916/554-2855 |

July 6, 2017

VIA U.S. MAIL

David J. Cohen
Alexander P. Guilmartin
300 Montgomery Street, Suite 660
San Francisco, CA 94101-1908

Re: *United States v. Lara*, 2:15-CR-00039, Discovery Requests

Dear Counsel:

The United States is in receipt of your two requests for discovery, dated June 8, 2017, and June 23, 2017. Enclosed you will find additional discovery produced in response to your requests, Bate - stamped LARA_001194 through LARA_001293. The material produced includes material that is not required under the United States' discovery obligations, either *Brady v. Maryland* or Federal Rule of Criminal Procedure 16. Rather, this material is produced as a curtesy to counsel and to avoid unnecessary litigation. This material is being provided to you on four disks. Please be advised that the disks have been encrypted and a password to open those disks was emailed to you on May 9, 2017.

The United States endeavors, as always, to abide by its obligations to provide material to the defense, and it will often provide additional information above that required, such as early *Jencks* material, as a curtsey and to facilitate the resolution of cases. However, certain documents are not subject to disclosure. For example, reports, memoranda, and other internal work product prepared or accumulated by or for counsel is not generally subject to disclosure. *See* Fed. R. Crim. P. 16(a)(2). Also, the government has no obligation under Rule 16(a)(2)(E) to produce documents which are not material to preparing the defense. Accordingly, the United States reserves (and does not waive) the right to refuse actual discovery (or copying) of any particular document(s) on work product, materiality, or any other grounds.

A point-by-point response to your discovery requests follows:

I. June 8, 2017 Request

1. Form 3949 A Information Referrals. You have requested all materials related to a Form 3949 A submitted on behalf of Concerned Mexican Americans of Vallejo alleging fraud on Mr. Lara's behalf. The United States, through the IRS case agent, has sought to discover any Form 3949 A Information Referrals filed with the IRS regarding Mr. Lara. The United States has find only one such referral, which is attached as Bates LARA_ 001194. There is no mention of the Concerned Mexican Americans of Vallejo on this form. To help identify and locate other potentially discoverable material, I requested any additional information you had about the items you sought. On June 23, 2017, you send a copy of an un-signed, un-dated letter addressed to Mr. Lara stating a Form 3949 A had been prepared and submitted to the IRS. The United States cannot locate any additional forms based upon the information in this letter. The United States requests any additional information you have about the letter or its sender to aid in responding to your discovery request.

2. *E-file* Monitoring Visit and Reprimand. You have requested all information related to IRS Revenue Agent Luis Ramirez's March 2011 inspection of Mr. Lara's tax preparation business and subsequent reprimand. According to information learned by the IRS case agent, this was a monitoring visit performed as part of an IRS *e-file* Program to review preparers' adherence to e-filing requirements. The program was un-related to the IRS criminal investigation and any overlap in timing was purely coincidental. Mr. Lara was reprimanded for failing to adhere to some e-file requirements. All documentation about the visit that the United States has been able to locate is attached as Bates LARA_001195 - 001199. As communicated on previous occasions, if you have any additional documentation that may help identify and locate other potentially discoverable material, the United States requests copies of the documentation to aid in responding to your discovery request.

3. 2010 Personal Audit. You have requested all information about an IRS civil audit of Mr. Lara's personal 2010 income tax returns. A search of IRS records does not show that Mr. Lara has been the subject of an income tax audit. An email and documents showing this search are attached as Bates LARA_001200 - 001212. As communicated on previous occasions, if you have any additional documentation that may help identify and locate other potentially discoverable material, the United States requests copies of the documentation to aid in responding to your discovery request.

4. Client Communications. You have requested all notices, letters, or other correspondence with Mr. Lara's clients, including but not limited to those identified in the indictment. The United States is in the process of obtaining all audit information relating to tax filings that have been charged in the Indictment. This is a time consuming process and remains pending. All audit information for the tax returns identified in the Indictment will be produced when the process is complete.

At this point, however, the United States will not produce any communications or other audit information related to clients and tax returns that are not identified in the

Indictment. The United States' position at this moment is that such documentation is not material to the defendant's case, as articulated in the United States' opposition to Mr. Lara's motion to compel (ECF No. 46 at 4–6). The burden is upon Mr. Lara to establish why the documents sought are material to his defense case. *See, e.g., United States v. Mandel*, 914 F.2d 1215 (9th Cir. 1990).

Furthermore, the current manner of identifying and producing communications and audit information for all of Mr. Lara's clients is extremely burdensome and time consuming. A change to the IRS database in September 2017 may make the process somewhat more manageable. Until then, however, responding to this request, even if the items sought were material, would not be practicable.

As such, the United States proposes that should Mr. Lara continue to seek such material in September 2017, that he make a specific request at that time for each item sought together with an explanation about how the item(s) will be helpful to the defense. Please identify any particular persons for whom audit information or communications is requested. The United States will likely oppose a blanket request for all audit information as immaterial and unduly burdensome.

5. Client Purchase and Expense Receipts. You have requested all receipts for purchases and expenses submitted to the IRS by Mr. Lara's individual clients, including those not identified in the Indictment. The United States incorporates herein its response to item 4 above (Client Audit Communications). The United States is in the process of compiling material relating to the tax returns identified in the Indictment and will produce such material when the process is complete. At this time, however, the United States will not search for and produce such material for clients and tax returns that are not identified in the Indictment.

6. Witness Interview Notes. You have requested all notes prepared in connection with the interviews of witnesses in this case. These notes are in the IRS case file. Please contact me to arrange a mutually-agreeable time for inspection.

7. Interview Recordings. You have requested all audio or video recordings of interviews with witnesses. There are no audio or video recordings of witness interviews.

8. Search Warrant Affidavit. You have requested the affidavit in support of the March 2011 search warrant executed at Mr. Lara's business (2:11-SW-00120). This affidavit has been available on the Court's public docket since the matter was unsealed in April 2011. A copy of the affidavit from the docket is included here as Bates LARA_001213 - 001245.

9. Search Warrant Recording. You have requested all audio or video recordings of the execution of the search warrant identified above (the warrant was executed on March 30, 2011). Attached as Bates LARA_001246 - 001248 is a report memorializing the documentation of the scene. Attached as Bates LARA_001270 - 001286 are photos and video taken during the execution of the warrant.

10. <u>Defendant's Interview Notes</u>. You have requested all notes prepared in connection with the interview of Mr. Lara during the execution of the above-identified search warrant. These notes are attached as Bates LARA_001249 - 1268.

11. <u>Advisement of Rights</u>. You have requested all materials provided to or signed by Mr. Lara during his interview. Attached as Bates LARA_001269, is an exemplar of the Non-Custodial Statement of Rights card which was read to Mr. Lara prior to his interview. Mr. Lara did not sign any documents.

12. <u>Earned Income Credit Audit</u>. You have requested all materials related to a 2010 or 2011 Earned Income Credit audit of Mr. Lara or his business. The United States has not found any information about such an audit. As communicated on previous occasions, if you have any additional documentation that may help identify and locate other potentially discoverable material, the United States requests copies of the documentation to aid in responding to your discovery request.

13. <u>Bruno Valle and Gilbert Solorio</u>. You have requested all materials connected to Bruno Valle and Gilbert Solorio. The United States does not have any information concerning these individuals. As communicated on previous occasions, if you have any additional information or documentation that may help identify and locate other potentially discoverable material, the United States requests copies of the information or documentation to aid in responding to your discovery request.

II. June 23, 2017, Discovery Request

1. <u>Waiver of Rights Form</u>. You have requested a copy of a non-custodial waiver of rights form signed by Mr. Lara. As discussed above at I.11, Bates LARA_001249 - 001268 is a copy of an exemplar of such a card. Mr. Lara was advised, acknowledged, and waived his rights orally.

2. <u>Form 3949 A Information Referral</u>. You have requested a copy of the form 3949 we discussed on June 12, 2017. The form that I described to you is the item discussed above at I.1, Bates LARA_001194. The United States has found no records related to this referral other than a copy of the referral itself.

3. <u>Undercover IRS-CI Agent's Name</u>. You have requested the name of the undercover IRS-CI agent. This information was disclosed in the initial discovery. *See* Memorandum of Activity, LARA_000760. Special Agent Juan Saavedra performed the undercover operation using the name Miguel Navarro.

4. <u>Undercover 1040 Return and Documentation</u>. You have requested the 1040 return prepared by Mr. Lara for Special Agent Saavedra as well as the W-2, and Form 1098 Special Agent Saavedra provided to Mr. Lara during the undercover operation. These items were provided in the initial discovery. *See* LARA_000763–78.

5. <u>Other Material Related to the Undercover Operation</u>. You have requested all other material related to the undercover operation, including photos and notes. Attached here as Bates LARA_001287 and LARA_001288 are a video and audio recording of the

undercover operation in Spanish, the translation of which was previously provided in the initial discovery, *see* LARA_000779–800. Agent Saaverda's report of the operation was also previously provided, *see* LARA_000760–62.

6. Other Material Related to the Search Warrant. You have requested all undisclosed materials related to the execution of the search warrant on March 30, 2011. Photos, video and a report were provided in response to request I.9 above. As provided above at I.10, notes of Mr. Lara's interview are attached hereto. The United States is not aware of any additional material related to the search.

7. Sixty Randomly-Selected Returns. You have requested copies of the sixty randomly-selected tax returns analyzed by the IRS Scheme Development Center, and all attachments thereto. A list of the sixty returns was previously provided in the initial discovery. *See* LARA_000013–14. The United States has also provided Mr. Lara with copies of the computers imaged during the search of Mr. Lara's business.[1] The defense has the information needed to identify and obtain copies of the returns from Mr. Lara's own business records.

8. Scheme Development Center Material. You have requested all material related to the Scheme Development Center, including the criteria for identifying Mr. Lara. A copy of the scheme referral report was included in the initial discovery. *See* LARA_000001–000014. If Mr. Lara seeks additional information beyond this report, please identify the information sought and how that information is material to the defense. Information about the Scheme Development Center can be found on the publicly-accessible IRS website.

9. Defendant's Personal Tax Returns. You have requested all material related to Mr. Lara's personal federal tax returns. At this time, the United States does not believe Mr. Lara's personal tax returns are material to his defense. Furthermore, Mr. Lara has access to his own personal tax returns and the government is not obliged to produce them for him through the criminal discovery mechanism. If additional material is sought that is not accessible to Mr. Lara, please identify what the item is, why the item is not accessible to Mr. Lara, and why it is material to the defense.

10. All Tax Returns Prepared by Defendant. You have requested a copy of all returns filed by Mr. Lara between 2008 and 2011. The United States has already disclosed all returns for the charged conduct. The United States has also provided the defense with copies of the digital images made of all computers at Mr. Lara's business on March 30, 2011. Mr. Lara has access to these returns through his own business records. Any request to have the United States compile all tax returns prepared by Mr. Lara during these years would be unduly burdensome. Finally, as articulated in its opposition to the motion to compel, the United States believes any returns or return information that do not relate to the charged conduct are not material to the defense. If additional material is sought that is

---

[1] Please note, the computes at Mr. Lara's business were never seized, only imaged. These computers and Mr. Lara's business records have remained in his possession at all times.

not accessible to Mr. Lara, please identify what the item is, why the item is not accessible to Mr. Lara, and why it is material to the defense.

11. <u>Carlos Martinez</u>. You have requested reports of interviews and other correspondence with Carlos Martinez. The United States does not have any information concerning this individual. As communicated on previous occasions, if you have any additional information or documentation that may help identify and locate other potentially discoverable material relating to Carlos Martinez, the United States requests copies of the information or documentation to aid in responding to your discovery request.

Please also find enclosed at Bates LARA 001289–1293, an updated criminal history for Mr. Lara.

Pursuant to Local Rule 440 and Federal Rules of Criminal Procedure 16(b) and 26.2, the United Sates hereby requests reciprocal discovery of the following:

1.  Pursuant to Rule 16(b)(1)(A), inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in defendant's case-in-chief at trial;

2.  Pursuant to Rule 16(b)(1)(B), inspection and/or copies of the results of any reports of physical or mental examinations and of specific tests or experiments made in connection with the above-entitled case within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in defendant's case-in-chief chief at trial or which have been prepared by a witness whom defendant intends to call at trial;

3.  Pursuant to Rule 16(b)(1)(C), a written summary of any testimony that the defendant intends to use as evidence at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence;

4.  The Government hereby formally demands to be notified in writing whether the defendant intends to offer any defense(s) pursuant to rules 12.1 (alibi), 12.2 (insanity), and 12.3 (public-authority) of the Federal Rules of Criminal Procedure; and

5.  All other discovery to which the Government is entitled under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure.

In the event that reciprocal discovery is not produced, the United States will seek to bar the introduction and use at trial of any evidence not produced by the defendant in response to this reciprocal discovery request.

Please promptly provide such reciprocal discovery information. In the event you refuse to provide such information, please indicate such refusal in writing. In the event you have no such information, please indicate that you are without such information in writing.

As always, I am available for any questions or concerns that may arise throughout this matter.

                          Sincerely,

                          PHILLIP A. TALBERT
                        United States Attorney

By: _____
      JEREMY J. KELLEY
      Assistant United States Attorney

Encl. (Bates LARA_001194 – 001293)
cc: File