DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306767
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Emilio Lara**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR-15-00039-GEB |
| | ) | |
| Plaintiff, | ) | **MR. LARA'S MOTION FOR JURY QUESTIONNAIRE** |
| | ) | |
| v. | ) | |
| | ) | Date: March 16, 2018 |
| EMILIO LARA, | ) | Time: 9:00 a.m. |
| | ) | Court: Hon. Garland E. Burrell, Jr. |
| Defendant. | ) | |
| | ) | |

## I.   INTRODUCTION

Mr Lara is set for trial on 38 counts of aiding and assisting in the preparation and presentation of false and fraudulent income tax returns (pursuant to 26 U.S.C. §7206(2)) on March 20, 2018. On February 5, 2018, this Court issued an order tentatively providing each party with 20 minutes with which to conduct voir dire following a judicial voir dire, although the Court retained the option to conduct all jury voir dire in the case. Doc. no. 56.

In the interest of efficiency and thoroughness, Mr. Lara now moves to compel the use of the attached jury questionnaire preceding any oral voir dire by the Court or the parties.

///

## II.   THE ATTACHED JURY QUESTIONNAIRE WILL AID THE COURT AND THE PARTIES IN EFFICIENTLY EVALUATING JURORS FOR BIASES AND PREFERENCES.

Voir dire of prospective jurors is an essential mechanism to ensure any prejudices are ascertained in advance of the jury's seating. *Hayes v. Ayers*, 632 F.3d 500, 510 (9th Cir. 2011). More than a cursory examination of prospective jurors is necessary to achieve voir dire's intended goals. *See Fietzer v. Ford Motor Co.*, 622 F.2d 281, 284 (7th Cir. 1980) ["Courts have consistently held that the trial court . . . should permit a reasonably extensive examination of prospective jurors so that the parties have a basis for an intelligent exercise of the right to challenge."]. As a matter of statute, a court must supplement its jury voir dire with requests from the parties to "ask further questions" or "submit further questions that the court may ask." Fed. R. Crim. P. 24(a)(2). If the district court conducts a voir dire examination, it is incumbent upon the court to accept requests for additional questions that "test the jury for bias or partiality," keeping in mind "the fact that the parties have the right to some surface information about prospective jurors which might furnish the basis for an informed exercise of peremptory challenges or motions to strike for cause based upon a lack of impartiality." *United States v. Baldwin*, 607 F.2d 1295, 1297 (9th Cir. 1979). The Ninth Circuit has explained:

> The trial court must conduct voir dire in a manner that permits the informed exercise of both the peremptory challenge and the challenge for cause. Questions which merely invite an express admission or denial of prejudice are, of course, a necessary part of voir dire because they may elicit responses which will allow the parties to challenge jurors for cause. However, such general inquiries often fail to reveal relationships or interests of the jurors which may cause unconscious or unacknowledged bias. For this reason, a more probing inquiry is usually necessary. In some lawsuits the nature of the case itself suggests that a more specific inquiry is required with respect to particular matters. The nature of the controversy or the relationship and identity of the parties may involve matters on which a number of citizens may be expected to have biases or strong inclinations. If an inquiry requested by counsel is directed toward an important aspect of the litigation about which members of the public may be expected to have strong feelings or prejudices, the

court should adequately inquire into the subject on voir dire. The court must not be niggardly or grudging in accepting counsels' requests that such inquiries be made.

*Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981).

Jury questionnaires are specifically suited to these tasks. The American Bar Association has endorsed the use of jury questionnaires, advising "the use of appropriate questionnaires [to provide] data pertinent to the eligibility of jurors and to matters ordinarily raised in voir dire," including "a specialized questionnaire addressing particular issues that may arise" that is submitted by the parties. American Bar Association, PRINCIPLES FOR JURIES AND JURY TRIALS 13 (2005). New Mexico, New York, and Pennsylvania have adopted uniform jury questionnaires for criminal juries. N. M. R. A. Crim. UJI 14-110; N. Y. Ct. R., App. E; Pa. St. R. Crim. P. 632(A)(1) ("Each prospective juror shall complete and verify the standard, confidential juror information questionnaire required by paragraph (H) of this rule, and any supplemental questionnaire provided by the court.") And the Oklahoma legislature has espoused the virtues of jury questionnaires at length:

> A number of benefits from the use of juror questionnaires have been identified. Juror questionnaires may shorten the time required for voir dire; however, this benefit will not be realized unless attorneys refrain from rehashing the information from the questionnaires during voir dire. Another benefit is that juror questionnaires may enable the court and counsel to weed out jurors who could not serve in a case before voir dire begins, and thereby accelerate the process of sending these prospective jurors to a different case. Juror questionnaires may also highlight particular areas (such as prior employment with law enforcement or employment with an attorney or law office) for more focused inquiry during voir dire. The use of juror questionnaires provides jurors more time to think about their answers and provide more complete responses than voir dire. In addition, since jurors cannot hear the responses of other jurors when they are filling out questionnaires on their own, juror questionnaires can elicit the jurors' own opinions without the influence of the responses by other jurors. Jurors may also be more likely to reveal socially unacceptable attitudes, such as racial prejudice or sexism, in juror questionnaires. Similarly, jurors may be more apt to disclose private or embarrassing information (such as a prior criminal record) in a juror questionnaire than in open court. *See* Gregory P. Joseph, *American Bar Association Principles for Juries & Jury Trials*, SL044 ALI-ABA 653, 730 (2005); Lin S. Lilley, *Let Jurors Speak the Truth, In Writing*, 41 TRIAL 64 (July, 2005); Valerie Hans & Alyana Jehle, *Avoid Bald Men and People with Green Socks? Other*

1   *Ways to Improve the Voir Dire Process*, 78 CHI-KENT L. REV. 1179, 1198 (2003).

2   *In re Amendments to the Okla. Unif. Jury Instructions - Civil (Second)*, 2014 OK 17, ¶ 6.

3
4        The United States Supreme Court has implicitly approved of the use of a comprehensive jury

5   questionnaire, noting that a 77-question, 14-page questionnaire assisted the trial court in conducting

6   an adequate voir dire and evaluating the prejudices of the prospective jurors. *Skilling v. United*

7   *States*, 561 U.S. 358, 388-89 (2010). The Court explained that in-person voir dire, "coupled with

8   information from the questionnaires regarding jurors' backgrounds, opinions, and news sources, gave

9   the court a sturdy foundation to assess fitness for jury service." *Id*. at 363. Other Courts have also

10  approved of the use of jury questionnaires to efficiently and effectively test the fitness of prospective

11  jurors for service. *See*, *e.g.*, *United States v. Gambino*, 809 F. Supp. 1061, 1068 (S.D.N.Y. 1992)

12  ["the Court will use a comprehensive jury questionnaire to ensure that both the Government and

13
14  defense counsel will have 'an arsenal of information' about each potential juror containing

15  'responses to questions concerning his own life, as well as his attitudes about the issues that world

16  arise in the case' and, therefore, the parties will be able to intelligently exercise their challenges for

17  cause and peremptory challenges"], quoting *United States v. Barnes*, 604 F.2d 121, 142 (2d Cir.

18
19  1979).

20        Use of the attached jury questionnaire will save considerable judicial resources, sparing the

21  Court from the need to repeatedly revisit standardized questions for individual jurors. It will also

22  facilitate the parties' own voir dire, allowing them to focus on particular jurors of concern or interest

23  and thereby preventing counsel from wasting time on unnecessary questioning of impartial and fair-

24
25  minded jurors.

26        The use of a questionnaire is particularly appropriate in the present case, involving as it does

27  multiple issues prominent in the current public political discourse. Mr. Lara faces the profound

28

possibility of a prospective juror who will judge him, his clients, or the facts of the case on the impermissible basis of individuals' immigration status and improper perceptions toward illegal aliens. Jurors holding such views must be eliminated from the jury panel, and the quickest, most honest way to accomplish that is by way of a jury questionnaire to which the prospective jurors are likely to provide frank answers. This matter also involves questions regarding federal tax law and returns, topics that have received outsized attention over the past year due to the controversial election of Donald Trump and the passage of a nearly-as-controversial tax bill. Both Mr. Lara and the government should have an opportunity to efficiently and effectively identify jurors with strong preconceptions regarding the state of tax law or tax return preparers in the country. A jury questionnaire will allow them to do so.

## III.    <u>CONCLUSION.</u>

For all of the above reasons, Mr. Lara respectfully requests this Court adopt the use of the attached jury questionnaire prior to its conducting of voir dire.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: March 2, 2018             By: /s/ David J. Cohen
                                     DAVID J. COHEN, ESQ.

                                 Attorneys for Defendant **Emilio Lara**

1

2

**JURY QUESTIONNAIRE - INSTRUCTIONS**

3

The integrity of our legal system depends on the fairness and impartiality of jurors. This

4

questionnaire has been prepared to assist the Court and all of the parties in this case to determine

5

whether you may have had personal experiences with or knowledge about the issues to be

6

decided by the jury. There are no right or wrong answers to any question. Please fill out

7

completely in ink. Since we need to make copies, do not write on the back of any page. If you

8

need more room, continue at the bottom or side of the page, or on the last page (noting question

9

number).

10

Please answer the questions honestly and completely. This questionnaire is part of the

11

trial record, but will not be available generally to the public without an order of the Court. In the

12

event that some of the questions call for sensitive personal information, which you wish not to

13

disclose here, please indicate that in your response. You will be provided an opportunity to speak

14

with the judge and/or the attorneys outside the presence of other jurors.

15

At the end of the questionnaire, you will be asked to sign the questionnaire and to declare

16

under penalty of perjury that your answers are true and correct.

17

Thank you for your cooperation.

18

19

20

21

22

23

24

25

26

27

28

Mr. Lara's Motion for Jury Questionnaire
*U.S. v. Lara,*
Case No. CR-15-00039-GEB                                        6

## JURY QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. The city where you live: _____

How long have you lived there: _____

4. Your place of birth: _____

5. Do you rent or own your own home? _____

6. Your marital status: (circle one)

      single    married    live with partner    separated    divorced    widowed

7. Please list the occupations of any adults with whom you live.

_____

_____

8. If you have children, please list their ages and sex and, if they are employed, please give their occupations.

_____

_____

_____

9. Please describe your educational background:

    Highest grade completed: _____

    College and/or vocational schools you have attended: _____

_____

Major areas of study: _____

10. Do you have any health problems that might limit your ability to concentrate on the evidence during the trial or otherwise prevent you from performing the duties of a juror?

Yes:_____ No:_____

If yes, please explain: _____

_____

11. Please circle any of the following in which you have had any training or education:

a.  DNA                    b. Criminal Justice          c. Counseling

d.  Criminology            e. Law Enforcement           f. Psychology

g.  Law                    h. Forensics                 i. Bookkeeping

j.  Federal Taxation       k. Tax Law                   l. Accounting

12. Do you have any feelings, bias or concerns about Latin Americans or Latino immigrants, particularly as it may relate to questioning their honesty, integrity or loyalty to the United States?

13. The name of the defendant in this case is Emilio Lara. Do you have any feelings about this case after hearing the defendant's name?

_____

14. Do you have any feelings, bias or concerns relating to individuals who may be illegal immigrants?

_____

15. The defendant, attorneys and witnesses may be of various races, ethnicities and national origins. Would the race, ethnicity or national origin of the defendant, the attorneys, the witnesses, or the law enforcement agents make it difficult for you to be a fair juror?

_____

_____

16. What are your feelings about expert witnesses or expert witness testimony?

17. Which of the following describes you? (please circle all that apply)

     a. Analytical   b. Careful    c. Compassionate    d. Emotional   e. Family Oriented

     f. Judgmental  g. Kind      h. Opinionated     i. Quiet     j. Religious

     k. Sensitive   l. Skeptical   m. Spiritual     n. Happy

     Other_____

18. What newspapers, journals, or periodicals do you read? (either in print or on-line)

_____

_____

19. How often do you use a computer? The internet?

_____

_____

20. What are your two favorite television shows?

_____

21. To which unions or professional organizations do you belong?

_____

22. What do you enjoy doing in your spare time?

_____

_____

## EMPLOYMENT

1. What is your occupation, and how long have you worked in it? (If you are retired or disabled, please describe your main occupation when you were working, if ever).

_____

Mr. Lara's Motion for Jury Questionnaire
*U.S. v. Lara,*
Case No. CR-15-00039-GEB       9

1  _____

2  2. Who is (or was) your employer?

3  _____

4

5  3. How long have you worked for this employer? _____

6  4. If you are disabled, please state the nature of your disability and any accommodations required

7  if you serve:

8  _____

9  5. If you are presently a student, please give the following information:

10      School/Subject                Year                Full or Part-Time

11      _____        _____        _____

12

13  6. Please list prior jobs or occupations:

14      Job Title:          Years:        Name/Location of Employer:

15      _____

16      _____

17  7. Please state your spouse or partner's present occupation and employer (if any):

18

19  _____

20  8. If you are divorced or widowed, what was your former spouse's occupation:

21  _____

22  9. Please describe any unions or professional organizations to which you belong:

23

24  _____

25  10. Have you ever studied or received any training or had any experience Law, Criminology or
    Criminal Justice, Medicine, Psychology or other Science? If yes, please explain:

26  _____

27

28  _____

Mr. Lara's Motion for Jury Questionnaire
*U.S. v. Lara,*
Case No. CR-15-00039-GEB                    10

11. Have you ever served in the armed forces?

Yes:_____ No:_____

If yes, please describe: _____

_____

## **POLITICAL, RELIGIOUS, AND OTHER ORGANIZATIONAL AFFILIATIONS**

1. Are you involved with a church and with church activities?

Yes:_____ No:_____

2. Have you ever had a negative experience with a religious group or organization?

Yes:_____ No:_____

If yes, please explain: _____

_____

_____

3. Please list any civic, social or charitable organizations you belong to:

_____

_____

_____

4. Do you or any members of your immediate family or household belong to any groups which monitors the criminal justice system or takes a position on legislation affecting the criminal justice system (i.e. Mothers Against Drunk Driving, National Rifle Assoc., Bay Area Women Against Rape, American Civil Liberties Union, victims rights groups, etc.)?

Yes:_____ No:_____

If yes, please state the name of the organization(s) and your degree of involvement:

_____

_____

**KNOWLEDGE OF EMILIO LARA**

1. Do you know or have you heard of Emilio Lara?

       Yes:_____ No:_____

       a. If you know him, how long have you known him and in what capacity?

       _____

       b. If you have heard of him, what have you heard?

       _____

2. Have you, your family members, or close friends ever worked at, visited, or had any other type of interaction with the following businesses:

       a. Lara's Income Tax Service

       b. Lara's Real Estate and Financial Corporation

       If yes, please describe the interaction or experience with each facility:

_____

_____

3. Some of the evidence may involve the tax return preparation industry, and businesses that offer assistance in the preparation of income tax returns in particular. Do you have any experience with, or opinions of, businesses of this type?

_____

_____

4. Have you, your family members, or close friends ever had a bad experience with a business that assists in the preparation of income tax returns?

5. Have you, a family member, or close friend ever been an officer of, or held a management position at, a business that assists in the preparation of income tax returns?

**CRIMINAL JUSTICE SYSTEM**

1. Have you ever served on a jury before? _____ How many times?_____

If yes: State/County Court _____ Federal Court _____

When? _____

Was it a civil or criminal case? _____

Did the jury(ies) reach a verdict? _____

Is there any reason that your prior jury service would affect your ability to be fair, objective, and impartial to both sides here?

Yes:_____ No:_____

2.      **WITHOUT MENTIONING ANY NAMES**, have you, or anyone you know, been required to testify in a criminal or civil case involving taxes?

_____

_____

3.      Have you, a family member, or any close friend, ever worked for, or been friends with anyone who worked for, any court or law enforcement agency including, but not limited to, the following:

    a.      any police agency

    b.      any prosecuting attorney's office

    c.      any criminal defense office

    d.      the judiciary (state, county or federal courts)

    Yes:_____ No:_____

    If yes, please explain: _____

_____

_____

4. Have you, a family member, or any close friend, ever worked for, or been friends with anyone who worked for, any law enforcement agency?

    Yes:_____ No:_____

If yes, please explain: _____

_____

_____

5. Have you, a family member, or any close friend ever worked in, or been friends with anyone who worked in, the legal profession?

      Yes:_____ No:_____

      If yes, please explain: _____

_____

_____

6. Have you ever served in the military police or in courts martial?

      Yes:_____ No:_____

7. Are you acquainted with Judge Garland Burrell, Jr., the judge in the case?

      Yes:_____ No:_____

7. **WITHOUT MENTIONING ANY NAMES**, have you, or anyone you know, been too afraid to testify, testify truthfully, report a crime, or report a crime truthfully, out of fear of retaliation? If YES please explain:

_____

_____

_____

8. Have **you** ever been the victim of a crime?

      Yes:_____ No:_____

      If yes, please explain and include where, when, the nature of the crime, and any injuries or losses you suffered for each such occurrence:

_____

_____

Mr. Lara's Motion for Jury Questionnaire
*U.S. v. Lara,*
Case No. CR-15-00039-GEB      14

1 _____

2
9. Have any members of your family or household or close friends ever been the victim of a
3 crime?

4          Yes:_____ No:_____

5
          If yes, please explain each such occurrence:
6

7 _____

8 _____

9 _____

10 10. Have you ever been a witness to a crime?

11          Yes:_____ No:_____

12          If yes:

13
          a. Did you report the crime to the police?  Yes:_____ No:_____
14

15          If no, why not?: _____

16          _____

17          b. Did you give a statement to the police? Yes:_____ No:_____

18
          c. Did you have to make any type of identification of the suspect (i.e., view pictures of
19          suspects or attend a lineup, etc.)?  Yes:_____ No:_____

20          If yes, please explain: _____

21

22          _____

23          d. Did you ever have to testify at a hearing or trial?  Yes:_____ No:_____

24 11. Have you ever called the police for any reason?

25          Yes:_____ No:_____

26          If yes, please explain: _____

27

28 _____

_____

12. Have you, or a close friend or family member, ever been accused, arrested or convicted of any offense?

       Yes:_____ No:_____

If yes, please explain: _____

_____

_____

_____

20. Have you, or a close friend or family member, ever had a bad experience with a court or with law enforcement or the federal government?

       Yes:_____ No:_____

If yes, please explain: _____

_____

_____

_____

21. Do you believe law enforcement officers are either more or less likely to tell the truth than other witnesses because of their occupations?

       Yes:_____ No:_____

## <u>GENERAL LEGAL PRINCIPLES</u>

1. In this case, the government alleges that the defendant, Emilio Lara, advised the preparation and presentation to the Internal Revenue Service of U.S. Individual Income Tax Returns, Forms 1040, for taxpayer clients. The government alleges that these returns were false or fraudulent as to material matters, in that they represented that the taxpayers were entitled under the provisions of the Internal Revenue laws to claim deductions for items and in amounts, when in truth and in fact, as Mr. Lara then and there knew, the taxpayers were not entitled to claim deductions for those items in the claimed amounts.

Is there anything about the nature of this case that would make it difficult for you to be a fair and impartial juror?

Yes:_____ No:_____

If yes, please explain: _____

_____

_____

_____

_____

2. Do you understand the principles that a defendant in a criminal case is presumed to be innocent unless proven guilty and that the burden of proof is upon the government to prove guilt beyond a reasonable doubt before there can be a conviction?

Yes:_____ No:_____

3. Would you have trouble presuming the defendant to be innocent?

Yes:_____ No:_____

4. Because the defendant is presumed innocent and the burden of proof is on the government to prove guilt beyond a reasonable doubt, the defendant need not testify, or present any witnesses or evidence. In fact, the defendant has a constitutional right not to testify and to rely upon the presumption of innocence. Will you be unable to give the defendant the benefit of the presumption of innocence if he chooses not to testify or present witnesses or evidence?

Yes:_____ No:_____

5. If, at the end of the case, you believed that the defendant was guilty beyond a reasonable doubt, would you be able to return a verdict of guilty?

Yes:_____ No:_____

6. If, at the end of the case, you had a reasonable doubt as to the defendant's guilt, would you be able to return a verdict of not guilty?

Yes:_____ No:_____

7. Will you be unable to follow the law as the court gives it to you, if you disagree with it or think it should be different?

Yes:_____ No:_____

8. Do you have any problem, based upon a doctrine of your religion, with sitting in judgment of another's conduct in a court of law in this or any other criminal case?

Yes:_____ No:_____

9. As a juror, you will be instructed that you must judge the testimony of each witness by the same standards, setting aside any bias or prejudice that you might have.  Would it be hard for you to follow this instruction if:

      a)      Some of the witnesses are law enforcement officers, and others are not?

            Yes:_____ No:_____

      b)      The witness has religious beliefs that are unusual or different from your own?

            Yes:_____ No:_____

      c)      The witness is from a different racial or ethnic group than you are?

            Yes:_____ No:_____

      d)      The witness if from a different socioeconomic status (more or less wealthy) than you are?

            Yes:_____ No:_____

      e)      The witness has an immigration status different than yours?

            Yes:_____ No:_____

If yes to any of the above, please explain: _____

_____

_____

10. Is there any other reason, not addressed above, that would make it difficult for you to be a fair and impartial juror in this case?

      Yes:_____ No:_____

If yes, please explain: _____

_____

_____

_____

11. Attached is a list of the parties, agents, investigators, attorneys, potential witnesses and other people connected with this case. Do you think you might know any of these people?

Yes:_____ No:_____

If yes, please place a checkmark by the name(s).

## **MISCELLANEOUS**

1. Is there anything else you feel is important for you to tell the Judge or the attorneys?

_____

_____

_____

## **VERIFICATION**

I, _____, declare under penalty of perjury under the laws of the state of California and the United States of America, that the foregoing responses I have given on this juror questionnaire, and on any attached sheets, are true and correct to the best of my knowledge and belief.

_____               _____
       DATE                                         SIGNATURE