DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306767
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone:  (415) 398-3900

Attorneys for Defendant **Emilio Lara**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>EMILIO LARA,<br><br>      Defendant. | Case No.  CR-15-00039-GEB<br><br>**MR. LARA'S MOTION FOR ADDITIONAL TIME FOR (1) JURY VOIR DIRE, AND (2) OPENING**<br><br>Date:   March 16, 2018<br>Time:  9:00 a.m.<br>Court: Hon. Garland E. Burrell, Jr. |

I. **INTRODUCTION**

Mr Lara is set for trial on 38 counts of aiding and assisting in the preparation and presentation of false and fraudulent income tax returns (pursuant to 26 U.S.C. §7206(2)) on March 20, 2018. On February 5, 2018, this Court issued an order tentatively providing each party with 20 minutes with which to conduct voir dire following a judicial voir dire, although the Court retained the option to conduct all jury voir dire in the case. Doc. no. 56. The Court also ordered the parties' opening statements be limited to 20 minutes each.

Mr. Lara now moves for additional time for (1) his jury voir dire, and (2) his opening statement.

## II. MR. LARA MUST HAVE SUFFICIENT TIME WITH WHICH TO CONDUCT A VOIR DIRE OF THE PROSPECTIVE JURORS.

Voir dire of prospective jurors is an essential mechanism to ensure any prejudices are ascertained in advance of the jury's seating. *Hayes v. Ayers*, 632 F.3d 500, 510 (9th Cir. 2011). More than a cursory examination of prospective jurors is necessary to achieve voir dire's intended goals. *See Fietzer v. Ford Motor Co.*, 622 F.2d 281, 284 (7th Cir. 1980) ["Courts have consistently held that the trial court . . . should permit a reasonably extensive examination of prospective jurors so that the parties have a basis for an intelligent exercise of the right to challenge."]. As a matter of statute, a court must supplement its jury voir dire with requests from the parties to "ask further questions" or "submit further questions that the court may ask." Fed. R. Crim. P. 24(a)(2). If the district court conducts a voir dire examination, it is incumbent upon the court to accept requests for additional questions that "test the jury for bias or partiality," keeping in mind "the fact that the parties have the right to some surface information about prospective jurors which might furnish the basis for an informed exercise of peremptory challenges or motions to strike for cause based upon a lack of impartiality." *United States v. Baldwin*, 607 F.2d 1295, 1297 (9th Cir. 1979). The Ninth Circuit has explained:

> The trial court must conduct voir dire in a manner that permits the informed exercise of both the peremptory challenge and the challenge for cause. Questions which merely invite an express admission or denial of prejudice are, of course, a necessary part of voir dire because they may elicit responses which will allow the parties to challenge jurors for cause. However, such general inquiries often fail to reveal relationships or interests of the jurors which may cause unconscious or unacknowledged bias. For this reason, a more probing inquiry is usually necessary. In some lawsuits the nature of the case itself suggests that a more specific inquiry is required with respect to particular matters. The nature of the controversy or the relationship and identity of the parties may involve matters on which a number of citizens may be expected to have biases or strong inclinations. If an inquiry requested by counsel is directed toward an important aspect of the litigation about which members of the public may be expected to have strong feelings or prejudices, the court should adequately inquire into the subject on voir dire. The court must not be

niggardly or grudging in accepting counsels' requests that such inquiries be made.

*Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981).

To accomplish the recognized goals of jury voir dire, Mr. Lara requests this Court eliminate its restriction on the parties' time with which they may conduct their questioning of prospective jurors. Particularly when used in conjunction with Mr. Lara's requested jury questionnaire, this procedure will enable the parties to effectively identify biased or partial jurors and exercise their challenges appropriately. Any arbitrary limitation on the time provided to the parties for jury voir dire will only serve to refuse their ability to conduct the appropriate voir dire in the circumstances. Such previously determined time limits also fail to accommodate unforseen circumstances in the jury selection process, potentially leaving the parties unable to adequately question jurors who make worrying comments late in the proceedings. At a minimum, restrictions on time will force the parties to make unsatisfying decisions regarding which jurors are worthy of attention, potentially resulting in counsel's failure to accurately predict, and thereby identify, the jurors who harbor disqualifying perspectives or opinions.

### III. MR. LARA MUST BE PERMITTED ADEQUATE TIME TO PRESENT A CLEAR OPENING STATEMENT TO THE JURY.

Mr. Lara is charged with having fraudulently prepared 38 different tax returns for 21 different clients over a span of more than three years. The government, as it does in many cases, would like to present to the jury the simplest version of those events. Mr. Lara, however, is entitled to explain to the jury exactly what the government is alleging and why its allegations are nonsensical. With the additional time he is requesting, Mr. Lara will be able to carefully and thoughtfully explain to the jury the relevant facts in their appropriate context. This time is particularly necessary in a federal tax case, which by its nature involves complicated statutes and regulations and requires the jury to

develop a full and complete understanding of the requirements imposed on taxpayers in addition to general legal principles that may arise in any criminal trial. Jurors are unlikely to be familiar with the complexities of income tax returns or the business of assisting clients in preparing their tax returns. Careful and methodical explanation of the fundamental concepts at play in the case will do a great deal to mitigate unnecessary confusion and ensure the jury is able to follow the entire procedure that will follow. For this reason, additional time for opening will allow both the government and Mr. Lara an opportunity to lend that assistance and equip the jury with the knowledge of the case they will need for the remainder of the trial.

The Court has granted the parties each 20 minutes with which to make their opening statements. Mr. Lara seeks a modest extension of this time, requesting an additional 20 minutes (for a total of 40 minutes) to allow him to make an adequate opening statement of the case.

## IV. CONCLUSION

For all of the above reasons, Mr. Lara respectfully requests this Court grant him additional time for (1) his jury voir dire, and (2) his opening statement. Mr. Lara expects to need no more than 40 minutes for his opening statement. Mr. Lara requests the Court not limit the time for the parties' jury voir dire, but instead permit the parties to voir dire as necessary to determine jurors' biases and partialities, as well as other attributes that may render them unfit for service.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: March 2, 2018        By: /s/ David J. Cohen
                                DAVID J. COHEN, ESQ.

                            Attorneys for Defendant **Emilio Lara**