McGREGOR W. SCOTT
United States Attorney
MATTHEW G. MORRIS
MIRIAM R. HINMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>EMILIO LARA,<br><br>      Defendant. | CASE NO. 2:15-CR-00039-GEB<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS FOR JURY QUESTIONNAIRE AND FOR ADDITIONAL TIME FOR VOIR DIRE AND OPENING<br><br>DATE: March 16, 2018<br>TIME: 9 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

   The government opposes the defendant's motions to compel use of his proposed jury questionnaire, *see* Def.'s Mot. #1, ECF No. 62, and for additional time for jury voir dire and opening statement, *see* Def.'s Mot. #2, ECF No. 63. The Court has significant discretion over voir dire and opening statements. Because the defendant's requested procedures are neither necessary nor appropriate, the Court should not adopt them.

  I.  **THE COURT SHOULD NOT USE THE DEFENDANT'S PROPOSED JURY QUESTIONNAIRE**

   "[F]ederal judges have been accorded ample discretion in determining how best to conduct the *voir dire*." *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981). This includes "broad discretion as to the questions to be asked." *Id.* (quoting *Aldridge v. United States*, 283 U.S. 308, 310 (1931)). "The district court may conduct the examination, or it may allow counsel to examine prospective jurors. If it conducts the examination, it may allow the attorneys to supplement the questioning, or may itself ask additional questions as needed." *United States v. Boise*, 916 F.2d 497, 504 (9th Cir. 1990) (citations

omitted). Failure to ask a specific question is an abuse of discretion only "if the questioning is not reasonably sufficient to test the jury for bias or partiality." *United States v. Jones*, 722 F.2d 528, 529 (9th Cir. 1983). Although courts sometimes choose to use a jury questionnaire, particularly in cases that are unusually complex or involve extensive pretrial publicity, the defense has cited no case requiring a court to use a jury questionnaire.

This case does not warrant the use of a questionnaire prior to oral voir dire. It is a relatively simple case of a tax preparer charged with falsely inflating deductions, and there has not been substantial publicity. Contrary to the defendant's assertions, the charged conduct does not involve controversial issues. *See* Def.'s Mot. #1 at 4-5. Taxpayers' immigration status is irrelevant, and any public controversy over tax law does not extend to whether people should be allowed to claim false deductions. Rather than wasting everyone's time with review of lengthy questionnaires, the Court can achieve greater efficiency by conducting oral voir dire in which most questions are asked of the entire panel. At the same time, the Court can address any privacy concerns by providing a means for jurors to respond in writing or outside the presence of the other jurors whenever they prefer to answer a question privately, and by conducting individual follow-up questioning as appropriate.

Furthermore, the defendant's proposed questionnaire includes questions that are inappropriate or irrelevant. Neither a person's training related to DNA nor his experience with religious groups has any bearing on his ability to serve as a juror in this case. *See* Def.'s Mot. #1 at 8, 11. It is not appropriate to inquire into jurors' personal lives by asking them to choose adjectives that describe their personality, identify their favorite television shows, or describe what they enjoy doing in their spare time. *See id.* at 9. To the extent the defense seeks an opportunity to ask those questions in the questionnaire that are relevant and appropriate, the Court has already offered the parties the opportunity to submit proposed questions for the Court's oral voir dire and to conduct their own oral voir dire. *See* Order at 2, ECF No. 56. No additional questionnaire is necessary.

II.     **THE COURT SHOULD NOT EXTEND THE TIME LIMITS FOR VOIR DIRE AND OPENING STATEMENTS**

The defendant requests that there be no time limit for the parties' voir dire and that the time limit for each party's opening statement be 40 minutes rather than 20 minutes. *See* Def.'s Mot. #2 at 3-4. As

set forth above, the Court has discretion over the conduct of voir dire and is not required to permit attorneys to ask questions at all.  It is appropriate for the Court to exercise its discretion to determine a reasonable time limit for the parties' voir dire, rather than allowing them an infinite amount of time.  Given the relatively short trial time and lack of controversial issues, the government believes that 20 minutes is adequate.

Just as district judges have significant discretion over the conduct of voir dire, they also have significant discretion over the conduct of opening statements.  *United States v. Goode*, 814 F.2d 1353, 1355 (9th Cir. 1987).  That includes the discretion to set time limits for opening statements, as long as the defense has enough time to advocate effectively for its client.  *United States v. Gray*, 105 F.3d 956, 963 (5th Cir. 1997).  Here, 20 minutes is sufficient because the case is not complex.  Allowing counsel to present excessively long opening statements about "the complexities of income tax returns," *see* Def.'s Mot. #2 at 4, would confuse and distract the jurors, not assist them.

### III.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motions for a jury questionnaire and for additional time for voir dire and opening statements.

Dated:  March 9, 2018

McGREGOR W. SCOTT
United States Attorney

By:  /s/ MIRIAM R. HINMAN
MIRIAM R. HINMAN
MATTHEW G. MORRIS
Assistant United States Attorneys