DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306767
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone:  (415) 398-3900

Attorneys for Defendant **Emilio Lara**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  CR-15-00039-GEB |
| | ) | |
| Plaintiff, | ) | **MR. LARA'S REPLY TO** |
| | ) | **GOVERNMENT'S OPPOSITION TO** |
| v. | ) | **MOTION TO CONTINUE TRIAL** |
| | ) | |
| EMILIO LARA, | ) | Date:   March 16, 2018 |
| | ) | Time:   9:00 a.m. |
| Defendant. | ) | Court:  Hon. Garland E. Burrell, Jr. |
| | ) | |

**I.**

## THE GOVERNMENT *STILL* HAS NOT PRODUCED MATERIALS RELATED TO AUDITS OF RETURNS CHARGED IN THE INDICTMENT.

The government acknowledges the occurrence of audits of returns charged in the indictment[1], hundreds of pages of materials related to those audits[2], and its obligation to turn over those materials to the defense. It also admits that as of March 13, 2018, exactly one week before trial is set to commence, it has not yet turned over those materials. It continues to promise that it will do so,

---

[1] The government claims six audits were performed, and as these materials have not been produced, Mr. Lara relies on its count. He notes, however, that previously disclosed Revenue Agent reports reference tax examinations for 36 of the 38 charged returns.

[2] The government's opposition describes these materials as consisting of "less than 200 pages total." Doc. no. 70, 4:8. However, the government informed defense counsel on the day of this filing that the materials, in fact, total approximately 350 pages. It is unclear whether this revision to the volume of the materials also affects the number of audits indicated.

apparently relying on the government's own conclusion that the audit records constitute *Jencks* materials that need not be turned over until the relevant witnesses' testimonies.

The government is incorrect that records related to audits of charged returns constitute only *Jencks* materials and are only subject to requirements for *Jencks* disclosures. Materials related to audits of returns charged in the indictment do not merely include statements of government witnesses. They also include potentially exculpatory conclusions and findings by the government itself, as well as the materials that bolster those exculpatory conclusions. For this reason, these materials are *Brady* materials subject to disclosure by the constitution in addition to Fed. R. Crim. P. 16. Constitutional due process requires that disclosure of exculpatory evidence be made sufficiently in advance of trial to permit the defendant to make effective use of that information at his trial. *See*, *e.g.*, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997); *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993).

The government has never argued that the audit materials are not exculpatory, as it has also never claimed that they are devoid of findings in Mr. Lara's favor. In fact, in the discovery previously provided to Mr. Lara, Revenue Agent reports indicate at least two instances of examinations resulting in substantiated expenses *higher* than those reported on the taxpayer's return. As Mr. Lara has never been provided the audit materials the government claims to intend to produce, Mr. Lara is unable to provide a significant analysis of the exculpatory value of these records. However, it is clear that Mr. Lara's constitutional due process rights require these *Brady* materials be produced, and be produced far enough in advance of trial that Mr. Lara have an opportunity to make full use of them.

Mr. Lara has repeatedly requested audit materials, including in a formal letter to the government on June 8, 2017. The government has repeatedly promised to produce them since July

6, 2017. The government now claims that Mr. Lara "waited from July 6, 2017, to February 23, 2018, before re-raising this matter," and "did not identify it as being an issue prior to the Rule 12 deadline passing." Doc. no. 70, 4:8-10. A more accurate summation of Mr. Lara's requests would be that he made his formal request to the government and filed a motion to compel discovery. Doc. no. 42. On the issue of audit materials, the government promised production on July 6, 2017, and Mr. Lara acted in reliance on that promise, entering into a stipulation to vacate the hearing on (but not withdraw) his motion to compel discovery, anticipating the government's disclosure of the materials it promised to produce. See doc. no. 51. As the matter neared trial, Mr. Lara reminded the government of its promise on February 23, 2018.[3] On February 28, 2018, the government continued to announce its intent to produce the requested audit materials. Because it did not do so, Mr. Lara sought to re-calendar a hearing on his earlier motion to compel discovery. Still, the government has failed to produce audit materials. Still, it promises it will do so.

On the day of this filing, March 13, 2018, the government informed defense counsel that it had approximately 350 pages of audit materials to produce, and promised it would disclose these materials by close of business on March 13. As of the time of filing, Mr. Lara has not received these materials. In the event the government actually does finally produce the materials, Mr. Lara will require time to review them and determine whether they present additional bases for a continuance of trial, or any other motions. Consequently, assuming the government produces the materials as it has recently said it would, Mr. Lara requests this Court not rule on his motion to continue the trial until he has had an opportunity to review those materials, a review he estimates will take at least one

---

[3] It is true that Mr. Lara did not send the government reminders of its obligation and promise between July 6, 2017 and February 23, 2018. What is less clear is why Mr. Lara has any obligation to continually remind the government of the discovery it has promised to produce, particularly where that discovery constitutes *Brady* materials. Mr. Lara's multiple requests, particularly when coupled with the government's explicit promise to comply, were sufficient.

or two days. For the convenience of the Court and to avoid any unnecessary delay, Mr. Lara will file a declaration attesting to any relevant revelations from the audit materials by 4:00 on Thursday, March 15, 2018. Mr. Lara requests the Court keep the motion hearing on calendar for March 16, 2018, so that the parties may address any factual or legal arguments that arise from Mr. Lara's review of the audit materials, and not rule on Mr. Lara's motion prior to his having had an opportunity to engage in that review and inform the Court of any relevant information he learns therefrom.

The government has already admitted that, if its production of the audit materials is *further* delayed, Mr. Lara will require additional time to review the materials. Perhaps failing to understand the process of defense investigation, it describes this required delay as "not [] more than a day or two." Doc. no. 70, 4:25. Thus, even the government acknowledges that its delayed production of audit materials warrants a continuance of trial. As Mr. Lara's trial is set to take place only on Tuesdays, Wednesdays, and Thursdays, the effect of a "one or two day" continuance would be, hypothetically, to postpone the commencement of trial until Thursday, rather than have it begin on a Tuesday. The commencement of trial on the last day of the trial week is unnecessarily burdensome on the jury and inefficient for the Court. Thus, a reasonable accommodation of the delay the government concedes will be necessary would be the week-long continuance that Mr. Lara has suggested, so as to avoid beginning trial on a Thursday and perhaps requiring the entire jury pool return for a consecutive week.

Of course, Mr. Lara has not seen the audit materials, and has only been informed today that these materials constitute approximately 350 pages of discovery (in contrast to the government's original claim in its opposition that the materials total "less than 200 pages" (*Id*. at 4:8)). He cannot, therefore, provide a guarantee as to the precise amount of delay the disclosure of these materials will cause. Mr. Lara, however, estimates he will need at least a week to review, analyze, investigate, and

incorporate the requested audit materials. According to the government, the Court is not set to commence another trial until April 24, 2018, and thus it may be that a continuance of Mr. Lara's trial need not interfere with the Court's subsequent matters. If Mr. Lara's requested continuance is granted and the trial is postponed one week, it is still estimated to conclude before April 24, 2018, and thus will not result in a continuance of this Court's subsequent trial in an unrelated matter.

However, even if the Court's schedule does not permit two trials to occur simultaneously, the fact that this Court is scheduled to begin another criminal trial cannot justify an infringement on Mr. Lara's constitutional due process rights by commencing a trial before he has been provided the materials (and time to review them) that he needs to present his full defense.

## II.

**SO LONG AS THE GOVERNMENT DOES NOT INTEND TO RELY ON MR. LARA'S PERSONAL TAX RETURNS, A CONTINUANCE ON THE BASIS OF NON-DISCLOSURE OF THOSE RETURNS IS NOT NECESSARY.**

The government explicitly informed both Mr. Lara and this Court that it intended to rely on his personal income tax returns, claiming that "[Mr.] Lara's own tax returns, even if not fraudulent, are admissible to show that he knew of the legal obligation to tell the truth on tax returns." Doc. no. 60, 5:20-21. This Court has ruled those returns admissible (subject to redaction of the financial contents of those returns). Doc. no. 67. The government now claims it does not intend to rely on Mr. Lara's personal income tax returns, but merely records showing he filed them (along with witness testimony establishing that returns, which the government does not possess, contain a jurat already known to exist on returns that *will* be in evidence). So long as the government does not introduce Mr. Lara's personal tax returns, then a continuance in order to allow the defense to obtain those returns is not necessary.

## III.

## THE GOVERNMENT IS INCORRECT THAT IT WAS NOT SUBJECT TO RULE 404(b)(2).

The government argues that it was not subject to Fed. R. Evid. 404(b)(2)'s notice requirements because Mr. Lara did not request notice. Additionally, it claims to have complied with Rule 404(b)(2)(B)'s pretrial notice requirement while ignoring entirely its obligation under Rule 404(b)(2)(A) to provide "reasonable notice." It is incorrect that Mr. Lara did not make a Rule 404(b) request in this case, specifically requesting from the government not just notice, but the production of specific Rule 404(b) materials themselves.[4] It is also incorrect that any pretrial notice complies with Rule 404(b)'s requirements, which necessitate not only notice before trial but "reasonable" notice. As Mr. Lara explained in his original motion, reasonable notice may, depending on the circumstances of the case, be far in advance of trial. *See United States v. Jack*, 257 F.R.D. 221, 234 (E.D. Cal. 2009); *see also United States v. Nachamie*, 91 F. Supp. 2d 565, 577 (S.D.N.Y. 2000) [requiring the government provide 404(b) notice one month before trial where it has "offered no good reason why it should not"]; *United States v. Peggs*, No. 07-0239, 2009 U.S. Dist. LEXIS 3674, 2009 WL 104295 (W.D. Mich. Jan. 14, 2009) [ordering notice six months before trial].

In any event, the government has recently announced its intention to rely *only* on personal income tax materials that have been produced to Mr. Lara. Mr. Lara does not waive his challenge to the adequacy of the government's Rule 404(b) notice, but no longer seeks a continuance on the basis of the government's failure to produce Rule 404(b) materials.

---

[4]Mr. Lara requested production of all materials related to his personal income tax returns and any associated audits on June 23, 2017. *See* Doc. no. 61, Ex. B. These requested materials constituted the entirety of (as of then) undisclosed Rule 404(b) evidence. Mr. Lara could not have reasonably requested any more than he did.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**CONCLUSION**

The government still has yet to produce audit materials that all parties agree should be disclosed. For that reason, as well as all those above enumerated, Mr. Lara respectfully requests this Court continue Mr. Lara's trial to a date amenable to the Court and parties.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: March 13, 2018                By: /s/ David J. Cohen
                                                        DAVID J. COHEN, ESQ.

                                                Attorneys for Defendant **Emilio Lara**