1  DAVID J. COHEN, ESQ.
   California Bar No. 145748
2  ALEXANDER P. GUILMARTIN, ESQ.
   California Bar No. 306767
3  **BAY AREA CRIMINAL LAWYERS, PC**
4  300 Montgomery Street, Suite 660
   San Francisco, CA 94104
5  Telephone:  (415) 398-3900

6
7  Attorneys for Defendant **Emilio Lara**

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,        )    Case No.  CR-15-00039-GEB
                                    )
11           Plaintiff,             )    **MR.  LARA'S  PROPOSED  JURY**
                                    )    **INSTRUCTIONS**
12 v.                               )
                                    )
13                                  )
   EMILIO LARA,                     )
14                                  )
             Defendant.             )
15                                  )
16 _____ )

17         On February 5, 2018, this Court issued an order instructing the parties to submit "proposed

18 jury instructions and a proposed verdict form." Doc. no. 56.  Mr. Lara submits the attached proposed

19 instructions.

20

21                              Respectfully submitted,

22
                               **BAY AREA CRIMINAL LAWYERS, PC**
23

24 Dated: March 13, 2018        By: /s/ David J. Cohen_____
                                    DAVID J. COHEN, ESQ.
25
26                              Attorneys for Defendant **Emilio Lara**

27

28

**1.1 DUTY OF JURY**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you. Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, or economic circumstances.

**1.2 THE CHARGE—PRESUMPTION OF INNOCENCE [MODIFIED]**

This is a criminal case brought by the United States government against the defendant, Emilio Lara, a part-owner and operator of an income tax return preparation business that assists clients in preparing and filing their federal and state income tax returns. The government charges the defendant with advising or procuring the preparation of a false income tax return in violation of Section 7206(2) of Title 26 of the United States Code. That is, the government alleges that the defendant, while assisting his clients in preparing their federal income tax returns, personally inputted inaccurate expenses and deductions into their returns before he filed those returns with the IRS, and that he knew he was doing so.

The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of each Count which the government must prove to make its case:

First, the defendant (and not someone else) advised or procured the taxpayer client in the preparation of an income tax return by inputting information that was false;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Second, the income tax return was false as to any material matter necessary to a determination of whether income tax was owed; and

Third, the defendant acted willfully, that is, intentionally and voluntarily with a bad purpose or evil motive knowing the expenses or deductions he inputted were false or fraudulent.

**1.3 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits which are received in evidence.

**1.4 WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## 1.5 DIRECT AND CIRCUMSTANTIAL EVIDENCE [MODIFIED]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**1.6 RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# 1.7 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**1.8 CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**1.9 NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**1.10 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.11 OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**1.12 JURY TO BE GUIDED BY ENGLISH TRANSLATION/INTERPRETATION**

A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter. [When recorded evidence is presented in another language, there will be an official court translation of the recording.]

The evidence you are to consider and on which you must base your decision is only the English-language interpretation [or translation] provided through the official court interpreters [or translators]. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation [or translation].

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

## 2.1 CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] to give to me.

Mr. Lara's Proposed Jury Instructions
*U.S. v. Lara,*
Case No. CR-15-00039-GEB                16

## 2.2 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## 2.7 TRANSCRIPT OF RECORDING IN ENGLISH

You will hear a recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you hear is controlling. After the recording has been played, the transcript will be taken from you.

**2.8A DISPUTED TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE**

You will hear and watch a recording in the Spanish language. A transcript of the recording will be admitted into evidence. The transcript is an English-language translation of the recording. The accuracy of the transcript is disputed in this case.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the words spoken in a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, the audibility of the recording, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcript must be based on the evidence in the case.

**2.9 FOREIGN LANGUAGE TESTIMONY**

You will hear testimony of a witness who will be testifying in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

### 3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, or economic circumstances. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

2

### 3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE—

### PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**3.3 DEFENDANT'S DECISION NOT TO TESTIFY [IF NO TESTIMONY]**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

1

**3.5 REASONABLE DOUBT—DEFINED**

2

3

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant

4

is guilty. It is not required that the government prove guilt beyond all possible doubt.

5

6

A reasonable doubt is a doubt based upon reason and common sense and is not based

7

purely on speculation. It may arise from a careful and impartial consideration of all the evidence,

8

or from lack of evidence.

9

10

11

If after a careful and impartial consideration of all the evidence, you are not convinced

12

beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not

13

guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you

14

are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the

15

defendant guilty.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**3.6 WHAT IS EVIDENCE**

2

The evidence you are to consider in deciding what the facts are consists of:

3

4

5

(1) the sworn testimony of any witness; and

6

7

(2) the exhibits received in evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.7 WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### 3.9 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about

something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2

**3.10 ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges

in the indictment. The defendant is not on trial for any conduct or offense not charged in the

indictment.

1

## 3.11 SEPARATE CONSIDERATION OF MULTIPLE COUNTS—

2

### SINGLE DEFENDANT

3

A separate crime is charged against the defendant in each count. You must decide each

4

count separately. Your verdict on one count should not control your verdict on any other count.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.19 JURY TO BE GUIDED BY OFFICIAL ENGLISH**

**TRANSLATION/INTERPRETATION**

The Spanish language has been used during this trial.


The evidence you are to consider is only that provided through the official court interpreters [or translators]. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation [or translation] and disregard any different meaning.

**4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

    You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

1

## 4.11 EYEWITNESS IDENTIFICATION

2

You have heard testimony of eyewitness identification.  In deciding how much weight to

3

give to this testimony, you may consider the various factors mentioned in these instructions

4

concerning credibility of witnesses.

5

6

7

In addition to those factors, in evaluating eyewitness identification testimony, you may

8

also consider:

9

10

11

(1)    the capacity and opportunity of the eyewitness to observe the offender based upon the

12

length of time for observation and the conditions at the time of observation, including lighting

13

and distance;

14

(2)    whether the identification was the product of the eyewitness's own recollection or was

15

the result of subsequent influence or suggestiveness;

16

17

(3)    any inconsistent identifications made by the eyewitness;

18

(4)    the witness's familiarity with the subject identified;

19

(5)    the strength of earlier and later identifications;

20

(6)    lapses of time between the event and the identification; and

21

22

(7)    the totality of circumstances surrounding the eyewitness's identification.

23

24

25

26

27

28

**4.14 OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from [name] who testified to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**4.14A DUAL ROLE TESTIMONY**

You have heard testimony from [name] who testified to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**7.1 DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, or economic circumstances.

1

2

3

4

5

   It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 7.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information,

1  please notify the court immediately.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**7.3 USE OF NOTES**

2

3

        Some of you have taken notes during the trial. Whether or not you took notes, you should

4

rely on your own memory of what was said. Notes are only to assist your memory. You should

5

not be overly influenced by your notes or those of your fellow jurors.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**7.4 JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1

**7.5 VERDICT FORM**

2

3     A verdict form has been prepared for you. After you have reached unanimous agreement

4     on a verdict, your foreperson should complete the verdict form according to your deliberations,

5     sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**7.6 COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**9.40 AIDING OR ADVISING FALSE INCOME TAX RETURN [MODIFIED]**

**(26 U.S.C. § 7206(2))**

The defendant is charged in all Counts of the indictment with advising or procuring the preparation of a false income tax return in violation of Section 7206(2) of Title 26 of the United States Code. In order for the defendant to be found guilty of each charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant (and not someone else) advised or procured the taxpayer client in the preparation of an income tax return by inputting information that was false;

Second, the income tax return was false as to any material matter necessary to a determination of whether income tax was owed; and

Third, the defendant acted willfully.

The government is not required to prove that the taxpayer client knew that the return was false.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

**9.42 WILLFULLY—DEFINED [MODIFIED]**

**(26 U.S.C. §§ 7201, 7203, 7206, 7207;** ***Cheek v. United States*, 498 U.S. 192, 203 (1991);**

***United States v. Hawk*, 497 F.2d 365, 368-69 (9th Cir. 1974);** ***United States v. Conlin*, 551**

**F.2d 534, 536 (2d Cir. 1977);** ***United States v. Udo*, 795 F.3d 24, 29 (2015))**

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty. To act willfully in this context is not to merely act ignorantly, but to act with a bad purpose or evil motive. The defendant may not be convicted if you find he merely acted with recklessness, negligence, carelessness, or mistake, nor if he acted innocently, nor even if he acted with gross negligence or gross carelessness. Rather, to be convicted, the defendant must have acted with criminal or evil intent.

A defendant who acts on a good faith misunderstanding as to the existence or nonexistence of facts does not act willfully, even if his understanding is wrong or unreasonable. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant *knew* the return he advised or procured the preparation of included a false statement.

A defendant who acts on a good faith misunderstanding as to the requirements of the law also does not act willfully, even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must also prove

beyond a reasonable doubt that the defendant did not have a good faith belief that he was

complying with the law.

   In short, good faith is an absolute defense to the charges in this case. A defendant is under

no burden to prove his good faith; rather the prosecution must prove that the defendant knew the

expenses or deductions were false or fraudulent. The defendant cannot be convicted unless he

knew the expenses or deductions he is found to have inputted were false or fraudulent.