McGREGOR W. SCOTT
United States Attorney
MATTHEW G. MORRIS
MIRIAM R. HINMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:15-CR-00039 GEB |
| Plaintiff, | GOVERNMENT'S PROPOSED JURY INSTRUCTIONS |
| v. | DATE: March 20, 2018 |
| EMILIO LARA, | TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Garland E. Burrell, Jr. |

The United States of America, by and through its attorneys McGREGOR W. SCOTT, United States Attorney for the Eastern District of California, MATTHEW G. MORRIS and MIRIAM R. HINMAN, Assistant United States Attorneys, respectfully requests that the Court include in its standard charge to the jury the instructions set forth below, from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.).[1]  In addition, on pages 36 and 38 the United States requests two instructions based on Supreme Court opinions.

///

///

///

---

[1] The United States has noted where a later model instruction was approved.

The United States requests permission to supplement these instructions depending on the evidence presented during the trial.


Dated:  March 13, 2018                                McGREGOR W. SCOTT
                                                      United States Attorney


                                              By:   /s/ MIRIAM R. HINMAN
                                                    MIRIAM R. HINMAN
                                                    MATTHEW G. MORRIS
                                                    Assistant United States Attorneys

Court's Instructions Prior to Opening Statement(s)

[remainder of page intentionally left blank]

INSTRUCTION NO.

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed [written] instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.  Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, ~~or~~ gender[, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community].

9TH CIR. CRIM. JURY INST. 1.1 (2010 ed., as approved Sep. 2017) (modified with strikethrough marks)
Plaintiff's Proposed Jury Instruction No. 1
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

This is a criminal case brought by the United States government.  The government charges the defendant with thirty-eight counts of aiding or assisting in the preparation or presentation of false or fraudulent income tax returns.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

~~[In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] which the government must prove to make its case: [supply brief statement of elements of crime[s]].]~~

9TH CIR. CRIM. JURY INST. 1.2 (2010 ed.) (modified to reflect charges and with strikethrough marks)
Plaintiff's Proposed Jury Instruction No. 2
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

9TH CIR. CRIM. JURY INST. 1.3 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 3
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

        (1)     statements and arguments of the attorneys;

        (2)     questions and objections of the attorneys;

        (3)     testimony that I instruct you to disregard; and

        (4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

9TH CIR. CRIM. JURY INST. 1.4 (2010 ed.) (emphasis in original)
Plaintiff's Proposed Jury Instruction No. 4
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
          JUDGE

INSTRUCTION NO.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 1.5 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 5
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9TH CIR. CRIM. JURY INST. 1.6 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 6
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)      the witness's opportunity and ability to see or hear or know the things testified to;

(2)      the witness's memory;

(3)      the witness's manner while testifying;

(4)      the witness's interest in the outcome of the case, if any;

(5)       the witness's bias or prejudice, if any;

(6)      whether other evidence contradicted the witness's testimony;

(7)      the reasonableness of the witness's testimony in light of all the evidence; and

(8)      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 1.7 (2010 ed., as approved Jan. 2016)
Plaintiff's Proposed Jury Instruction No. 7
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it ~~[, although I have no information that there will be news reports about this case]~~; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research

about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 1.8 (2010 ed., as approved Jun. 2016, modified with strikethrough)
Plaintiff's Proposed Jury Instruction No. 8
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
                JUDGE

INSTRUCTION NO.

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

9TH CIR. CRIM. JURY INST. 1.9 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 9
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 1.10 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 10
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

[A language] [Languages] other than English will be used for some evidence during this trial. [When a witness testifies in another language, the witness will do so through an official court interpreter.] [When recorded evidence is presented in another language, there will be an official court translation of the recording.]

The evidence you are to consider and on which you must base your decision is only the English-language [interpretation] or [translation] provided through the official court [interpreters] and [translators]. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official [interpretation] or [translation].

[You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.]

9TH CIR. CRIM. JURY INST. 1.12 (2010 ed., as approved Dec. 2017) (modified with strikethrough marks)
Plaintiff's Proposed Jury Instruction No. 11
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

9TH CIR. CRIM. JURY INST. 1.11 (2010 ed.) (modified with strikethrough marks based on government's understanding of Court's practice with respect to closing arguments)
Plaintiff's Proposed Jury Instruction No. 12
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

Court's Instructions During Trial and at First Recess

[remainder of page intentionally left blank]

INSTRUCTION NO.

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] to give to me.

9TH CIR. CRIM. JURY INST. 2.1 (2010 ed., as approved Sep. 2017)
Plaintiff's Proposed Jury Instruction No. 13
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

From time to time during the trial, it [may become][became] necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury [is][was] present in the courtroom, or by calling a recess.  Please understand that while you [are][were] waiting, we [are][were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do][have done] what we [can][could] to keep the number and length of these conferences to a minimum.  I [may][did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

9TH CIR. CRIM. JURY INST. 2.2 (2010 ed., as approved Sep. 2017) (modified with strikethrough marks)
Plaintiff's Proposed Jury Instruction No. 14
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
　JUDGE

1

2

INSTRUCTION NO.

3

4      You [are about to [hear][watch]] [have [heard][watched]] a recording in the [*specify foreign*

5  *language*]Spanish language. Each of you [has been][was] given a transcript of the recording that has

6  been admitted into evidence. The transcript is an English-language translation of the recording.

7      Although some of you may know the [*specify foreign language*]Spanish language, it is important

8  that all jurors consider the same evidence. The transcript is the evidence, not the foreign language

9  spoken in the recording. Therefore, you must accept the English translation contained in the transcript

10  and disregard any different meaning of the non-English words.

11

12

13

14

15

16

17

18

19

20

21  9TH CIR. CRIM. JURY INST. 2.8 (2010 ed., as approved Sept. 2017) (modified by strikethrough marks
    and to reflect that Spanish is the foreign language)

22  Plaintiff's Proposed Jury Instruction No. 15
    GIVEN _____

23  GIVEN AS MODIFIED _____

24  REFUSED _____
    WITHDRAWN _____

25

26

27                                                    _____
                                                    JUDGE

28

INSTRUCTION NO.

You [are about to hear][have heard] testimony of a witness who [will be testifying][testified] in the [*specify foreign language*]Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the [*specify foreign language*]Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

9TH CIR. CRIM. JURY INST. 2.9 (2010 ed., as approved Sept. 2017) (modified by strikethrough marks and to reflect that Spanish is the foreign language)

Plaintiff's Proposed Jury Instruction No. 16

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

JUDGE

Court's Instructions Prior to Deliberations


[remainder of page intentionally left blank]

INSTRUCTION NO.

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

9TH CIR. CRIM. JURY INST. 3.1 (2010 ed., as approved Sep. 2017) (modified with strikethrough marks)
Plaintiff's Proposed Jury Instruction No. 17
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

The indictment is not evidence.  The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 3.2 (2010 ed., as approved Dec. 2017)
Plaintiff's Proposed Jury Instruction No. 18
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

OR

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

9TH CIR. CRIM. JURY INST. 3.3 (2010 ed., as approved Dec. 2017) and 3.4 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 19
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
        JUDGE

INSTRUCTION NO.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9TH CIR. CRIM. JURY INST. 3.5 (2010 ed., as approved Dec. 2016)
Plaintiff's Proposed Jury Instruction No. 20
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

9TH CIR. CRIM. JURY INST. 3.6 (2010 ed., approved 12/2017)
Plaintiff's Proposed Jury Instruction No. 21
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

       (1)     statements and arguments of the attorneys;

       (2)     questions and objections of the attorneys;

       (3)     testimony that I instruct you to disregard; and

       (4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

9TH CIR. CRIM. JURY INST. 3.7 (2010 ed.) (emphasis in original)
Plaintiff's Proposed Jury Instruction No. 22
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
          JUDGE

INSTRUCTION NO.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 3.8 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 23
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 3.9 (2010 ed., as approved 12/2017)
Plaintiff's Proposed Jury Instruction No. 24
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

9TH CIR. CRIM. JURY INST. 3.10 (2010 ed.) (modified by strikethrough marks)
Plaintiff's Proposed Jury Instruction No. 25
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.


A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

9TH CIR. CRIM. JURY INST. 3.11 (2010 ed., as approved 12/2017)
Plaintiff's Proposed Jury Instruction No. 26
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The ~~*[specify the foreign language]*~~Spanish language has been used during this trial.

The evidence you are to consider is only that provided through the official court ~~[interpreters]~~ and ~~[translators]~~. Although some of you may know the ~~*[specify the foreign language]*~~Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English ~~[interpretation]~~ or ~~[translation]~~ and disregard any different meaning.

9TH CIR. CRIM. JURY INST. 3.19 (2010 ed.) (modified by strikethrough marks and to reflect that Spanish was the foreign language used)
Plaintiff's Proposed Jury Instruction No. 27
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent], [motive] [opportunity] [preparation] [plan], [knowledge], [identity], [absence of mistake], and [absence of accident] and for no other purpose. [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

9TH CIR. CRIM. JURY INST. 4.3 (2010 ed., as approved March 2016) (modified by strikethrough marks)
Plaintiff's Proposed Jury Instruction No. 28
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
   JUDGE

INSTRUCTION NO.

The defendant is charged in ~~Counts One through Thirty-Eight of~~ the indictment with ~~aiding~~, ~~assisting~~, ~~advising~~, ~~procuring~~, or ~~counseling~~ the preparation of a false income tax return in violation of Section 7206(2) of Title 26 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant ~~aided~~, ~~assisted~~, ~~advised~~, ~~procured~~, or ~~counseled~~ ~~specify person(s)~~ a taxpayer in the ~~preparation~~ or ~~presentation~~ of an income tax return that was ~~false~~ or ~~fraudulent~~;

Second, the income tax return was ~~false~~ or ~~fraudulent~~ as to any material matter necessary to a determination of whether income tax was owed; and

Third, the defendant acted willfully.

The government is not required to prove that the taxpayer knew that the return was false.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

9TH CIR. CRIM. JURY INST. 9.40 (2010 ed.) (modified with strikethrough marks and to replace "specify person" with "a taxpayer")
Plaintiff's Proposed Jury Instruction No. 29
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO.

2

3      Some counts in the indictment charge that multiple items on a particular tax return are materially

4  false.  The government is not required to prove that all of the items alleged as to a particular tax return

5  are materially false.  Proof of a violation of Section 7206(2) for one of the alleged items is sufficient to

6  find the defendant guilty on that count.

7

8

9

10

11

12

13

14

15

16

17

18

19

20  *Griffin v. United States*, 502 U.S. 46, 56-57 (1991); *United States v. Bussell*, 414 F.3d 1048, 1058 (9th
Cir. 2005); *United States v. UCO Oil Co.*, 546 F.2d 833, 838 (9th Cir. 1976).

21

22  Plaintiff's Proposed Jury Instruction No. 30
GIVEN _____

23  GIVEN AS MODIFIED _____
REFUSED _____

24  WITHDRAWN _____

25

26                                        _____

27                                          JUDGE

28

1    INSTRUCTION NO.

2

3        In order to prove that the defendant acted "willfully," the government must prove beyond a

4    reasonable doubt that the defendant knew federal tax law imposed a duty on [him] [her], and the

5    defendant intentionally and voluntarily violated that duty.

6        [A defendant who acts on a good faith misunderstanding as to the requirements of the law does

7    not act willfully even if [his] [her] understanding of the law is wrong or unreasonable. Nevertheless,

8    merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all

9    persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the

10   defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did

11   not have a good faith belief that [he] [she] was complying with the law.]

12

13

14

15

16

17

18

19

20

21   9TH CIR. CRIM. JURY INST. 9.42 (2010 ed.) (modified with strikethrough marks based on *United
22   States v. Pomponio*, 429 U.S. 10, 13 (1976); *United States v. Hickey*, 580 F.3d 922, 931 (9th Cir.2009))
     Plaintiff's Proposed Jury Instruction No. 31
     GIVEN _____
23   GIVEN AS MODIFIED _____
24   REFUSED _____
     WITHDRAWN _____
25

26                                    _____

27                                    JUDGE

28

INSTRUCTION NO.

The government does not need to prove any motive other than an intentional violation of a known legal duty.

*United States v. Pomponio*, 429 U.S. 10, 12 (1976); *United States v. Easterday*, 564 F.3d 1004, 1008-09 (9th Cir. 2009).

Plaintiff's Proposed Jury Instruction No. 32
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, ~~[will say in their]~~ closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INST. 3.7 (2010 ed.) (modified with strikethrough mark based on government's understanding of Court's practice with respect to closing arguments)
Plaintiff's Proposed Jury Instruction No. 33
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The indictment charges that the offenses alleged in each of Counts One though Thirty-Eight were committed "on or about," certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in Counts One through Thirty-Eight of the indictment, respectively, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

9TH CIR. CRIM. JURY INST. 3.20 (2010 ed., as approved Jun. 2015)
Plaintiff's Proposed Jury Instruction No. 34
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

9TH CIR. CRIM. JURY INST. 4.1 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 35
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender[, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community].

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

9TH CIR. CRIM. JURY INST. 7.1 (2010 ed., as approved Sep. 2017) (modified w/ strikethrough marks)
Plaintiff's Proposed Jury Instruction No. 36
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 7.2 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 37
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO.

2   Some of you have taken notes during the trial. Whether or not you took notes, you should rely

3 on your own memory of what was said. Notes are only to assist your memory. You should not be

4 overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 7.3 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 38
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
  JUDGE

INSTRUCTION NO.

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 7.4 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 39
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

1

INSTRUCTION NO.

2          A verdict form has been prepared for you. [*Explain verdict form as needed.*]The verdict form

3   includes a separate section for each of the thirty-eight counts in the indictment.  After you have reached

4   unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form

5   according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to

6   return to the courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22   9TH CIR. CRIM. JURY INST. 7.5 (2010 ed.) (modified with strikethrough marks and to explain the
     verdict form)
     Plaintiff's Proposed Jury Instruction No. 40

23   GIVEN _____

24   GIVEN AS MODIFIED _____
     REFUSED _____

25   WITHDRAWN _____

26

27   _____
                         JUDGE
28

INSTRUCTION NO.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

9TH CIR. CRIM. JURY INST. 7.6 (2010 ed.)
Plaintiff's Proposed Jury Instruction No. 41
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE