1  DAVID J. COHEN, ESQ.
   California Bar No. 145748
2  ALEXANDER P. GUILMARTIN, ESQ.
3  California Bar No. 306767
   **BAY AREA CRIMINAL LAWYERS, PC**
4  300 Montgomery Street, Suite 660
   San Francisco, CA 94104
5  Telephone:  (415) 398-3900

6
   Attorneys for Defendant **Emilio Lara**
7
8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,          )    Case No.  CR-15-00039-GEB
                                       )
11         Plaintiff,                  )    **DECLARATION OF ALEXANDER P.**
                                       )    **GUILMARTIN, ESQ., IN SUPPORT OF**
12 v.                                  )    **MR. LARA'S MOTION TO CONTINUE**
                                       )    **TRIAL**
13                                     )
   EMILIO LARA,                        )
14                                     )    Date:  March 16, 2018
           Defendant.                  )    Time:  9:00 a.m.
15                                     )    Court: Hon. Garland E. Burrell, Jr.
                                       )
16

17         I, ALEXANDER P. GUILMARTIN, ESQ., declare as follows:

18         1.      I am an attorney duly licensed to practice law before the United States District Court

19 for the Northern District of California and am one of the attorneys retained to represent Emilio Lara,

20 defendant herein.

21
           2.      On March 13, 2018, after Mr. Lara e-filed his reply to the government's opposition
22
23 to his motion to continue trial, the government provided Mr. Lara with 386 pages of additional

24 discovery. Those materials provide further factual bases to continue the trial. Consequently, as he

25 expressed his intent to do in his reply, Mr. Lara submits this declaration to the Court to consider in

26 ruling on Mr Lara's motion to continue trial.

27
           3.      The 386 pages of discovery provided to Mr. Lara consist of what the government has
28

Declaration of Alexander P. Guilmartin, Esq., in Support of Mr. Lara's Trial Brief
*U.S. v. Lara*,
Case No. CR-15-00039-GEB                    1

described as "audit" records and materials related to individual taxpayers whose returns are charged in the indictment (and at least one individual whose returns were not charged). In truth, the discovery appears to show notices of deficiency and corresponding adjustments made as a result of correspondence that occurred pursuant thereto. These records do not indicate the execution of full IRS audits, and the resulting adjustments appear to be of the same exact type that were executed on each of the 38 returns charged in the indictment, as each charged taxpayer presumably received a notice of deficiency (after which the adjustments the government has already disclosed were performed).

4.     Because of this, the only reasonable inference that can be drawn from the discovery is that these same records and materials exist, in some form, as to *every* charge from the indictment. The government has conceded the relevance of these materials, going so far as to acknowledge that they contain statements from government witnesses that should be classified as *Jencks* materials. For his part, Mr. Lara contends these materials are *Brady* materials, review of which constitutional due process requires. To the extent that the same materials exist for other charged returns and witnesses, as appears to be the case, disclosure is required. Mr. Lara has not received these materials, and this fact alone warrants continuance of the trial so that Mr. Lara can receive, review, analyze, and investigate the "audit" materials for all charged returns.

5.     Additionally, the "audit" materials appear incomplete in at least two instances. The government is obligated to turn over the complete version of each instance of "audit" materials whether they are specifically in the possession of the IRS or the prosecution itself. Mr. Lara cannot proceed to trial without those complete materials in his possession.

6.     This recently produced discovery also indicates the involvement of additional IRS agents of which Mr. Lara was never informed. These agents, who performed at least the "audits"

Declaration of Alexander P. Guilmartin, Esq., in Support of Mr. Lara's Trial Brief
*U.S. v. Lara*,
Case No. CR-15-00039-GEB                                   2

1  indicated in the recently produced discovery, have never been contacted or subpoenaed by the

2  defense because Mr. Lara had not been informed of their existence. A continuance of the trial is now

3  critical to allow Mr. Lara an opportunity to locate and subpoena these potential witnesses.

4

5           7.      Critically, the recently disclosed "audit" discovery indicates adjustments in the

6  taxpayer's (and, thus, Mr. Lara') favor. This directly exculpatory *Brady* information, showing at a

7  minimum mistake or inadvertence, further supports a continuance of Mr. Lara's trial. It also supports

8  Mr. Lara's contentions above, as it shows the utmost importance of disclosure of *all* "audit"

9
   materials in the government's possession, including for the thousands of uncharged returns Mr. Lara
10
   filed in the relevant years. Mr. Lara must be permitted an opportunity to investigate these new
11

12  revelations, and to review all "audit" materials in the government's possession.

13          8.      The discovery produced by the government for the first time on March 13, 2018 (after

14
   having been requested by Mr. Lara since June 8, 2017) necessitates a continuance of Mr. Lara's trial.
15
   For that reason, as well as for all of the others that Mr. Lara has raised in his papers and before the
16

17  court, Mr. Lara requests at least a one-week continuance of the trial to allow him to fully and

18  properly prepare (and to allow the government to satisfy its discovery obligations).

19          I declare under penalty of perjury under the laws of the State of California that the foregoing

20  is true and correct. Executed on the 15th of March, 2018, in San Francisco, California.

21

22                                  /s/ Alexander P. Guilmartin
                                    ALEXANDER P. GUILMARTIN, ESQ.
23                                  DECLARANT

24

25

26

27

28

Declaration of Alexander P. Guilmartin, Esq., in Support of Mr. Lara's Trial Brief
*U.S. v. Lara*,
Case No. CR-15-00039-GEB                    3