UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-39-GEB |
| Plaintiff, | **VOIR DIRE, INITIAL JURY INSTRUCTIONS, JURY INSTRUCTIONS THAT MAY BE GIVEN IN THE COURSE OF TRIAL, PROPOSED CLOSING JURY INSTRUCTIONS, AND PROPOSED VERDICT FORM** |
| v. | |
| EMILIO LARA, | |
| Defendant. | |

Attached are the Court's voir dire questions, initial jury instructions, instructions that may be given in the course of trial if a party makes the request, proposed closing jury instructions, and proposed verdict forms.

The bracketed optional language shall be clarified by a party or the parties as soon as feasible.

Trial will commence at 9:00 a.m. on March 20, 2018.

Dated:  March 16, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1

1

2

3

4

**VOIR DIRE**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

EMILIO LARA,

          Defendant.

No. 2:15-cr-00039-GEB

**VOIR DIRE**

      Good morning and welcome to the United States District Court.  Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin.  You are performing an important function in our legal system.

      The court personnel who will assist me in this trial are on the platform below me.  The Courtroom Deputy Clerk is Shani Furstenau.  Next to her is the Certified Court Reporter.  Ms. Furstenau, please administer the oath to the prospective jurors.

      We are about to begin what is known as voir dire.  Voir dire consists of questions designed to provide the court and the parties with information about each potential juror.  After questioning is complete, the parties will exercise what is known as peremptory challenges.

1.  Counsel, the Jury Administrator has already randomly selected potential jurors and their names are on the sheet you have been given in the order of the random selection. Each potential juror has been placed in his or her randomly-selected seat, and has been given a large laminated card on which the number is placed showing the order in which the potential juror was randomly selected.

2.  I will ask the potential jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, meaning the potential juror in the lowest numbered seat will respond first. If no card is raised, I will simply state "no response" and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That could expedite the process.

3.  If a potential juror concludes a question unduly pries into a private matter, the potential juror may request to respond out of the earshot of other potential jurors. I'm authorized to try to protect legitimate privacy interests, but may ask questions in the area that you indicate a desire to discuss in private to determine whether it, or any aspect of the matter, should be responded to as indicated. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

4.  The presentation of evidence and closing argument portions of the trial are expected to be completed in

approximately two and a half weeks, after which the case will be submitted to the jury for jury deliberation. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends until you complete your deliberations. Does the schedule pose a special problem for any prospective jury?

5. Counsel may make any desired introductions and the government shall name anticipated witnesses it may call so it can be determined whether any potential jury knows or has contact with a person named.

a. Do you know and or have you had any contact with a person just named?

6. This is a criminal case brought by the United States. The defendant Emilio Lara is charged by indictment with having willfully aided or assisted other people in preparing or presenting false or fraudulent income tax returns to the IRS. The indictment alleges that each of the tax returns in question contained false and inflated amounts for one or more categories of itemized deductions. The allegations in the indictment are not evidence, and the defendant has pleaded not guilty to those charges.

7. In light of the allegations, does any potential juror prefer not being a juror on this case?

8. Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

9. Is there any reason why you would not be able to

be a juror and/or to give your full attention to this case?

        10.  Have you, any member of your family, or any close friend been accused of or arrested for a crime or been the defendant in a criminal case?

        a.  Could what you just related interfere with your being a fair and impartial juror in this case?

        11.  Do you have any religious or moral objection to sitting in judgment of another's conduct in a court of law?

        12.  Have you ever served as a juror in the past, in any capacity?

        a.  State whether it was a civil or criminal case, and whether the jury reached a verdict, but do not state the actual verdict reached.

        13.  Would you tend to believe the testimony of a witness just because of that witness's present or former state or federal law enforcement employment, or other governmental employment?

        14.  Would you tend to disbelieve the testimony of a witness just because of the witness's present or former state or federal law enforcement employment, or other governmental employment?

        15.  You are required to apply the law I will give you even if you believe a different law should apply.  If you cannot agree to what I just said, please raise your hand.

        16.  Some of the people involved in this case may be of a different race, ethnic background, or national origin than your own.  Would that difference have any bearing on your ability to

be a fair and impartial juror?

17.  Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

18.  Do you have any problem with the rule of law that a defendant need not testify on his own behalf and that if a defendant chooses not to testify, that factor may not be considered by you in your deliberations?

19.  Is there anything that we have not discussed that you suspect a trial participant would desire to know?

20.  The Courtroom Deputy Clerk will give the juror in seat number one a sheet on which there is information we seek. Please pass the sheet to a potential juror near you after you respond.

Please state:

a.    your juror seat number;

b.    your name, present and former occupations, and educational background;

c.    the present and former occupations and educational background of any person residing with you;

1

2

3

4

5

6                    **INITIAL JURY INSTRUCTIONS**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 1

Ladies and gentlemen: you are now the jury in this case, and I want to take a few minutes to give you some initial instructions. You must follow all of them and not single out some and ignore others; they are all important. You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You should not be influenced by any person's race, color, religion, national ancestry, or gender. That means that you must decide the case solely on the evidence before you.

INSTRUCTION NO. 2

This is a criminal case brought by the United States government. The government charges Defendant with thirty-eight counts of aiding or assisting in the preparation or presentation of false or fraudulent income tax returns. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against Defendant. The indictment is not evidence and does not prove anything.

Defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves Defendant guilty beyond a reasonable doubt. In addition, Defendant has the right to remain silent and never has to prove innocence or to present any evidence.

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits which are received in evidence; and
- any facts to which the parties agree.

INSTRUCTION NO. 4

Certain things are not evidence, and you may not consider them in deciding what the facts are.

- The Lawyers' arguments and statements are not evidence. What the lawyers may say in an opening statement, in a closing argument, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them in their opening statements or closing arguments, your memory of them controls.

- The Lawyers' questions and answers are not evidence. Lawyers may object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

- Testimony that may be excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits may be received only for a limited purpose; when I give a limiting instruction, you must follow it.

- Finally, anything you may see or hear when Court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 6

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and the other party thinks that it is not permitted by the rules of evidence, the party who questions the admissibility may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 7

A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter. When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation or translation provided through the official court interpreters and translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation or translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

- the opportunity and ability of the witness to see or hear or know the things testified to;

- the witness's memory;

- the witness's manner while testifying;

- the witness's interest in the outcome of the case and any bias or prejudice;

- whether other evidence contradicted the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors.

You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or by any other medium. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

If you need to communicate with me simply give a signed note to the Court Security Officer to give to me;

Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then; and

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

INSTRUCTION NO. 11

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

INSTRUCTION NO. 12

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes shall be left on the seat you now occupy. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 13

The next phase of trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and Defendant may cross examine. Then, if Defendant chooses to offer evidence, the government may cross examine.

After the evidence has been presented, the lawyers will make closing arguments and I will give you further instructions.

After that, you will go to the jury room to deliberate on your verdict.

**JURY INSTRUCTIONS THAT MAY BE GIVEN IN THE COURSE OF TRIAL**

INSTRUCTION NO. 1

You are about to watch a recording in the Spanish language. Each of you has been given a transcript of the recording that has been admitted into evidence. The transcript is an English-language translation of the recording.

Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. The transcript is the evidence, not the language spoken in the recording. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

1

INSTRUCTION NO. 2

You are about to watch a recording in the Spanish language. A transcript of the recording has been admitted into evidence. The transcript is an English-language translation of the recording. The accuracy of the transcript is disputed in this case.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the words spoken in a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, the audibility of the recording, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcript must be based on the evidence in the case.

INSTRUCTION NO. 3

You are about to hear a recording in English that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you hear is controlling.

INSTRUCTION NO. 4

You are about to hear testimony of a witness who will be testifying in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

**PROPOSED CLOSING JURY INSTRUCTIONS**

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you now possesses a copy of these instructions that you may take with you into the jury room to consult if you desire.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.

You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

INSTRUCTION NO. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 3

[A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.]


OR


[The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.]

INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

4

INSTRUCTION NO. 5

　　　　The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits received in evidence; and
- any facts to which the parties have agreed.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

- Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

- Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

- Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

You are here only to determine whether Defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 10

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 11

The Spanish language has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters and translators. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation or translation and disregard any different meaning.

INSTRUCTION NO. 12

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of Defendant's intent, plan, knowledge, identity, absence of mistake and absence of accident and for no other purpose.

The defendant is charged in Counts One through Thirty-Eight of the indictment with aiding, assisting, advising, procuring, or counseling the preparation of a false income tax return in violation of Section 7206(2) of Title 26 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Defendant aided, assisted, advised, procured, or counseled a taxpayer in the preparation or presentation of an income tax return that was false or fraudulent;

Second, the income tax return was false or fraudulent as to any material matter necessary to a determination of whether income tax was owed; and

Third, the defendant acted willfully.

The government is not required to prove that the taxpayer knew that the return was false.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

INSTRUCTION NO. 14

        Some counts in the indictment charge that multiple items on a particular tax return are materially false. The government is not required to prove that all of the items alleged as to a particular tax return are materially false. Proof of a violation of Section 7206(2) for one of the alleged items is sufficient to find the defendant guilty on that count.

INSTRUCTION NO. 15

In order to prove that Defendant acted "willfully," the government must prove beyond a reasonable doubt that Defendant knew federal tax law imposed a duty on him, and Defendant intentionally and voluntarily violated that duty.

INSTRUCTION NO. 16

The indictment charges that the offenses alleged in each of Counts One though Thirty-Eight were committed "on or about," certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in Counts One through Thirty-Eight of the indictment, respectively, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

INSTRUCTION NO. 17

You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 18

You heard testimony from [name of witnesses] who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 19

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

INSTRUCTION NO. 20

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

20

INSTRUCTION NO. 21

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 22

A verdict form has been prepared for you.  The verdict form includes a separate section for each of the thirty-eight counts in the indictment.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

22

INSTRUCTION NO. 23

2          If it becomes necessary during your deliberations to
3   communicate with me, you may send a note through the Court
4   Security Officer, signed by any one or more of you.  No member of
5   the jury should ever attempt to communicate with me except by a
6   signed writing, and I will respond to the jury concerning the
7   case only in writing or here in open court.  If you send out a
8   question, I will consult with the lawyers before answering it,
9   which may take some time.  You may continue your deliberations
10  while waiting for the answer to any question.  Remember that you
11  are not to tell anyone, including me, how the jury stands,
12  numerically or otherwise, on any question submitted to you,
13  including the question of the guilt of the defendant, until after
14  you have reached a unanimous verdict or have been discharged.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
**PROPOSED VERDICT FORM**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,

              Plaintiff,

    v.

EMILIO LARA,

              Defendant.

No. 2:15-cr-39-GEB


**VERDICT FORM**


         WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, EMILIO LARA, AS FOLLOWS:


AS TO COUNT 1 OF THE INDICTMENT:

<u>GUILTY</u>     <u>NOT GUILTY</u>

                        Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26 United States Code, Section 7206(2), with respect to deductions for medical and dental expenses or unreimbursed employee expenses on the tax return for tax year 2008 for Ramiro Fuentes, on or about January 26, 2009

_____   _____

1

1  AS TO COUNT 2 OF THE INDICTMENT:

2  GUILTY        NOT GUILTY

3                              Aiding    or    Assisting    in    the
                               Preparation  or  Presentation  of  a
                               False   or   Fraudulent   Income   Tax
4                              Return,  in  violation  of  Title  26,
                               United States Code, Section 7206(2),
5                              with respect to deductions for gifts
                               to   charity   by   cash   or   check   or
6                              unreimbursed employee expenses on the
                               tax  return  for  tax  year  2008  for
7                              Sonia Ortega, on or about January 30,
                               2009
8  _____   _____

9
   AS TO COUNT 3 OF THE INDICTMENT:
10
   GUILTY        NOT GUILTY
11
                               Aiding    or    Assisting    in    the
12                             Preparation  or  Presentation  of  a
                               False   or   Fraudulent   Income   Tax
13                             Return,  in  violation  of  Title  26,
                               United States Code, Section 7206(2),
14                             with   respect   to   deductions   for
                               unreimbursed employee expenses on the
15                             tax  return  for  tax  year  2008  for
                               Alvino Corral, on or about February
16 _____   _____   6, 2009

17
   AS TO COUNT 4 OF THE INDICTMENT:
18
   GUILTY        NOT GUILTY
19
                               Aiding    or    Assisting    in    the
20                             Preparation  or  Presentation  of  a
                               False   or   Fraudulent   Income   Tax
21                             Return,  in  violation  of  Title  26,
                               United States Code, Section 7206(2),
22                             with   respect   to   deductions   for
                               medical and dental expenses, gifts to
23                             charity   by   cash   or   check,   or
                               unreimbursed employee expenses on the
24 _____   _____   tax return for tax year 2008 for Jose
                               Sosa, on or about February 15, 2009
25

26

27

28
                                        2

AS TO COUNT 5 OF THE INDICTMENT:

GUILTY     NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2008 for Salvador Garcia, on or about February 16, 2009

_____   _____

AS TO COUNT 6 OF THE INDICTMENT:

GUILTY     NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2008 for Jose Gonzalez, on or about February 19, 2009

_____   _____

AS TO COUNT 7 OF THE INDICTMENT:

GUILTY     NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for unreimbursed employee expenses on the tax return for tax year 2008 for Candido Leon, on or about February 28, 2009

_____   _____

3

AS TO COUNT 8 OF THE INDICTMENT:

GUILTY          NOT GUILTY

_____    _____    Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses or unreimbursed employee expenses on the tax return for tax year 2008 for Daniel Preciado, on or about February 28, 2009

AS TO COUNT 9 OF THE INDICTMENT:

GUILTY          NOT GUILTY

_____    _____    Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2008 for Mario Rodarte, on or about March 6, 2009

AS TO COUNT 10 OF THE INDICTMENT:

GUILTY          NOT GUILTY

_____    _____    Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2008 for Jesus Fernandez Espinoza, on or about March 9, 2009

4

1  AS TO COUNT 11 OF THE INDICTMENT:

2  __GUILTY__        __NOT GUILTY__

3                                    Aiding   or   Assisting   in   the
                                     Preparation  or  Presentation  of  a
4                                    False   or   Fraudulent   Income   Tax
                                     Return,  in  violation  of  Title  26,
5                                    United States Code, Section 7206(2),
                                     with   respect   to   deductions   for
6                                    unreimbursed employee expenses on the
                                     tax  return  for  tax  year  2008  for
7  _____   _____         Armando Galvez, on or about March 12,
                                     2009

8

9  AS TO COUNT 12 OF THE INDICTMENT:

10 __GUILTY__        __NOT GUILTY__

11                                   Aiding    or    Assisting    in    the
                                     Preparation  or  Presentation  of  a
12                                   False   or   Fraudulent   Income   Tax
                                     Return,  in  violation  of  Title  26,
13                                   United States Code, Section 7206(2),
                                     with  respect to deductions for gifts
14                                   to  charity  by  cash  or  check  or
                                     unreimbursed employee expenses on the
15                                   tax  return  for  tax  year  2008  for
                                     Justo Garcia, on or about March 14,
16 _____   _____         2009

17

18 AS TO COUNT 13 OF THE INDICTMENT:

19 __GUILTY__        __NOT GUILTY__

20                                   Aiding   or   Assisting   in   the
                                     Preparation  or  Presentation  of  a
21                                   False   or   Fraudulent   Income   Tax
                                     Return,  in  violation  of  Title  26,
22                                   United States Code, Section 7206(2),
                                     with   respect   to   deductions   for
23                                   unreimbursed employee expenses on the
                                     tax  return  for  tax  year  2008  for
24 _____   _____         Louis R. Williams, on or about March
                                     28, 2009

25

26

27

28
                                    5

AS TO COUNT 14 OF THE INDICTMENT:

GUILTY     NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Alvino Corral, on or about January 23, 2010

_____     _____

AS TO COUNT 15 OF THE INDICTMENT:

GUILTY     NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses or unreimbursed employee expenses on the tax return for tax year 2009 for Ramiro Fuentes, on or about January 25, 2010

_____     _____

AS TO COUNT 16 OF THE INDICTMENT:

GUILTY     NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2009 for Mario Rodarte, on or about February 8, 2010

_____     _____

6

AS TO COUNT 17 OF THE INDICTMENT:

__GUILTY__     __NOT GUILTY__

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2009 for Jesus Fernandez Espinoza, on or about February 10, 2010

AS TO COUNT 18 OF THE INDICTMENT:

__GUILTY__     __NOT GUILTY__

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2009 for David Sanchez, on or about February 10, 2010

AS TO COUNT 19 OF THE INDICTMENT:

__GUILTY__     __NOT GUILTY__

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Justo Garcia, on or about February 10, 2010

7

AS TO COUNT 20 OF THE INDICTMENT:

__GUILTY__        __NOT GUILTY__

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for unreimbursed employee expenses on the tax return for tax year 2009 for Armando Mora Dominguez, on or about February 15, 2010

_____    _____


AS TO COUNT 21 OF THE INDICTMENT:

__GUILTY__        __NOT GUILTY__

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2009 for Juan Luis Chavez, on or about February 15, 2010

_____    _____


AS TO COUNT 22 OF THE INDICTMENT:

__GUILTY__        __NOT GUILTY__

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Sonia Ortega, on or about February 19, 2010

_____    _____

AS TO COUNT 23 OF THE INDICTMENT:

GUILTY _____ NOT GUILTY _____

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Daniel Preciado, on or about February 23, 2010

AS TO COUNT 24 OF THE INDICTMENT:

GUILTY _____ NOT GUILTY _____

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2009 for Salvador Garcia, on or about March 1, 2010

AS TO COUNT 25 OF THE INDICTMENT:

GUILTY _____ NOT GUILTY _____

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Eduardo Ortega, on or about March 2, 2010

9

AS TO COUNT 26 OF THE INDICTMENT:

GUILTY        NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Jorge Gonzalez, on or about March 4, 2010

_____    _____

AS TO COUNT 27 OF THE INDICTMENT:

GUILTY        NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2009 for Edward Dayrit, on or about March 20, 2010

_____    _____

AS TO COUNT 28 OF THE INDICTMENT:

GUILTY        NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2009 for Mario de la Cruz, on or about March 24, 2010

_____    _____

10

AS TO COUNT 29 OF THE INDICTMENT:

GUILTY        NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2009 for Jose Sosa, on or about March 27, 2010

_____   _____

AS TO COUNT 30 OF THE INDICTMENT:

GUILTY        NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Armando Galvez, on or about April 14, 2010

_____   _____

AS TO COUNT 31 OF THE INDICTMENT:

GUILTY        NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2010 for Justo Garcia, on or about January 14, 2011

_____   _____

11

AS TO COUNT 32 OF THE INDICTMENT:

GUILTY          NOT GUILTY

                            Aiding   or   Assisting   in   the
                            Preparation  or  Presentation  of  a
                            False   or   Fraudulent   Income   Tax
                            Return,  in  violation  of  Title  26,
                            United  States  Code,  Section 7206(2),
                            with   respect   to   deductions   for
                            unreimbursed employee expenses on the
                            tax  return  for  tax  year  2010  for
_____    _____    Sonia Ortega, on or about February
                            18, 2011


AS TO COUNT 33 OF THE INDICTMENT:

GUILTY          NOT GUILTY

                            Aiding    or    Assisting    in    the
                            Preparation  or  Presentation  of  a
                            False   or   Fraudulent   Income   Tax
                            Return,  in  violation  of  Title  26,
                            United  States  Code,  Section 7206(2),
                            with   respect   to   deductions   for
                            medical and dental expenses, gifts to
                            charity   by   cash   or   check,   or
                            unreimbursed employee expenses on the
                            tax return for tax year 2010 for Juan
_____    _____    Luis Chavez, on or about February 18,
                            2011


AS TO COUNT 34 OF THE INDICTMENT:

GUILTY          NOT GUILTY

                            Aiding    or    Assisting    in    the
                            Preparation  or  Presentation  of  a
                            False   or   Fraudulent   Income   Tax
                            Return,  in  violation  of  Title  26,
                            United  States  Code,  Section 7206(2),
                            with  respect  to  deductions  for  gifts
                            to  charity  by  cash  or  check  or
                            unreimbursed employee expenses on the
                            tax   return   for   tax   year   2010   for
_____    _____    Candido Leon, on or about February
                            20, 2011

12

1    AS TO COUNT 35 OF THE INDICTMENT:

2    __GUILTY__        __NOT GUILTY__

3                                      Aiding   or   Assisting   in   the
                                     Preparation  or  Presentation  of  a
                                     False   or   Fraudulent   Income   Tax
4                                      Return,  in  violation  of  Title  26,
                                     United States Code, Section 7206(2),
5                                      with respect to deductions for gifts
                                     to  charity  by  cash  or  check  or
6                                      unreimbursed employee expenses on the
                                     tax  return  for  tax  year  2010  for
7                                      Sergio Diaz, on or about March 3,
     _____    _____       2011
8

9
     AS TO COUNT 36 OF THE INDICTMENT:
10
     __GUILTY__        __NOT GUILTY__
11
                                      Aiding   or   Assisting   in   the
12                                     Preparation  or  Presentation  of  a
                                     False   or   Fraudulent   Income   Tax
13                                     Return,  in  violation  of  Title  26,
                                     United States Code, Section 7206(2),
14                                     with  respect  to  deductions  for
                                     medical and dental expenses, gifts to
15                                     charity  by  cash  or  check,  or
                                     unreimbursed employee expenses on the
16                                     tax return for tax year 2010 for Jose
     _____    _____       Sosa, on or about March 7, 2011

17

18   AS TO COUNT 37 OF THE INDICTMENT:

19   __GUILTY__        __NOT GUILTY__

20                                     Aiding   or   Assisting   in   the
                                     Preparation  or  Presentation  of  a
21                                     False   or   Fraudulent   Income   Tax
                                     Return,  in  violation  of  Title  26,
22                                     United States Code, Section 7206(2),
                                     with respect to deductions for gifts
23                                     to  charity  by  cash  or  check  or
                                     unreimbursed employee expenses on the
24                                     tax  return  for  tax  year  2011  for
                                     Candido Leon, on or about February
25   _____    _____       11, 2012

26

27

28
                                 13

AS TO COUNT 38 OF THE INDICTMENT:

GUILTY          NOT GUILTY

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for unreimbursed employee expenses on the tax return for tax year 2011 for Sergio Diaz, on or about March 6, 2011

_____   _____

_____              _____
DATED                    FOREPERSON

14