1  MCGREGOR W. SCOTT
   United States Attorney
2  MATTHEW G. MORRIS
   MIRIAM R. HINMAN
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6
   Attorneys for Plaintiff
7  United States of America

8                    IN THE UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-39-GEB |
12 | Plaintiff, | STATEMENT OF NON-OPPOSITION |
13 | v. | DATE: March 21, 2018 |
14 | EMILIO LARA, | TIME: 9:00 a.m. |
   |  | COURT: Hon. Garland E. Burrell, Jr. |
15 | Defendant. | |

16

17     The defendant has filed a motion to continue trial. ECF 92. On the basis of the representations

18 made in the declaration attached to the motion (that Attorney Cohen is ill but improving, that he has

19 communicated with his physician, and that he is optimistic that he will be prepared to commence trial on

20 Thursday, March 22, 2018) the government does not oppose the continuance.

21     In reaching this position, the government is relying in part on *Releford v. United States*, 288 F.2d

22 298, 301–02 (9th Cir. 1961). In that case, retained counsel stated that he was ill and would not be able

23 to appear at trial for two weeks. The district court required the defendant to go to trial with another

24 attorney who shared office space with retained counsel, but was not familiar with the case. The Ninth

25 Circuit held that "under these circumstances the refusal of the court to strike the case from the trial

26 calendar and reset it for a substantially later date would probably not be an abuse of discretion."

27 *Releford*, 288 F.2d 301. But "the proper alternative" would be to "inform [defendant] that the trial could

28 not be that long delayed and that a continuance would be granted for such reasonable time as might be

necessary for [defendant] to secure substitute counsel and for such counsel to prepare." *Releford*, 288 F.3d 301-02.

In this case, the repetitive continuances are exacting inconvenience and financial hardship on a number of government witnesses and requiring the government to enter into contracts with Spanish language interpreters on short notice.

At the hearing on the defendant's last motion to continue, Attorney Cohen represented to the Court that he had a team consisting of a number of lawyers and other investigators working nearly round the clock on this case. Indeed, at least one of the team members was reported by Mr. Cohen to have been emailing Mr. Cohen at 3:00 in the morning regarding the discovery. Presumably, if Mr. Cohen's condition does not rapidly improve, this case will soon move into the realm described in *Releford* where the Court would not abuse its discretion to "inform [defendant] that that the trial could not be that long delayed" and that it will soon be time for one of the many members of the defense team to step in on behalf of the ailing Mr. Cohen.

Despite the hardship being inflicted on the witnesses, the government does not oppose a one-day continuance.

Dated:  March 20, 2018                                       McGREGOR W. SCOTT
                                                             United States Attorney

                                                    By:  /s/ MATTHEW G. MORRIS
                                                         MATTHEW G. MORRIS
                                                         Assistant United States Attorney