UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

EMILIO LARA,

        Defendant.

No. 2:15-cr-39-GEB

**VOIR DIRE AND INITIAL JURY INSTRUCTIONS**

        Attached are the Court's voir dire questions and initial jury instructions. Defendant's following proposed question 16 in his requested jury questionnaire is not included: "What are your feelings about expert witnesses or expert witness testimony?" Mot. Jury Questionnaire at 8:27, ECF. 62. Such a question is inappropriate since the witness referenced as an "expert" by the questioner may not ultimately be determined to be an "expert" witness by a potential juror, and explaining what is meant by the word "expert" appears incongruous with Ninth Circuit Model Jury Instruction 4.14. The comment section of Model Jury Instruction 4.14 states: "This [expert witness] instruction avoids labeling the witness as an 'expert.' If the court refrains from designating the witness as an 'expert,' this will 'ensure[] that trial courts do not inadvertently put their stamp of authority' on a witness's opinion and will protect against the

1

jury's being 'overwhelmed by the so-called 'experts.'" Model Jury Instruction 4.14 (quoting Fed. R. Evid. 702 advisory committee's note (2000)); accord United States v. Johnson, 488 F.3d 690, 697–98 (6th Cir. 2007) (collecting cases); <u>United States v. Bartley</u>, 855 F.2d 547, 552 (8th Cir. 1988)("Although it is for the court to determine whether a witness is qualified to testify as an expert, there is no requirement that the court specifically make that finding in open court upon proffer of the offering party[; and s]uch an offer and finding by the Court might influence the jury in its evaluation of the expert and the better procedure is to avoid an acknowledgement of the witnesses' expertise by the Court.").

Trial will commence at 9:00 a.m. on March 22, 2018.


Dated:  March 21, 2018



_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

**VOIR DIRE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-00039-GEB |
| Plaintiff, | |
| v. | **VOIR DIRE** |
| EMILIO LARA, | |
| Defendant. | |

Good morning and welcome to the United States District Court. Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy Clerk is Shani Furstenau. Next to her is the Certified Court Reporter. Ms. Furstenau, please administer the oath to the prospective jurors.

We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the parties with information about each potential juror. After questioning is complete, the parties will exercise what is known as peremptory challenges.

1.  Counsel, the Jury Administrator has already randomly selected potential jurors and their names are on the sheet you have been given in the order of the random selection. Each potential juror has been placed in his or her randomly-selected seat, and has been given a large laminated card on which the number is placed showing the order in which the potential juror was randomly selected.

2.  I will ask the potential jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, meaning the potential juror in the lowest numbered seat will respond first. If no card is raised, I will simply state "no response" and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That could expedite the process.

3.  If a potential juror concludes a question unduly pries into a private matter, the potential juror may request to respond out of the earshot of other potential jurors. I'm authorized to try to protect legitimate privacy interests, but may ask questions in the area that you indicate a desire to discuss in private to determine whether it, or any aspect of the matter, should be responded to as indicated. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

4.  The presentation of evidence and closing argument portions of the trial are expected to be completed in

1 approximately **[ . . . ]** weeks, after which the case will be

2 submitted to the jury for jury deliberation. Trial will be

3 conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m.

4 to about 4:30 p.m. However, once you commence jury

5 deliberations, you will be expected to deliberate every day

6 except weekends until you complete your deliberations. Does the

7 schedule pose a special problem for any prospective jury?

8      5. Counsel may make any desired introduction and the

9 government shall name anticipated witnesses it may call so it can

10 be determined whether any potential jury knows or has had contact

11 with a person named.

12             a. Do you know and or have you had any contact

13             with a person just named?

14      6. This is a criminal case brought by the United

15 States. The defendant Emilio Lara is charged by indictment with

16 having willfully aided or assisted other people in preparing or

17 presenting false or fraudulent income tax returns to the IRS.

18 The indictment alleges that a number tax of returns contained

19 false and inflated amounts for one or more categories of itemized

20 deductions. The allegations in the indictment are not evidence,

21 and the defendant has pleaded not guilty to those charges.

22      7. In light of the allegations, does any potential

23 juror prefer not being a juror on this case?

24      8. Is there anything about the allegations which

25 causes you to feel that you might not be a fair juror in this

26 case?

27      9. Have you, any of your relatives or friends had a

28 negative experience with the Internal Revenue Service, the

Department of Treasury, or with a business that offers assistance in the preparation of income tax returns?

       10. Is there any reason why you would not be able to be a juror and/or to give your full attention to this case?

       11. Have you, any member of your family, or any close friend been accused of or arrested for a crime or been the defendant in a criminal case?

              a. Could what you just related interfere with your being a fair and impartial juror in this case?

       12. Do you have any religious, moral or other objection to sitting in judgment of another's conduct in a court of law?

       13. Have you ever served as a juror in the past, in any capacity?

              a. State whether it was a civil or criminal case, and whether the jury reached a verdict, but do not state the actual verdict reached.

       14. Would you tend to believe the testimony of a witness just because of that witness's present or former state or federal law enforcement employment, or other governmental employment?

       15. Would you tend to disbelieve the testimony of a witness just because of the witness's present or former state or federal law enforcement employment, or other governmental employment?

       16. You are required to apply the law I will give you even if you believe a different law should apply. If you cannot

4

```
1   agree to what I just said, please raise your hand.

2           17.   Some of the people involved in this case may be of

3   a different race, ethnic background, or national origin than your

4   own.   Could that difference have any bearing on your ability to

5   be a fair and impartial juror?

6           18.   Do you have any difficulty with the rule of law

7   that a person charged with a crime is presumed innocent and need

8   not present any evidence, and the government at all times bears

9   the burden of proving guilt beyond a reasonable doubt?

10          19.   Do you have any problem with the rule of law that

11  a defendant need not testify on his own behalf and that if a

12  defendant chooses not to testify, that factor may not be

13  considered by you in your deliberations?

14          20.   Is there anything that we have not discussed that

15  you suspect a trial participant would desire to know?

16          21.   The Courtroom Deputy Clerk will give the juror in

17  seat number one a sheet on which there is information we seek.

18  Please pass the sheet to a potential juror near you after you

19  respond.

20          Please state:

21                  a.   your juror seat number;

22                  b.   your name, present and former occupations,

23                       and educational background;

24                  c.   the present and former occupations and

25                       educational background of any person residing

26                       with you, or of any person with whom you

27                       previously resided

28
```

**INITIAL JURY INSTRUCTIONS**

INSTRUCTION NO. 1

Ladies and gentlemen: you are now the jury in this case, and I want to take a few minutes to give you some initial instructions. You must follow all of them and not single out some and ignore others; they are all important. You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You should not be influenced by any person's race, color, religion, national ancestry, or gender. That means that you must decide the case solely on the evidence before you.

INSTRUCTION NO. 2

This is a criminal case brought by the United States government.  The government charges Defendant with twenty-three instances of aiding or assisting in the preparation or presentation of false or fraudulent income tax returns.  The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against Defendant.  The indictment is not evidence and does not prove anything.

Defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves Defendant guilty beyond a reasonable doubt.  In addition, Defendant has the right to remain silent and never has to prove innocence or to present any evidence.

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits which are received in evidence; and
- any facts to which the parties agree.

# INSTRUCTION NO. 4

Certain things are not evidence, and you may not consider them in deciding what the facts are.

- The Lawyers' arguments and statements are not evidence. What the lawyers may say in an opening statement, in a closing argument, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them in their opening statements or closing arguments, your memory of them controls.

- The Lawyers' questions and answers are not evidence. Lawyers may object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

- Testimony that may be excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits may be received only for a limited purpose; when I give a limiting instruction, you must follow it.

- Finally, anything you may see or hear when Court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 6

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and the other party thinks that it is not permitted by the rules of evidence, the party who questions the admissibility may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 7

A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter. When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation or translation provided through the official court interpreters and translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation or translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

- the opportunity and ability of the witness to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case and any bias or prejudice;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 10

   I will now say a few words about your conduct as jurors.

   You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or by any other medium.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

   Do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

   Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

   If you need to communicate with me simply give a signed note to the Court Security Officer to give to me;

   Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then; and

   Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

INSTRUCTION NO. 11

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

INSTRUCTION NO. 12

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes shall be left on the seat you now occupy. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 13

The next phase of trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and Defendant may cross examine. Then, if Defendant chooses to offer evidence, the government may cross examine.

After the evidence has been presented, the lawyers will make closing arguments and I will give you further instructions.

After that, you will go to the jury room to deliberate on your verdict.