McGREGOR W. SCOTT
United States Attorney
MIRIAM R. HINMAN
MATTHEW G. MORRIS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

EMILIO LARA,

Defendant.

CASE NO. 2:15-CR-00039 GEB

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER

DATE: March 27, 2018
TIME: 9:00 a.m.
COURT: Hon. Garland E. Burrell, Jr.

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. On June 16, 2017, the trial date was set for March 20, 2018. Time was excluded from June 16, 2017, to March 20, 2018.

2. On February 2, 2018, the parties confirmed for trial on March 20, 2018.

3. On March 19, 2018, the trial was continued to March 21, 2018, based on defense counsel David Cohen's representation that he was ill and could not appear on March 20, 2018.

4. On March 20, 2018, defense counsel moved for another one-day continuance, to March 22, 2018, again on the basis of lead counsel David Cohen's asserted illness. That continuance was granted.

5. On March 22, 2017, Alex Guilmartin appeared on behalf of defendant and requested a

continuance to March 27, 2018, based on David Cohen's asserted illness and the fact that Mr. Guilmartin has never conducted a federal criminal trial. That continuance was granted.

6. By this stipulation, the government moves to exclude time between March 20, 2018, and March 27, 2018, under Local Code T4.

7. The parties agree and stipulate, and request that the Court find the following:

   a) Counsel for defendant requested the continuances from March 20, 2018, to March 27, 2018, based on lead counsel David Cohen's illness and defendant's right to continuity of counsel.

   b) Counsel for defendant believes that failure to grant the above-requested continuances would have denied him continuity of counsel.

   c) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   d) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 20, 2018, to March 27, 2018, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from three continuances granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

8. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 22, 2018                         McGREGOR W. SCOTT
                                              United States Attorney

                                              /s/ MIRIAM R. HINMAN

MIRIAM R. HINMAN
MATTHEW G. MORRIS

Assistant United States Attorneys

Dated: March 22, 2018

/s/ DAVID COHEN
DAVID COHEN
Counsel for Defendant Emilio Lara

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: March 23, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge