DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306767
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone:  (415) 398-3900

Attorneys for Defendant **Emilio Lara**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  CR-15-00039-GEB |
| Plaintiff, | **MR. LARA'S PROPOSED CLOSING JURY INSTRUCTIONS** |
| v. | |
| EMILIO LARA, | |
| Defendant. | |

On March 30, 2018, this Court issued an order instructing the parties to submit proposed jury closing jury instructions and a proposed verdict form. Dkt. no. 112. Mr. Lara requests that the Court's own proposed closing jury instructions (doc. no. 86) be adopted with the following revisions:

- Proposed instruction no. 12 be replaced by Mr. Lara's attached proposed instruction no. 12;

- Proposed instruction no. 13 be replaced by Mr. Lara's attached proposed instruction no. 13;

- Proposed instruction no. 15 be replaced by Mr. Lara's attached proposed instruction no. 15;

- Proposed instruction no. 19 be replaced by Mr. Lara's attached proposed instruction


no. 19;

- Mr. Lara's attached proposed instruction no. 24 be given; and

- Mr. Lara's attached proposed instruction no. 25 be given.

Mr. Lara further agrees to the government's earlier proposed verdict form (doc. no. 79), requesting only that it be revised to remove all references to dismissed counts (those being Counts 5, 7, 9, 11, 13, 16, 18, 20, 24, 26, 30, 34, 35, 37, and 38).

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: March 31, 2018       By: /s/ Alexander P. Guilmartin
                             ALEXANDER P. GUILMARTIN, ESQ.

Attorneys for Defendant **Emilio Lara**

**INSTRUCTION NO. 12**

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

## INSTRUCTION NO. 13

The defendant is charged in all Counts of the indictment with aiding, assisting, advising, procuring, or counseling the preparation of a false income tax return in violation of Section 7206(2) of Title 26 of the United States Code. In order for the defendant to be found guilty of each charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant (and not someone else) aided, assisted, advised, procured, or counseled the taxpayer in the preparation of an income tax return that was false or fraudulent;

Second, the income tax return was false or fraudulent as to any material matter necessary to a determination of whether income tax was owed; and

Third, the defendant acted willfully.

The government is not required to prove that the taxpayer client knew that the return was false.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

# INSTRUCTION NO. 15

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty. To act willfully in this context is not to merely act ignorantly, but to act with a bad purpose or evil motive. The defendant may not be convicted if you find he merely acted with recklessness, negligence, carelessness, or mistake, nor if he acted innocently, nor even if he acted with gross negligence or gross carelessness. Rather, to be convicted, the defendant must have acted with criminal or evil intent.

A defendant who acts on a good faith misunderstanding as to the existence or nonexistence of facts does not act willfully, even if his understanding is wrong or unreasonable. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant *knew* the return he advised or procured the preparation of included a false statement.

A defendant who acts on a good faith misunderstanding as to the requirements of the law also does not act willfully, even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must also prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

In short, good faith is an absolute defense to the charges in this case. A defendant is under no burden to prove his good faith; rather the prosecution must prove that the defendant knew the expenses or deductions were false or fraudulent. The defendant cannot be convicted unless he knew the expenses or deductions he is found to have inputted were false or fraudulent.

## INSTRUCTION NO. 19

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, or economic circumstances.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**INSTRUCTION NO. 24**

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1)   the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2)   whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3)   any inconsistent identifications made by the eyewitness;

(4)   the witness's familiarity with the subject identified;

(5)   the strength of earlier and later identifications;

(6)   lapses of time between the event and the identification; and

(7)   the totality of circumstances surrounding the eyewitness's identification.

**INSTRUCTION NO. 25**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.