McGREGOR W. SCOTT
United States Attorney
MATTHEW G. MORRIS
MIRIAM R. HINMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>EMILIO LARA,<br><br>                    Defendant. | CASE NO. 2:15-CR-39-GEB<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR MISTRIAL & GOVERNMENT'S MOTION TO STRIKE CERTAIN TESTIMONY BY ALVINO CORRAL<br><br>DATE: April 2, 2018<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

The United States opposes the defendant's motion for a mistrial. Neither the prosecution nor the Court has engaged in misconduct. The Court has stricken witnesses' responses where appropriate and has instructed the jury to disregard that testimony. What the defendant describes as the Court's "outbursts" are in fact appropriate responses to defense counsel's pattern of engaging in unnecessarily lengthy and redundant cross-examinations. Finally, although the defendant's mistrial motion does not mention Alvino Corral's testimony about his 2015 tax return, the government moves to strike that testimony in light of the Court's ruling regarding his 2016 tax return.

## I.     LEGAL STANDARD

The Supreme Court has directed that the power to declare a mistrial "ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *United States v. Perez*, 22 U.S. (Wheat. 9) 579, 580, 6 L. Ed. 165 (1824). "Before ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to

state whether that party consents or objects, and to suggest alternatives." Fed. R. Crim. P. 26.3. Curative instructions are alternatives to a mistrial because "juries are assumed to follow the court's instructions." *United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1030 (9th Cir. 2009). "A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial." *Illinois v. Somerville*, 410 U.S. 458, 464 (1973).

## II. DEFENDANT'S COMPLAINT ABOUT TESTIMONY ON ALVINO CORRAL'S 2016 TAX RETURN IS MOOT

Defendant's motion for a mistrial asserts that the government improperly asked witness Alvino Corral questions about his 2017 tax return and that the defense objected. In fact, the government never asked any questions about his 2017 tax return. During the redirect examination of Alvino Corral on March 29, 2018, the government asked a few questions about what deduction he took for Job Expenses and Certain Miscellaneous Deductions on his 2015 tax return. The defense did not object to those questions, and the witness answered them. The government then asked a question about what deduction he took for that same category on his 2016 tax return. Upon objection by the defense that the government had not turned over the 2016 tax return, the government withdrew the question, and the witness did not answer it. Later that day, the Court stated that a party who examines a witness about a prior statement has an obligation under Fed. R. Evid. 613 to show that statement or disclose its contents to the opposing party upon request. The Court noted that any such issue regarding Alvino Corral's 2016 tax return was moot because the question was withdrawn and never answered. Because questions are not evidence and the Court had already instructed the jury on that principle, the Court was correct in stating that any issue with potential testimony about the 2016 return was moot. For the same reason, it is no basis for a mistrial.

The defendant did not object to the government's questions about Alvino Corral's 2015 tax return. The government believed those to be proper questions without any required disclosure of underlying documents, because the government perceived the questions to be about Corral's conduct rather than a prior statement. However, in light of the Court's ruling regarding Rule 613 in the context of the question about the 2016 tax return, out of an abundance of caution and despite the absence of any

defense objection, the government moves to strike Alvino Corral's answers to the government's questions about what deduction he took for Job Expenses and Certain Miscellaneous Deductions on his 2015 tax return.  The government requests that the Court instruct the jury accordingly.

### III. THE GOVERNMENT HAS NOT ARGUED A SCHEME, AND THE COURT ALREADY STRUCK THE ONE MENTION OF "SCHEME" BY A WITNESS

The government has not and will not argue that the defendant's conduct constituted a scheme.  One of the government's witnesses, Special Agent Chancelor Williams, used the word "scheme" once.  The government did not ask any questions designed to elicit the word "scheme," but rather simply asked the witness about his role in the investigation of the defendant.  In response, Special Agent Williams stated that he had received a preparer "scheme" from "the SDC."  He was describing a document entitled "Return Preparer Scheme Referral," which was received from the IRS Scheme Development Center.  Thus, he was simply using standard IRS terminology to describe how he had learned about the defendant's case.

When the defense objected to the word "scheme," the government agreed that the Court should strike that word, and the Court did so.  The Court instructed the jury to disregard testimony that the Court has stricken, and the jury is presumed to follow that instruction.  That is especially true in a case like this one, where it was just one word, not inflammatory, and not likely to make any impression upon the jury.  Because the Court struck the word "scheme," its use once by a witness in passing is no basis for a mistrial.

### IV. THE COURT HAS RESPONDED APPROPRIATELY TO DEFENSE COUNSEL'S LENGTHY AND REDUNDANT EXAMINATIONS

The government disagrees with the defendant's characterization of the Court's conduct as involving "outbursts" and a "paroxysm."  The Court has the authority to control the presentation of evidence and prevent attorneys from unduly wasting time.  In this case, the Court's statements to the defense lawyers have been reasonable responses to their pattern of engaging in unnecessarily lengthy and redundant cross examinations that appear designed to delay the trial.  For example, in the first instance that the defendant raises, the Court told one defense lawyer that a question he asked had a Rule 403 problem because the question had been subsumed within a previous question.  That is, the Court was using its discretion under Rule 403 to avoid undue delay and wasted time based on defense

counsel's redundant questions. In the second instance that the defendant raises, the Court admonished defense counsel to simply ask questions rather than providing preambles. When defense counsel responded to the Court by attempting to engage in discussion rather than asking a question, the Court again stated that counsel should not explain but rather ask a question. When defense counsel yet again started explaining rather than asking a question, the Court instructed him to "ask a question." As with the first instance, the Court's response was a reasonable exercise of its authority to prevent attorneys from wasting time. It was also a reasonable response to defense counsel's apparent refusal to accept the Court's instruction and his continued attempts to argue with the Court instead.

## V.  CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion for a mistrial. The government further moves the Court to strike Alvino Corral's answers to the government's questions about what deduction he took for Job Expenses and Certain Miscellaneous Deductions on his 2015 tax return.

Dated: April 1, 2018

McGREGOR W. SCOTT
United States Attorney

By:  /s/ MIRIAM R. HINMAN
MIRIAM R. HINMAN
MATTHEW G. MORRIS
Assistant United States Attorneys