UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>EMILIO LARA,<br><br>            Defendant. | No.  2:15-cr-39-GEB<br><br>**ORDER** |

On April 1, 2018, Defendant filed a motion for a mistrial, Mot. for Mistrial, ECF No. 113, challenging in limine rulings on motions, alleging government misconduct, and contending the trial judge "twice engaged in untoward conduct directed at defense counsel, without subjecting government counsel to the same admonishments." Mot. for Mistrial at 2:13-16. The United States opposes the motion, arguing in essence that the trial record does not justify reconsideration of any referenced in limine ruling and that Defendant is mistaken about the referenced judicial trial rulings, arguing:

> For example, in the first instance that the defendant raises, the Court told one defense lawyer that a question he asked had a Rule 403 problem because the question had been subsumed within a previous question. That is, the Court was using its discretion under Rule 403 to avoid undue delay and wasted time based on defense counsel's redundant questions. In the second instance that the defendant raises, the Court admonished defense counsel to simply ask questions

1

| | |
|---|---|
| 1 | rather than providing preambles. When defense counsel responded to the Court by attempting to engage in discussion rather than asking a question, the Court again stated that counsel should not explain but rather ask a question. When defense counsel yet again started explaining rather than asking a question, the Court instructed him to "ask a question." As with the first instance, the Court's response was a reasonable exercise of its authority to prevent attorneys from wasting time. It was also a reasonable response to defense counsel's apparent refusal to accept the Court's instruction and his continued attempts to argue with the Court instead. |

Gov't's Opp. 3:25-4:8.

Defendant has not shown that the referenced in limine rulings are a basis for a mistrial. Further, the United States is correct about the two trial rulings. Concerning the trial ruling involving the judge's instruction to Defendant's attorney, Mr. David Cohen, regarding the unnecessary preamble before a question directed at a witness assisted by a court certified interpreter, before the judge instructed Mr. Cohen to "ask a question," Mr. Cohen stood at the lectern evincing a defiant demeanor as he glared at the judge for several seconds until the judge finally instructed him to ask the witness a question.

Defendant also seeks a mistrial based on his contention that a prosecution witness, Internal Revenue Special Agent Chancelor Williams, used the word "scheme" once during his testimony, and that this word is inconsistent with the government's representations about the basis for its criminal liability claims. However, this word was stricken and Defendant has not shown that utterance of this stricken word supports his motion.

Finally, Defendant seeks mistrial on the basis of an

unanswered government question to a witness. Because the jurors in this case have already been instructed that a lawyer's question is not evidence, no further action is necessary and this is not a basis for a mistrial.

For the stated reasons, Defendant's asserted bases for a mistrial, even considered cumulatively, are insufficient. Therefore, Defendant's motion for a mistrial is denied.

Dated: April 2, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge