McGREGOR W. SCOTT
United States Attorney
MATTHEW G. MORRIS
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>EMILIO LARA,<br><br>           Defendant. | CASE NO. 2:15-CR-39-GEB<br><br>MOTION TO LIMIT WITNESS TESTIMONY<br><br>DATE: April 4, 2018<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

The defendant has filed a summary of the anticipated testimony of his expected expert witness. ECF 123. The government moves to exclude portions of the testimony.

## I.     LEGAL STANDARD

"A witness who is qualified as an expert … may testify in the form of an opinion or otherwise if" four criteria are met. Fed. R. Evid. 702. Those criteria are:

> "(a) the expert's … specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702. However, "in a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of

MOTION TO LIMIT PROPOSED EXPERT TESTIMONY           1

the crime charged or of a defense.  Those matters are for the trier of fact alone." Fed. R. Evid. 704(b).

## II.     ARGUMENT

### A.     The proposed expert should not be permitted to testify about the content of 30 CFR Part 10, or what constitutes a violation thereof.

The majority of the first page of the summary of the expert's proposed testimony consists of proposed testimony about the content of 30 CFR, Subtitle A, Part 10.  Although referred to as "Circular 230," the regulation in question is, in fact, a portion of the Code of Federal Regulations.  To the extent that a portion of the Code of Federal Regulations is at issue in this case, and for the reasons set out below it likely is not, it is the province of the Court to instruct the jury on the content of that law, not a witness.

The contents of 30 CFR Part 10 generally deal with civil standards of conduct for tax preparers and other professionals authorized to practice before the IRS.  Whether or not the defendant's actions constituted a violation of the civil standards for remaining in good standing with the IRS as a preparer is not relevant to the questions before this jury: whether the defendant willfully aided and assisted in the presentation or preparation of false or fraudulent returns.  Permitting testimony about a different legal standard runs a substantial risk of jury confusion.  Fed. R. Evid. 403.  If the legal standards applicable to this case are the same as the standards in 30 CFR Part 10, then the Court's jury instructions will adequately inform the jury of their charge.  If, on the other hand, the legal standards for practice under 30 CFR Part 10 are not the same as the legal instructions that the Court will give to the jury, then the civil standards are not relevant and will likely confuse the jury.

The jury has now heard, via the defendant's own witnesses, that the employees of Lara's Income Tax Service knew that there was a legal obligation not to put false information onto a tax return, and they have testified that they learned that fact, in part, from having been instructed so by the defendant.  That is the only legal obligation that is at issue in the "willfully" element of the crimes charged in this case.  Other legal standards are neither relevant under Rule 401 nor admissible under Rule 403.

### B.     The proposed expert may not testify on the defendant's mental state.

Rule 704 only "allows testimony supporting an inference or conclusion that the defendant did or did not have the requisite mens rea, so long as the expert does not draw the ultimate inference or

conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony." *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997).

The defendant admits that he seeks testimony about "civil regulations that will assist the jury in determining whether Mr. Lara acted intentionally or unreasonably." ECF 123 at 3:8-10. Indeed, the defendant explicitly acknowledges that his proposed expert's testimony will go "directly to the question of whether a tax preparer such as Mr. Lara would, or could, have willfully acted in the way the evidence shows." ECF 123 at 4:5-6. The expert cannot cross the line into making such an opinion, and the defendant's admission that he seeks to use the expert to "go directly" to the question of willfulness shows that there is a substantial risk, if not the outright intent, to elicit testimony that violates Rule 704.

The defendant claims that the Third Circuit has "permitted expert testimony regarding not only what regulations governed a tax preparer defendant, but whether the defendant had acted willfully in preparing the false returns." ECF 123 at 3:21-24 (*citing United States v. Stadtmauer*, 620 F.3d 238, 263-64 (3d Cir. 2010). This is simply not true. The portion of *Stadtmauer* cited by the defendant dealt with <u>lay</u> opinion testimony under Rule 701, not <u>expert</u> testimony under Rule 702. More importantly, the Third Circuit in *Stadtmauer* held that the admission of that lay opinion testimony about the defendant's mental state was "not helpful—and thus inadmissible" under Rule 701. *Stadtmauer*, 620 F.3d at 265. However, the Third Circuit held that the error in admitting the opinion -- and it was error -- was harmless given the facts of that case. *Stadtmauer*, 620 F.3d at 265. Indeed, in *Stadtmauer* the only expert opinion testimony allowed under Rule 702 was testimony of an IRS agent, but only where that testimony "did not opine on [the defendant's] knowledge or intent." *Stadtmauer*, 620 F.3d at 269.

The defendant should be prohibited from eliciting the opinion of the proposed expert on the mental state of the defendant.

**C.** <u>**The government does not object to the expert testifying about IRS forms**</u>

The second category of testimony proffered by the defendant regards the content and use of various IRS forms, including Form 8849, 1040, and 2106. ECF 123-3 at 2-3. The government does not generally object to that proffered testimony, reserving and potential evidentiary objections that might arise from the specific testimony elicited.

///

**D. The court has already excluded the content of the "Chavez 4549" forms, and the defendant should not be permitted to use his expert to circumvent the Court's prior rulings**

The defendant intends to have his expert testify about two different versions of IRS Form 4549 for Juan and Blanca Chavez. The Court has already excluded the fact witnesses who would have testified about those forms. The form at Bates page 906 was prepared by IRS Revenue Agent Jing Fang as part of the criminal investigation. The form at Bates page 1367 was prepared by two IRS civil auditors in Atlanta (Guzman and Graham). On April 3, 2018, after a hearing in which the parties set out their positions about the admissibility of these forms, the Court excluded the proffered witnesses from testifying or authenticating those documents. There is no basis for the defendant to now use his expert to circumvent the Court's prior rulings on the admissibility of the Fang, Guzman, and Graham testimony. The Court should preclude the defendant from using his expert's testimony to make an end-run around the Court's prior evidentiary rulings.

Dated: April 3, 2018

McGREGOR W. SCOTT
United States Attorney

By:  /s/ MATTHEW G. MORRIS
MATTHEW G. MORRIS
MIRIAM R. HINMAN
Assistant United States Attorney

MOTION TO LIMIT PROPOSED EXPERT TESTIMONY     4