UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-39-GEB |
| Plaintiff, | **CLOSING JURY INSTRUCTIONS AND VERDICT FORM** |
| v. | |
| EMILIO LARA, | |
| Defendant. | |

A Minute Order issued on March 30, 2018, requiring each party to propose desired jury instructions or modifications to previously transmitted instructions, if any, and directed the United States to submit another proposed verdict form. ECF No. 112. Attached are updated closing jury instructions and verdict form, created after reviewing each party's proposed changes. The verdict form also reflects the judgment of acquittal on count 28 by excluding it from the form.

The government proposes changes to Instruction Nos. 16 and 22 in light of it having dropped some of the charges against Defendant. Those changes are incorporated in the attached instructions, and Instruction No. 13 has been modified to effect the same changes.

Defendant requests additional language be included in Instruction No. 12, which the Ninth Circuit Model Criminal Jury

Instructions ("Model Instructions") includes as optional language in brackets.  Specifically, Defendant requests the instruction read:

> You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Def's Proposed Closing Jury Instructions at 3:2-6, ECF No. 114.  The last sentence of what Defendant proposes need not be included since the "instruction [without the bracketed language], considered as a whole, accurately and clearly state[s] the law." United States v. Lloyd, 807 F.3d 1128, 1167 (9th Cir. 2015).  The instruction as written adequately prescribes that the jury may consider the referenced evidence only for its bearing, if any, on specified propositions.  However, the language of the instruction will be changed to omit that the other acts evidence may be used to show a plan, in light of how this word could be construed and the present trial record evincing that a "scheme" is not involved in the charges.  This exclusion is in light of the Webster's II New College Dictionary definition of the word "plan," which includes the following: "A detailed scheme, program, or method worked out beforehand for the accomplishment of an object." Plan, Webster's II New College Dictionary (1995).

Defendant also includes as a replacement for Instruction No. 15 what appears to be a good faith instruction as to facts and law.  Defendant proposes the jury be instructed:

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty. To act willfully in this context is not to merely act ignorantly, but to act with a bad purpose or evil motive. The defendant may not be convicted if you find he merely acted with recklessness, negligence, carelessness, or mistake, nor if he acted innocently, nor even if he acted with gross negligence or gross carelessness. Rather, to be convicted, the defendant must have acted with criminal or evil intent.

A defendant who acts on a good faith misunderstanding as to the existence or nonexistence of facts does not act willfully, even if his understanding is wrong or unreasonable. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant knew the return he advised or procured the preparation of included a false statement.

A defendant who acts on a good faith misunderstanding as to the requirements of the law also does not act willfully, even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must also prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

In short, good faith is an absolute defense to the charges in this case. A defendant is under no burden to prove his good faith; rather the prosecution must prove that the defendant knew the expenses or deductions were false or fraudulent. The defendant cannot be convicted unless he knew the expenses or deductions he is found to have inputted were false or fraudulent.

Def's Proposed Closing Jury Instructions at 5:2-26.

Defendant's proposed Instruction No. 15 contains

3

unexplained legal terms and includes good faith instructions that need not be given here.  The Comment to Ninth Circuit Model Instruction 9.42, on which the Court's Instruction No. 13 is based, cites United States v. Hickey, in which the Ninth Circuit states: "[O]ur case law is well settled that a criminal defendant has no right to any good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged . . . ."  580 F.3d 922, 931 (9th Cir. 2009) (quoting United States v. Shipsey, 363 F.3d 962, 967 (9th Cir. 2004)).  This is true "notwithstanding the normal rules governing 'theory of defense' requests."  Shipsey, 363 F.3d at 967.  Since the instruction adequately instructs with regard to the intent required to be found guilty of the charged crimes, Defendant's proposed changes are rejected.

Defendant also proposes including in Instruction No. 19 "profession, occupation, or economic circumstances" to the list of attributes contained in the final sentence of the provided instruction.  This change has been made.  Following those words, Defendant proposes adding two sentences the subject matter of which is already adequately captured by the instruction; therefore, this proposal is rejected.

Defendant urges the inclusion of his Instruction No. 24 regarding eyewitness identification.

> Generally, the Ninth Circuit has not required a cautionary instruction regarding eyewitness testimony. See People of the Territory of Guam v. Dela Rosa, 644 F.2d 1257, 1261 (9th Cir. 1981); United States v. Cassasa, 588 F.2d 282, 285 (9th Cir. 1978).  Since 1989, the Committee has recommended against the giving of an eyewitness identification instruction because it believes that the

4

general witness credibility instruction is
sufficient.

Comment, Model Instruction 4.11. Therefore, Defendant's proposed instruction will not be given.

Finally, Defendant proposes inclusion of his Instruction No. 25, admonishing the jury not to be exposed to outside information. An initial jury instruction adequately instructs the jury on this matter. Therefore, Defendant's proposed Instruction No. 25 will not be given.

Dated: April 3, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1

2

3                    **CLOSING JURY INSTRUCTIONS**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you now possesses a copy of these instructions that you may take with you into the jury room to consult if you desire.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.

You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

INSTRUCTION NO. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 3

    [A defendant in a criminal case has a constitutional
right not to testify.  In arriving at your verdict, the law
prohibits you from considering in any manner that the defendant
did not testify.]


        OR


    [The defendant has testified.  You should treat this
testimony just as you would the testimony of any other witness.]

INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

4

INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits received in evidence; and
- any facts to which the parties have agreed.

# INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

- Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

- Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

- Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6

INSTRUCTION NO. 7

    Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

    You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

8

INSTRUCTION NO. 9

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 10

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 11

The Spanish language has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters and translators. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation or translation and disregard any different meaning.

INSTRUCTION NO. 12

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of Defendant's intent, knowledge, identity, absence of mistake and/or absence of accident and for no other purpose.

INSTRUCTION NO. 13

The defendant is charged in each count with aiding, assisting, advising, procuring, or counseling the preparation of a false income tax return in violation of Section 7206(2) of Title 26 of the United States Code. In order for Defendant to be found guilty of each charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Defendant aided, assisted, advised, procured, or counseled a taxpayer in the preparation or presentation of an income tax return that was false or fraudulent;

Second, the income tax return was false or fraudulent as to any material matter necessary to a determination of whether income tax was owed; and

Third, the defendant acted willfully.

The government is not required to prove that the taxpayer knew that the return was false.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

13

Some counts in the indictment charge that multiple items on a particular tax return are materially false. The government is not required to prove that all of the items alleged as to a particular tax return are materially false. Proof of a violation of Section 7206(2) for one of the alleged items is sufficient to find the defendant guilty on that count.

INSTRUCTION NO. 15

In order to prove that Defendant acted "willfully," the government must prove beyond a reasonable doubt that Defendant knew federal tax law imposed a duty on him, and Defendant intentionally and voluntarily violated that duty.

INSTRUCTION NO. 16

The indictment charges that the offenses alleged in each of the counts were committed "on or about," certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in each of the counts of the indictment, respectively, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

INSTRUCTION NO. 17

You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 18

You heard testimony from [name of witnesses] who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 19

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, or economic circumstances.

INSTRUCTION NO. 20

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 21

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 22

A verdict form has been prepared for you. The verdict form includes a separate section for each of the counts. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

22

INSTRUCTION NO. 23

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

```
1
2
3
4                           __VERDICT FORM__
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                    No. 2:15-cr-39-GEB

                    Plaintiff,

        v.                                   **VERDICT FORM**

EMILIO LARA,

                    Defendant.

          WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, EMILIO

LARA, AS FOLLOWS:


AS TO COUNT 1 OF THE INDICTMENT:

<u>GUILTY</u>      <u>NOT GUILTY</u>
                               Aiding   or   Assisting   in   the
                               Preparation  or  Presentation  of  a
                               False  or  Fraudulent  Income  Tax
                               Return,  in  violation  of  Title  26
                               United  States  Code,  Section  7206(2),
                               with   respect   to   deductions   for
                               medical   and   dental   expenses   or
                               unreimbursed  employee  expenses  on  the
                               tax  return  for  tax  year  2008  for
_____   _____        Ramiro  Fuentes,  on  or  about  January
                               26, 2009

1

1 AS TO COUNT 2 OF THE INDICTMENT:

2 GUILTY        NOT GUILTY

3                          Aiding   or   Assisting   in   the
                           Preparation   or   Presentation   of   a
4                          False   or   Fraudulent   Income   Tax
                           Return,   in   violation   of   Title   26,
5                          United States Code, Section 7206(2),
                           with respect to deductions for gifts
6                          to   charity   by   cash   or   check   or
                           unreimbursed employee expenses on the
7                          tax   return   for   tax   year   2008   for
                           Sonia Ortega, on or about January 30,
8 _____   _____  2009

9
10 AS TO COUNT 3 OF THE INDICTMENT:

11 GUILTY        NOT GUILTY

                            Aiding   or   Assisting   in   the
12                          Preparation   or   Presentation   of   a
                            False   or   Fraudulent   Income   Tax
13                          Return,   in   violation   of   Title   26,
                            United States Code, Section 7206(2),
14                          with   respect   to   deductions   for
                            unreimbursed employee expenses on the
15                          tax   return   for   tax   year   2008   for
                            Alvino Corral, on or about February
16 _____   _____  6, 2009

17
18 AS TO COUNT 4 OF THE INDICTMENT:

19 GUILTY        NOT GUILTY

                            Aiding   or   Assisting   in   the
20                          Preparation   or   Presentation   of   a
                            False   or   Fraudulent   Income   Tax
21                          Return,   in   violation   of   Title   26,
                            United States Code, Section 7206(2),
22                          with   respect   to   deductions   for
                            medical and dental expenses, gifts to
23                          charity   by   cash   or   check,   or
                            unreimbursed employee expenses on the
24 _____   _____  tax return for tax year 2008 for Jose
                            Sosa, on or about February 15, 2009

25
26
27
28
                              2

```
1    AS TO COUNT 6 OF THE INDICTMENT:

2    GUILTY         NOT GUILTY
                                    Aiding    or    Assisting    in    the
3                                   Preparation   or   Presentation   of   a
                                    False    or    Fraudulent   Income   Tax
4                                   Return,   in   violation   of   Title   26,
                                    United States Code, Section 7206(2),
5                                   with respect to deductions for gifts
                                    to   charity   by   cash   or   check   or
6                                   unreimbursed employee expenses on the
                                    tax year for tax year 2008 for Jose
7                                   Gonzalez,  on  or  about  February  19,
                                    2009
8    _____    _____

9
     AS TO COUNT 8 OF THE INDICTMENT:
10
     GUILTY         NOT GUILTY
11                                  Aiding    or    Assisting    in    the
                                    Preparation   or   Presentation   of   a
12                                  False    or    Fraudulent   Income   Tax
                                    Return,   in   violation   of   Title   26,
13                                  United States Code, Section 7206(2),
                                    with    respect    to    deductions    for
14                                  medical    and    dental    expenses    or
                                    unreimbursed employee expenses on the
15                                  tax   return   for   tax   year   2008   for
                                    Daniel Preciado, on or about February
16                                  28, 2009
     _____    _____

17

18   AS TO COUNT 10 OF THE INDICTMENT:

19   GUILTY         NOT GUILTY
                                    Aiding    or    Assisting    in    the
20                                  Preparation   or   Presentation   of   a
                                    False    or    Fraudulent   Income   Tax
21                                  Return,   in   violation   of   Title   26,
                                    United States Code, Section 7206(2),
22                                  with    respect    to    deductions    for
                                    medical and dental expenses, gifts to
23                                  charity    by    cash    or    check,    or
                                    unreimbursed employee expenses on the
24                                  tax   return   for   tax   year   2008   for
                                    Jesus Fernandez Espinoza, on or about
25   _____    _____       March 9, 2009

26

27

28
                                3
```

AS TO COUNT 12 OF THE INDICTMENT:

<u>GUILTY</u>        <u>NOT GUILTY</u>

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2008 for Justo Garcia, on or about March 14, 2009

_____        _____

AS TO COUNT 14 OF THE INDICTMENT:

<u>GUILTY</u>        <u>NOT GUILTY</u>

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Alvino Corral, on or about January 23, 2010

_____        _____

AS TO COUNT 15 OF THE INDICTMENT:

<u>GUILTY</u>        <u>NOT GUILTY</u>

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses or unreimbursed employee expenses on the tax return for tax year 2009 for Ramiro Fuentes, on or about January 25, 2010

_____        _____

4

```
1  AS TO COUNT 17 OF THE INDICTMENT:

2    GUILTY          NOT GUILTY
3                                        Aiding   or   Assisting   in   the
                                         Preparation  or  Presentation  of  a
4                                        False   or   Fraudulent   Income   Tax
                                         Return,  in  violation  of  Title  26,
5                                        United States Code, Section 7206(2),
                                         with   respect   to   deductions   for
6                                        medical and dental expenses, gifts to
                                         charity   by   cash   or   check,   or
7                                        unreimbursed employee expenses on the
                                         tax  return  for  tax  year  2009  for
8    _____    _____          Jesus Fernandez Espinoza, on or about
                                         February 10, 2010
9

10  AS TO COUNT 19 OF THE INDICTMENT:

11   GUILTY          NOT GUILTY
12                                       Aiding   or   Assisting   in   the
                                         Preparation  or  Presentation  of  a
13                                       False   or   Fraudulent   Income   Tax
                                         Return,  in  violation  of  Title  26,
14                                       United States Code, Section 7206(2),
                                         with  respect  to  deductions  for  gifts
15                                       to   charity   by   cash   or   check   or
                                         unreimbursed employee expenses on the
16                                       tax  return  for  tax  year  2009  for
                                         Justo Garcia, on or about February
17   _____    _____          10, 2010

18
    AS TO COUNT 21 OF THE INDICTMENT:
19
     GUILTY          NOT GUILTY
20                                       Aiding   or   Assisting   in   the
                                         Preparation  or  Presentation  of  a
21                                       False   or   Fraudulent   Income   Tax
                                         Return,  in  violation  of  Title  26,
22                                       United    States    Code,    Section
                                         7206(2), with respect to deductions
23                                       for   medical   and   dental   expenses,
                                         gifts to charity by cash or check,
24                                       or  unreimbursed  employee  expenses
                                         on the tax return for tax year 2009
25                                       for  Juan  Luis  Chavez,  on  or  about
                                         February 15, 2010
26   _____    _____

27

28
                                5
```

AS TO COUNT 22 OF THE INDICTMENT:

<u>GUILTY</u>        <u>NOT GUILTY</u>

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Sonia Ortega, on or about February 19, 2010

_____        _____

AS TO COUNT 23 OF THE INDICTMENT:

<u>GUILTY</u>        <u>NOT GUILTY</u>

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Daniel Preciado, on or about February 23, 2010

_____        _____

AS TO COUNT 25 OF THE INDICTMENT:

<u>GUILTY</u>        <u>NOT GUILTY</u>

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2009 for Eduardo Ortega, on or about March 2, 2010

_____        _____

AS TO COUNT 27 OF THE INDICTMENT:

GUILTY          NOT GUILTY

_____        _____        Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2009 for Edward Dayrit, on or about March 20, 2010


AS TO COUNT 29 OF THE INDICTMENT:

GUILTY          NOT GUILTY

_____        _____        Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2009 for Jose Sosa, on or about March 27, 2010


AS TO COUNT 31 OF THE INDICTMENT:

GUILTY          NOT GUILTY

_____        _____        Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for gifts to charity by cash or check or unreimbursed employee expenses on the tax return for tax year 2010 for Justo Garcia, on or about January 14, 2011

7

AS TO COUNT 32 OF THE INDICTMENT:

GUILTY        NOT GUILTY

_____     _____

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for unreimbursed employee expenses on the tax return for tax year 2010 for Sonia Ortega, on or about February 18, 2011

AS TO COUNT 33 OF THE INDICTMENT:

GUILTY        NOT GUILTY

_____     _____

Aiding or Assisting in the Preparation or Presentation of a False or Fraudulent Income Tax Return, in violation of Title 26, United States Code, Section 7206(2), with respect to deductions for medical and dental expenses, gifts to charity by cash or check, or unreimbursed employee expenses on the tax return for tax year 2010 for Juan Luis Chavez, on or about February 18, 2011

8

1    AS TO COUNT 36 OF THE INDICTMENT:

2    <u>GUILTY</u>        <u>NOT GUILTY</u>

3                                    Aiding or Assisting in the Preparation or Presentation of a

4                                    False or Fraudulent Income Tax Return, in violation of Title 26,

5                                    United States Code, Section 7206(2), with respect to deductions for

6                                    medical and dental expenses, gifts to charity by cash or check, or

7                                    unreimbursed employee expenses on the tax return for tax year 2010 for Jose

8    _____   _____       Sosa, on or about March 7, 2011

9

10

11

12

13

14

15    DATED                                   FOREPERSON

16

17

18

19

20

21

22

23

24

25

26

27

28