UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>EMILIO LARA,<br><br>    Defendant. | No. 2:15-cr-39-GEB<br><br>**AMENDED ORDER DENYING MOTION FOR MISTRIAL AND FOR ADDITIONAL JURY INSTRUCTIONS** |

        Defendant Emilio Lara ("Defendant") filed a motion for mistrial at 2:10 a.m. on April 6, 2018, which he noticed for hearing at 9:00 a.m. on April 6, 2018. Mot. Mistrial at 3:7–10, ECF No. 128. The judge's criminal calendar commenced at 9:00 a.m. on April 6, 2018, and did not end until around noon. The United States ("government") responded to the motion at 12:45 p.m. on April 6, 2018. ECF No. 131.

        Defendant argues that a mistrial is necessary because the government, during rebuttal argument, "[c]ompar[ed] considerations of motive to the sort of 'speculation' that cannot support reasonable doubt [and suggested that] Mr. Lara's defense that he was unlikely to have acted willfully because he had no motive to do so was legally impermissible," id. at 3:13-19, and because "[d]uring closing arguments from the defense, the Court interrupted to instruct the jury that if [the jury] wished to

1

review a [foreign language] video in evidence, it could make its request to the Court, which [the judge] would then consider . . . and determine whether access to the video would be provided," id. at 5:17–21. Defendant requests in the alternative several curative instructions be given the jury, but argues these "will not entirely cure the harm that has already been done to the jury's deliberations, and for that reason, a mistrial is the only appropriate course of action." Id. at 6:18–19.

Defendant requests that, in light of the first alleged error, the "Court provide [Defendant's] earlier requested instruction in regards to motive and good faith, as it relays the defense theory pertaining to a lack of motive and provides correct legal instruction to the jury regarding the manner in which it may consider motive." Id. at 5:1-5. This instruction was rejected with ample reason in ECF No. 126 (citing United States v. Hickey, 580 F.3d 922, 931 (9th Cir. 2009) ("[O]ur case law is well settled that a criminal defendant has no right to any good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged . . . .")). Defendant also requests, in addition, the jury be instructed:

> The government is not required to prove that the defendant had a motive to commit the crimes charged. In reaching your verdict you may, however, consider whether the defendant had a motive.
>
> Having a motive may be a factor tending to show that the defendant is guilty. Not having a motive may be a factor tending to show the defendant is not guilty.

Mot. Mistrial at 5:9-13.

2

| | |
|---|---|
| 1 | Defendant requests, in light of the second alleged |
| 2 | error, "a curative instruction from the Court informing the jury |
| 3 | that both the video and the transcript may be considered in |
| 4 | conjunction, and that the transcript's weight only lies in the |
| 5 | aid it provides the jury in interpreting the audio of the video |
| 6 | exhibit." Id. at 6:14-17. |
| 7 | The government opposes the motion. ECF No. 131. It |
| 8 | argues, as to the first alleged error: |

> By making these comments about speculation, the government was not seeking to preclude the jury from considering the absence of motive. Rather, government counsel was explaining that the jury should avoid speculating about what the specific motive was, since the government had introduced no evidence about it and identifying the motive is unnecessary to the jury's ultimate finding. Defense counsel is asking the Court to construe the government's statements in the worst possible light, but "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations."

Opp'n at 2:20-28 (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 646-47 (1974)). The government further argues in a footnote:

> Even if government counsel had made a misstatement, it would be harmless because after defense counsel objected, the Court reminded the jury that the Court would be responsible for instructing the jury on the law. After closing arguments, the Court correctly instructed the jury on the law, including the elements that the government is required to prove and the evidence that the jury may consider. No additional instruction is necessary. Furthermore, it would be inappropriate for the Court to give the recommended defense instruction at this time,

3

|   |   |
|---|---|
| 1 | because it would have the Court affirmatively suggest that the jury should consider motive in evaluating the defendant's guilt. Such a directive from the Court would impinge on the jury's role. |
| 2 | |
| 3 | |

Id. at 3 n. 1.

As to the second alleged error, the government argues:

> The Ninth Circuit has held that it is structural error to send recordings back to the jury room if they were not played in their entirety during the trial. United States v. Noushfar, 78 F.3d 1442, 1444-46 (9th Cir. 1996). In this case, the jury heard only clips of the undercover video during the trial, and therefore it would be structural error to send the undercover video to the jury room.
>
> Even if the entire undercover video had been played during the trial, there would be no requirement that the Court send it back to the jury room. Whether to send back to the jury room a video that has been admitted into evidence and played in its entirety during trial is a matter for the Court's discretion. United States v. Chadwell, 798 F.3d 910, 914-16 (9th Cir. 2015). . . .
>
> . . . No further instruction to the jury on this point is necessary, because the Court already told the jury that if it wanted to watch the undercover video, it would need to send a request to the Court. Indeed, further instruction about how to request the video would be inappropriate, because making suggestions about what evidence the jury ought to be considering would constitute undue interference in the jury's deliberations.

Id. at 4:20-24.

"[T]he power [to declare a mistrial] ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." Blueford v. Arkansas, 566 U.S. 599, 618 (2012) (quoting United States v. Perez, 22 U.S. (Wheat. 9) 579, 580, 6 L. Ed. 165 (1824)). "The trial court is in the

4

best position to determine whether an incident merits a mistrial," and the decision is left to the trial court's discretion. United States v. Lemus, 847 F.3d 1016, 1025 (9th Cir. 2016) (citing United States v. Gardner, 611 F.2d 770, 777 (9th Cir. 1980)).

Defendant has not shown that the judge's comment during his attorney's closing argument is a basis for granting his motion. As the government argues, since portions of the video recording were not shown to the jury in open court, it would be error to send the full video to the deliberation room. Defendant argued during closing argument that the jury had the right to view the video, and indicated this would occur out of the presence of the parties. The judge contradicted that argument stating the judge has discretion concerning the judicial response to a jury request to see the video during jury deliberation.

Further, the portion of transcript of the prosecutor's closing argument, ECF No. 132, concerning what Defendant contends is a basis for his motion, does not support granting the motion. Each party made closing arguments concerning the evidence and the applicable reasonable doubt standard. Defendant pointed to the absence of motive, as part of his argument under that standard. The United States rejoined arguing the jury "may not rest a reasonable doubt on speculation." Id. at 2:19-20. Part of the reasonable doubt instruction given to the jury states "reasonable doubt is . . . not based purely on speculation." The prosecutor's argument contended by Defendant to justify granting his motion follows: The prosecutor suggested that Defendant's attorney's motive argument was premised on speculation, arguing:

5

"If you want to speculate about motive, you can save that for when you're home after deliberation or any other time, but that's not an issue in this case." Id. at 2:18-25, 3:1-6.  Defendant has not shown this portion of the government's closing argument must be construed as he does, and the record does not require inferring that the prosecutor intended this argument to have the damaging interpretation ascribed by Defendant. The prosecutor later mentioned during closing argument jury instruction 8 which concerns how a juror decide facts in the case, and argues this instruction "tells you what you're allowed to consider" when considering "the credibility of witnesses." ECF No. 132, 6:2-15. The last factor in instruction 8 states the jury may take into account "any other factor that bears on believability." It appears evident that motive or lack thereof could bear on believability.

For the stated reasons, Defendant's motion for a mistrial is denied, and the jury will not be further instructed as Defendant requests.

Dated: April 9, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge