McGREGOR W. SCOTT
United States Attorney
MATTHEW G. MORRIS
MIRIAM R. HINMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-39-GEB |
|---|---|
| Plaintiff, | STATEMENT OF NON-OPPOSITION TO MOTION FOR WITHDRAWAL AS COUNSEL OF RECORD |
| v. | |
| EMILIO LARA, | DATE: June 29, 2018<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |
| Defendant. | |

    Defense counsel has moved to withdraw as counsel of record for Mr. Lara. ECF No. 148. Because a defendant has no right to representation by an attorney he cannot afford, the government does not oppose defense counsel's withdrawal. Mr. Lara has a right to a fair opportunity to retain new counsel of his choice, but he cannot insist on an indefinite series of continuances for that purpose.

    Current defense counsel, David Cohen of Bay Area Criminal Lawyers (BACL), has informed the Court that "Mr. Lara has been unable to fund the legal services of BACL required for his retrial." ECF No. 148 at 5. In addition, defense counsel states that "Mr. Lara does not currently qualify for the appointment of the Federal Defender." *Id.* The government has independently confirmed with the Federal Defender that Mr. Lara does not qualify for appointed counsel.

    "[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin v. Drysdale, Chartered v. United States,* 491 U.S. 617, 624–

25 (1989). "[A] defendant may not insist on representation by an attorney he cannot afford." *Id.* (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988)); *Miller v. Blacketter*, 525 F.3d 890, 895 (9th Cir. 2008). Thus, the Ninth Circuit has indicated that if a defendant can no longer pay his retained lawyer and qualifies for appointed counsel, a court might choose to appoint the previously retained lawyer to save the court money, but the defendant has no right to such an appointment. *See United States v. Brown*, 785 F.3d 1337, 1345 n.3 (9th Cir. 2015). Here, Mr. Lara apparently has insufficient funds to retain BACL for a second trial, and he does not qualify for appointed counsel. Therefore, he has no right to continued representation by BACL, and there is no basis for the Court to appoint BACL. Rather, the Court should permit BACL to withdraw as Mr. Lara's counsel.

If Mr. Lara does not appear with new counsel on June 29, 2018, the Court should afford him a "fair opportunity" to secure new counsel of his choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (quoting *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). Since April 26, 2018, when Mr. Lara first informed the Court that he was considering whether to continue retaining David Cohen of BACL or to retain new counsel, Mr. Lara has already had eight weeks to choose his counsel. *See* Stip. to Continue, ECF No. 143. Mr. Lara needs to understand that "the Sixth Amendment guarantees to a defendant with financial means only 'a *fair opportunity* to secure counsel of his own choice' – not an indefinite series of continuances during which to conduct a leisurely search for counsel on his own schedule." *United States v. Owen*, 407 F.3d 222, 225 (4th Cir. 2005) (quoting *Sampley v. Att'y Gen.*, 786 F.2d 610, 612 (4th Cir. 1986)). According to the Ninth Circuit, "the right to choose one's own attorney is not unlimited and [] if the attempted exercise of a choice is deemed dilatory or otherwise subversive of orderly criminal process, the trial court may compel a defendant to proceed with designated counsel." *United States v. Shuey*, 541 F.2d 845, 847 (9th Cir. 1976). The Fourth Circuit has even concluded that a defendant who can afford counsel "impliedly waives his right to counsel by not procuring such from his own resources in a timely fashion." *Owen*, 407 F.3d at 225.

In sum, the government does not oppose the motion by David Cohen and BACL to withdraw as counsel for Mr. Lara. The government requests that the Court direct Mr. Lara to retain new counsel in a timely fashion, if he has not already done so.

NON-OPPOSITION TO MOTION FOR WITHDRAWAL AS COUNSEL OF RECORD

2

Dated: June 21, 2018            McGREGOR W. SCOTT
United States Attorney

By: /s/ MIRIAM R. HINMAN
MIRIAM R. HINMAN
MATTHEW G. MORRIS
Assistant United States Attorneys