UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EMILIO LARA,<br><br>　　　　Defendant. | No. 2:15-cr-39-GEB<br><br>**TENTATIVE RULING ON DEFENDANT'S MOTION TO WITHDRAW AS COUNSEL OF RECORD** |

　　　　Defendant Emilio Lara's counsel, Bay Area Criminal Lawyers, PC, moves to withdraw from representation in this matter because "Mr. Lara has been unable to fund the legal services of BACL required for his retrial." Mot. for Leave of Ct. to Withdraw as Counsel of Record ("Mot.") 5:6-7, ECF No. 148.

　　　　An Eastern District Local Rule sets forth the procedure to be followed here:

> **Withdrawal**. Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. . . . Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted

1

subject to such appropriate conditions as the Court deems fit.

E.D.C.A. Local Rule 182(d). This procedure applies to criminal cases under Local Rule 400(a).

The withdrawal motion does not detail the nature or extent of Mr. Lara's attempts to find substitute counsel other than stating that Mr. Lara does not qualify for appointment of the Federal Defender. Mot. 5:3-5. Therefore, it is unclear what else, if anything, has been done to find another lawyer.

Further, it is unclear what, if any, responsibility Mr. Lara's present counsel has in this situation to help Mr. Lara find new counsel, when it is clear that Mr. Lara will be unrepresented by counsel if the motion in granted. Consequently, the undersigned judge contacted a person in the Federal Defender's Office in this district, involved with the administration of the Criminal Justice Act ("CJA") panel attorneys, to ask whether that office was willing to "provide . . . the names of CJA attorneys experienced enough to represent Mr. Lara in this fraudulent tax return case." The undersigned judge received an email reply stating that office doesn't "have any panel attorneys particularly focused on handling complex tax fraud cases," but nonetheless it provided the following "short list of attorneys who can generally handle any complex fraud case:"

- John Balazs
- Tasha Chalfant
- Michael Chastaine
- Chris Cosca

2

1. - Hayes Gable
2. - Michael Hansen

The undersigned judge does not provide this list as an endorsement of any attorney appearing on it. Rather, the undersigned judge endeavors only to provide an additional resource in the event Mr. Lara is having difficulty finding an attorney.

As the Government argues, "the Sixth Amendment guarantees to a defendant with financial means only 'a fair opportunity to secure counsel of his own choice' – not an indefinite series of continuances during which to conduct a leisurely search for counsel on his own schedule." Non-Opposition 2:15-18, ECF No. 150 (quoting United States v. Owen, 407 F.3d 222, 225 (4th Cir. 2005)). Mr. Lara has had eight weeks to resolve the issue of counsel, and he needs to find counsel forthwith, if he has not already found new counsel. Id. at 2:14.

However, defense counsel provides only citation to a civil case supporting withdrawal in the absence of substitute counsel. Mot. 4:3-12 (citing Stewart v. Boeing Co., 2013 WL 3168269 at * 1 (C.D. Cal. Jun. 19, 2013)). In California, an attorney may "not withdraw from employment until [he or she] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel . . . and complying with applicable laws and rules." Rule 3-700(A)(2), Rules of Professional Conduct of the State Bar of California. Here, to avoid prejudicing Mr. Lara by leaving him without counsel leading up to his criminal trial, current counsel should

assist Mr. Lara in procuring substitute counsel if they are unable to negotiate a mutually agreeable contract to represent Mr. Lara on retrial.

The motion to withdraw is tentatively denied. Mr. Lara is directed to retain new counsel in a timely fashion, and current counsel is directed to assist Mr. Lara — to the extent practicable — in retaining new counsel.

Dated: June 22, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge

4