McGREGOR W. SCOTT
United States Attorney
MIRIAM R. HINMAN
MICHAEL D. ANDERSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-00039-MCE |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE TRIAL AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT; ORDER |
| v. | |
| EMILIO LARA, | |
| Defendant. | |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a jury trial on March 30, 2020, and time was excluded through that date.

2. By this stipulation, defendant now moves to continue the jury trial to November 30, 2020, and exclude time between March 30, 2020, and November 30, 2020, under Local Code T4. The defendant further requests that a Trial Confirmation Hearing be set for 10 a.m. on October 15, 2020.

3. The parties agree and stipulate, and request that the Court find the following:

a) The parties were originally set for trial on September 10, 2019, and confirmed that trial at a Trial Confirmation Hearing on July 29, 2019.

b) Defense counsel subsequently requested a continuance of the trial date to March

30, 2020, because counsel's review of the government's motions in limine led them to decide that they needed to review a substantial quantity of computer evidence that they had not previously reviewed.

c) The government produced an additional DVD of discovery on September 6, 2019, approximately 30 additional pages on September 11, 2019, and approximately 80 additional pages on October 11, 2019.

d) Counsel for defendant requires additional time to prepare for trial because they need additional time to review the computer evidence and the additional discovery and to discuss trial strategy with the client after reviewing those materials.

e) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f) The government does not object to the continuance.

g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 30, 2020, to November 30, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 22, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ MIRIAM R. HINMAN
MIRIAM R. HINMAN
MICHAEL D. ANDERSON

Assistant United States Attorneys

Dated:  January 22, 2020

/s/ DAVID DRATMAN
DAVID DRATMAN
DAVID FISCHER
Counsel for Defendant
Emilio Lara

**ORDER**

IT IS SO ORDERED.

DATED:  January 24, 2020

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE