DAVID D. FISCHER, SBN 224900
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone: (916) 447-8600
Facsimile: (916) 930-6482
Email: david.fischer@fischerlawoffice.com

DAVID W. DRATMAN
Attorney at Law
State Bar No. 78764
601 University Avenue, Suite 145
Sacramento, CA 95825
Telephone: (916) 443-2000
Facsimile: (916) 443-0989
Email: dwdratman@aol.com

Attorneys for Defendant
EMILIO LARA

# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>EMILIO LARA,<br><br>　　　Defendant. | CR.S. No. 2:15-CR-00039 DAD<br><br>**MOTION TO CONTINUE THE SENTENCING HEARING IN THIS CASE** |

## I. INTRODUCTION

A sentencing hearing is scheduled in this case for June 13, 2023. On April 27, 2023, the United States Sentencing Commission submitted Amendments to the Sentencing Guidelines to Congress. Unless changed by Congress, the effective date of the amendments is November 1, 2023. Changes to the Chapter 4 of the Guidelines relating to offenders with zero criminal history

points (referred to in the amendment as "Zero Point Offenders") will cause the adjusted offense level in this case to be further **reduced by two levels, which will place Mr. Lara in Zone B**. Further changes to Chapter 5 of the Guidelines will also recommend that a sentence of other than imprisonment is appropriate in this case.

The parties met and conferred about these issues. The government is opposed to proceeding in June 2023 with an agreement that the Proposed Guidelines scheduled to take effect in November 2023 should apply in June 2023. The government also opposes a motion to continue the sentencing hearing until after November 1, 2023.

## II.   STATEMENT OF FACTS

### *Brief History of the Case*

The government indicted Mr. Lara on February 19, 2015 (ECF Docket No. 1). The first trial in this case began on March 27, 2018 (ECF Docket No. 110). The jury returned not guilty verdicts on counts 8 and 32, and the Court declared a mistrial on Counts 1-4, 6, 1, 12, 14, 15, 17, 19, 21, 22, 23, 25, 27, 29, 31, 33, and 36 (ECF Docket No. 136). On June 15, 2018, defense counsel filed a motion to withdraw (ECF Docket No. 148), and the undersigned counsel became the attorneys of record on September 14, 2018 (ECF Docket No. 159). A second trial was scheduled, and rescheduled, due to the need to prepare, then the reassignment of the case from Judge Burrell to Judge England, then because of the pandemic, then because of the reassignment of the case from Judge England to Judge Mueller, and then because of the reassignment of this case from Judge Mueller to this Court (ECF Docket Nos. 175, 183, 194, 197, 201, 204, 207, 213, 215, 216, 221, 222, 226).

On September 20, 2022, the defendant entered a change of plea pursuant to a written plea agreement (ECF Docket No. 228, 220, 230). Requests to continue sentencing were granted on January 5, 2023, and on April 6, 2023. (ECF Docket No. 232, and 234).

### *Changes to the Guidelines*

On April 27, 2023, the United States Sentencing Commission submitted amendments to the guidelines that are scheduled to take effect on November 1, 2023. The portions relevant to Mr. Lara are changes to Chapter 4 and Chapter 5.

The Amendments to the Guidelines add §4C1.1 to Chapter 4. This section is entitled "Adjustment for Certain Zero-Point Offenders". For eligible Zero-Point Offenders, the Guidelines call for a two-level decrease. Mr. Lara is a "Zero Point Offender." Effective November 1, 2023, absent Congress taking action, amendments to the USSG will go into effect that change the calculation of Mr. Lara's Criminal History and would result in a decrease of two levels in his guideline calculations.[1] By virtue of his being a "Zero Point Offender and meeting all of the criteria set forth below, under Chapter 4 of the USSG, Mr. Lara would qualify for a two level decrease of his offense level:

**PART C — ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS**

**§4C1.1. Adjustment for Certain Zero-Point Offenders**

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

---

[1] The Reader Friendly version of the Amendments to the USSG are available on line at: https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023. The specific numbered pages in this letter follow each reference.

> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

(Pages 87-88).

As applied to Mr. Lara, his offense level would then be 10 and Mr. Lara would be in Zone B of the sentencing table. In addition to the previous Amendment, the Sentencing Commission has submitted an amendment to USSG §5C1.1, adding Application Note 10 implementing *28 U.S.C. § 994(j)*, which provides:

> 10. **Zero-Point Offenders.**—
>
> (A) **Zero-Point Offenders in Zones A and B of the Sentencing Table.**—If the defendant received an adjustment under §4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable guideline range is in Zone A or B of the Sentencing Table, a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3), is generally appropriate. *See* 28 U.S.C. § 994(j).

(Page 92).

As applied to Mr. Lara, this Amendment would further justify a sentence other than a sentence of imprisonment, as well as making Mr. Lara eligible for probation. These amendments would affect the Sentencing Options set forth in Part D, paragraphs 58, 61 and 62 of the PSR.

### III.   STATEMENT OF LAW

Federal Rule of Criminal Procedure 32(b)(1) provides that the court must impose sentence without unnecessary delay. Rule 32(b)(2) provides that the court may, for good cause, change the time limits prescribed in this rule.

In *U.S. v. Flowers*, 983 F.Supp. 159, 171-173 (E.D.N.Y. 1997), Judge Weinstein analyzed an earlier version of Rule 32 at length and continued a sentencing for one year to

allow the defendant time to demonstrate rehabilitation prior to sentencing, finding that Rule 32 allowed the one year adjournment.

Mr. Lara's request for a delay in sentencing to a date after November 1, 2023 is appropriate and consistent with this Court having all of the lawful means necessary to fashion an individualized sentence for Mr. Lara.

### III.  CONCLUSION

For all the above reasons, Mr. Lara respectfully requests the Court to continue the sentencing hearing to a date after November 1, 2023.

Respectfully submitted,

Dated:  May 23, 2023

/s/ David D. Fischer
DAVID D. FISCHER
DAVID W. DRATMAN
Attorneys for Defendant
EMILIO LARA